Ali Parvaneh, SBN 218320
aparvaneh@madisonlawapc.com
Susanna F. Wiseman, SBN 281234
swiseman@madisonlawapc.com
Jacob A. Pace, SBN 351963
jpace@madisonlawapc.com
**MADISON LAW, APC**
17702 Mitchell North
Irvine, California 92614
Tel: 949-756-9050
Fax: 949-756-9060

Attorneys for Plaintiff
Los Angeles Emergency Preparedness
Foundation dba Community Brigade

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES EMERGENCY PREPAREDNESS FOUNDATION dba COMMUNITY BRIGADE, a California nonprofit corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>MIKKE PIERSON, an individual; JASON DAX MILLER aka DAX MILLER, an individual; DANA WOLF PHILLIPS, an individual; KEEGAN GIBBS, an individual; TYLER HAUPTMAN, an individual; COMMUNITY BRIGADE, a California nonprofit corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No.:<br>Assigned to:<br><br>**COMPLAINT FOR:**<br>**(1) TRADEMARK INFRINGEMENT – VIOLATION OF 15 U.S.C. § 1114**<br>**(2) FALSE DESIGNATION OF ORIGIN/ADVERTISING – VIOLATION OF 15 U.S.C. 1125(a)**<br>**(3) COMMON LAW TRADEMARK INFRINGEMENT**<br>**(4) COMPUTER CRIMES [*CAL. PENAL CODE* § 502]**<br>**(5) CONVERSION**<br>**(6) CIVIL THEFT [*CAL. PENAL CODE* § 496]**<br>**(7) BREACH OF CONTRACT**<br>**(8) VIOLATION OF *CAL. BUS. & PROF. CODE* §§ 17200, ET SEQ.**<br>**(9) DECLARATORY RELIEF** |

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 - Fax (949) 756-9060

COMES NOW Plaintiff Los Angeles Emergency Preparedness Foundation dba Community Brigade ("Plaintiff" or "LAEPF") in its complaint against Mikke Pierson ("Defendant Pierson"); Jason Dax Miller aka Dax Miller ("Defendant Miller"); Dana Wolf Phillips ("Defendant Phillips"); Keegan Gibbs ("Defendant Gibbs"); Tyler Hauptman ("Defendant Hauptman"); Community Brigade ("Imposter Entity"); and DOES 1 through 50, inclusive (collectively, "Defendants"), and alleges as follows:

## I.      NATURE OF THE CASE

1.      Plaintiff is a charitable organization that created a program, known as the LAEPF "Community Brigade".  The Community Brigade is an all-hazards volunteer response program that supports the Los Angeles County Fire Department's pilot communities, with a primary emphasis on wildfire preparedness, prevention, and community resilience.  LAEPF obtained trademarks and a 'dba' for the Community Brigade name, obtained approval from the County for its operations as part of a 'Community Brigade Pilot Program', solicited and received significant donations from members of the community, assisted during major fire events (as featured in various media reporting), and LAEPF has at all times operated in full compliance with the law as a registered non-profit for the benefit of the public.

2.      The individual defendants volunteered for and were involved in the LAEPF Community Brigade program.  Written volunteer agreements were signed by several of the individual defendants, including Defendants Gibbs, Pierson, and Hauptman.  These agreements clearly specified that the individuals were volunteering for the "Community Brigade Program with the Los Angeles Emergency Preparedness Foundation, in partnership with the Fire Department".  The individual defendants' volunteer and other relationships with LAEPF provided the individual defendants significant access to LAEPF's accounts and operations.

3.      Any access obtained by individual defendants to LAEPF's systems, accounts, materials, volunteers, and operational information occurred solely as a result of

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 • Fax (949) 756-9060

their participation in the LAEPF Community Brigade program and the trust placed in them by LAEPF.  The individual defendants were granted such access only for the purpose of supporting LAEPF's charitable program and not for any independent or personal use.

4.    Defendants have engaged in 'charity fraud' and are engaged in an ongoing attempt to claim for their own interests the property and operations of LAEPF.  On September 2, 2025, Defendants registered an imposter entity utilizing a name identical to LAEPF's trademarked name and registered dba "Community Brigade."

5.    Defendants have cancelled or changed permissions to block LAEPF from access to various computer systems and services, including relating to LAEPF's Community Brigade website, software programs such as 'Spectora', and otherwise. Digital files belonging to LAEPF, including templates and login information are presently in Defendants' control and have not been released or provided to LAEPF's control.

6.    Defendants have falsely represented to media and to other third parties that the Imposter Entity is *the* 'Community Brigade'.  These representations include Defendants taking credit for actions that were performed by LAEPF under the name Community Brigade, including actions that occurred prior to the Imposter Entity's creation in late 2025.  It is unambiguous and not subject to dispute that Defendants are attempting to convince Californians that the Imposter Entity is the same organization as LAEPF's Community Brigade.

7.    Defendants have solicited and received donations under the name 'Community Brigade'.  In addition to falsely representing themselves to be the LAEPF Community Brigade, Defendants have opened a bank account at the same banking institution as LAEPF under the name "Community Brigade" to maximize the confusion of the public and to obtain donations in the Community Brigade name.

8.    Defendants have demanded that Plaintiff turn over all the assets in LAEPF's control that are associated with LAEPF's Community Brigade program.

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 - Fax (949) 756-9060

9.     Defendants have indicated an intention to personally carry out functions and activities that are and were being performed by LAEPF.  The LAEPF Community Brigade entered into a Memorandum of Agreement with the Consolidated Fire Protection District of Los Angeles County.  No such agreement exists with Defendants.  Such agreement was not easy to obtain and LAEPF's ability to fully perform its functions in concert with Los Angeles County requires LAEPF to maintain certain standards and comply with the terms of that agreement.  Improper or unpermitted conduct by Defendants, performed in the name of "Community Brigade' and falsely represented to be the same Community Brigade as under LAEPF, endangers the public confidence in LAEPF and LAEPF's programs (including the 'Community Brigade'), erodes financial support and volunteer hours provided for LAEPF's community service mission, endangers the continued cooperation of the agencies of Los Angeles County, and – most significantly – may result in Defendants impeding the actions of government emergency personnel or harm being caused to the citizens of Los Angeles County.

10.     Plaintiff brings this action in order to prevent Defendants from:

  a.  stealing LAEPF's name and logo;

  b.  stealing donations and services being contributed by well-meaning citizens, as well as money and physical assets;

  c.  stealing and misusing LAEPF's digital property, computer systems, and accounts;

  d.  irreparably damaging the public trust and the willingness of official agencies to collaborate with LAEPF;

  e.  disrupting a multiple years-long program to protect the safety and wellbeing of the citizens of Los Angeles.

## II.   JURISDICTION AND VENUE

11.     Jurisdiction is proper because Plaintiff brings this Complaint for Trademark Infringement under the Lanham Act, §§ 1051, *et seq*. *See* 15 U.S.C. § 1121(a).  This

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 - Fax (949) 756-9060

Court has supplemental jurisdiction over the claims alleged under state law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from the same operative facts and circumstances.

12.     Pursuant to 28 U.S.C. § 1391(b), venue is proper in this Court because the acts and omissions that which gave rise to this lawsuit occurred in Los Angeles, California (Central District of California, Western Division).

### III.   PARTIES

13.     Plaintiff LAEPF is a California nonprofit corporation operating in the State of California, County of Los Angeles.

14.     Plaintiff is informed, believes, and based thereon alleges that Defendant Pierson is an individual residing in the State of California, County of Los Angeles.

15.     Plaintiff is informed, believes, and based thereon alleges that Defendant Miller is an individual residing in the State of California, County of Los Angeles.

16.     Plaintiff is informed, believes, and based thereon alleges that Defendant Phillips is an individual residing in the State of California, County of Los Angeles.

17.     Plaintiff is informed, believes, and based thereon alleges that Defendant Gibbs is an individual residing in the State of California, County of Ventura.

18.     Plaintiff is informed, believes, and based thereon alleges that Defendant Hauptman is an individual residing in the State of California, County of Los Angeles.

19.     Plaintiff is informed, believes, and based thereon alleges that the Imposter Entity is a recently incorporated California corporation, that was incorporated on September 2, 2025, and has recently received a non-profit designation, which is doing business in the State of California, County of Los Angeles (entity no. B20250281731).

### IV.   LAEPF AND THE COMMUNITY BRIGADE

20.     LAEPF is a public service entity, which concentrates on preparedness and

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 - Fax (949) 756-9060

response for disasters such as wildfires, floods, and earthquakes, offering volunteer services to assist the local governmental agencies in providing relief to the public.

21.    LAEPF was founded more than 18 years ago to bridge the gap between government emergency response capacity and organized private-sector and community support.  Since 2008, LAEPF has been a tax-exempt nonprofit corporation under section 501(c)(3) of the Internal Revenue Code.

22.    From its inception, LAEPF's mission has been to create partnerships, provide resources, share knowledge, design and implement programs to enhance community resilience and effectively support official disaster response efforts.

23.    LAEPF was established to ensure that community support enhances rather than interferes with professional emergency operations.

24.    Over the course of many years, LAEPF developed trusted working relationships with the Los Angeles County Fire Department ("LACoFD") and other government agencies.

25.    These relationships were built through operational coordination, compliance with agency requirements, and consistent adherence to safety protocols.

26.    The authority of LAEPF's programs derives from these long-standing and formally recognized partnerships.

27.    The ability of LAEPF to assess community needs and develop revolutionary programs with high-value community benefit requires a level of expertise and persistence that is rare.

28.    The LAEPF board operates on a pro bono basis without expectation of compensation for their participation on the board. Programs created by LAEPF are purposefully designed to be innovative, collaborative, sustainable, measurable and repeatable.

29.    LAEPF has supported community response efforts during major incidents, including the 2015 San Bernardino terrorist attack and the May 2018 Aliso Viejo bombing in coordination with the FBI, as well as significant wildfire responses such as

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 • Fax (949) 756-9060

the 2017 Creek Fire, the 2017 Skirball Fire, and the 2018 Woolsey Fire.

30.     These incidents demonstrated both the need for organized civilian support and the risks posed by uncoordinated or unauthorized volunteer activity in active disaster zones.

31.     In May of 2021, LAEPF formally established the Community Brigade as an official program of LAEPF.

32.     The Community Brigade exists exclusively as a program of LAEPF and has never operated as an independent entity.  The Community Brigade functions as a structured and governed program, not as an informal or independent volunteer group. The Community Brigade was developed, structured, governed, and operated solely by LAEPF.  The Community Brigade operates under LAEPF's governance, policies, and participation agreements with LACoFD.

33.     As early as June of 2021, LAEPF began using the "Community Brigade" mark and tradename with its volunteers and the LA County Fire Department.  LAEPF purchased the domains https://www.communitybrigade.org and https://www.communitybrigade.com, and began using the "Community Brigade" tradename and mark in commerce.

34.     LAEPF has held many press conferences using the name "Community Brigade," been televised using the same name numerous times, and been in discussions to expand the "Community Brigade" concept and name across several local jurisdictions. Numerous articles from publications like the Los Angeles Times, and smaller community publications, refer to and confirm "Community Brigade" as being owned by LAEPF.

35.     Members of the public, the Los Angeles County Fire Department, various volunteers, and the press have become used to the name Community Brigade and have come to know this name as being part of LAEPF.

36.     LAEPF was approved by the County Board of Supervisors on October 17, 2023, to enter into a Memorandum of Agreement with the LACoFD.  This agreement authorizes only LAEPF's Community Brigade to operate in coordination with the

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 • Fax (949) 756-9060

Department.  LAEPF's Community Brigade enjoys credibility and the permission to provide community services in disaster zones based on the agreements it holds with the relevant governmental agencies.

37.    As LAEPF's Community Brigade program has grown, LAEPF has expanded its formal association with the Community Brigade name.  LAEPF has held a fictitious business name registration for "Community Brigade" in Los Angeles County since March 7, 2025 (Document No. 2025047276).  On July 2, 2025, LAEPF filed an application with the United States Patent and Trademark Office ("USPTO") to register the "Community Brigade" mark.  As of January 20, 2026, LAEPF's owns the trademark, "Community Brigade," which is registered with the under the registration numbers 8112456, 8112457, and 8112458.  LAEPF also owns the "L.A. County Fire Dept. Community Brigade" logo, which is pending registration with the USPTO under the serial numbers 99558495, 99558500, and 99558505.

38.    To the extent any individual defendant participated in the development, refinement, documentation, or implementation of materials associated with the Community Brigade name, logo, or branding, any such work was performed solely in connection with services provided to LAEPF and for the benefit of LAEPF's Community Brigade program.  Such materials constituted work product created for LAEPF, and no individual defendant acquired any ownership or proprietary interest in the Community Brigade name, logo, brand assets, or related materials by virtue of such participation.

39.    Participation in the Community Brigade requires volunteers to execute formal participation agreements and adhere to a defined code of conduct.

40.    Community Brigade volunteers are trained within approved operational frameworks designed to protect public safety and ensure coordination with official agencies.

41.    The integrity of LAEPF's Community Brigade structure is essential to maintaining operational safety in disaster response environments.  Unauthorized or uncoordinated use of the Community Brigade name risks creating confusion,

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 - Fax (949) 756-9060

1    undermining public trust, and jeopardizing established government partnerships.

2        42.    The success and growth of the Community Brigade program has been made

3    possible through the contributions of numerous volunteers and participants over time.

4    However, participation in, leadership within, or operational support of the Community

5    Brigade program does not confer ownership or proprietary rights in the program, its

6    name, its goodwill, or its associated assets.  At all relevant times, the Community Brigade

7    program of LAEPF operating under LAEPF's governance, authority, and legal structure.

8        43.    At no point have Defendants Pierson or Gibbs owned the Community

9    Brigade.  At no point have Defendants Pierson or Gibbs managed any aspect of the

10   Community Brigade separate and apart from certain leadership privileges specifically

11   conferred on them by LAEPF.

12       44.    At no point have Defendants Miller, Hauptman, or Phillips owned the

13   Community Brigade.  At no point have Defendants Miller, Hauptman, or Phillips

14   managed any aspect of the Community Brigade separate and apart from certain

15   leadership privileges specifically conferred on them by LAEPF.

16       45.    At no point has the Community Brigade program been a separate and

17   distinct entity from LAEPF.

18       46.    On or about September 2, 2025, those individuals (including Defendant

19   Pierson [CEO of Imposter Entity], Defendant Miller [CFO of Imposter Entity], and

20   Defendant Phillips [Secretary of Imposter Entity]) are believed to have incorporated an

21   entity called "Community Brigade" in California.

22       47.    Since at least late-2025, Defendants Pierson, Miller, Phillips, Hauptman, and

23   Gibbs have falsely and fraudulent represented to the general public that they have

24   assumed control of Community Brigade and have implied to third parties this was done

25   with the full approval of LAEPF and the Los Angeles County Fire Department.

26       48.    At no point has the Los Angeles County Fire Department issued any kind of

27   approval to, or entered into any kind of agreement with, the Defendants to operate the

28   Community Brigade separate and apart from the LAEPF's Community Brigade.

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 • Fax (949) 756-9060

49.     On February 5, 2026, the Imposter Entity filed a Fictious Business Name registration for the name "Community Brigade" with the Los Angeles County Registrar-Recorder/County Clerk ("LA County Clerk") (FBN filing no. 2026027353) although the Defendants knew that fictitious name had already been filed by LAEPF.

50.     An online search of the tradename "Community Brigade" LA County Clerk's FBN search website shows both LAEPF's lawful FBN registration on March 7, 2025 (Document No. 2025047276), and Imposter Entity's recent duplicate registration nearly a year later on February 5, 2026 (Document No. 2026027353).

51.     LAEPF is and has always been the sole owner of the "Community Brigade" tradename and trademarks.  LAEPF never authorized Defendants to incorporate a new entity under the "Community Brigade" tradename or take any action under the name "Community Brigade" without LAEPF's express approval.  Nor did LAEPF ever authorize Defendants to use its trademarked logo.

52.     Despite this, LAEPF is informed and believes that Defendants are actively soliciting donations intended for the LAEPF Community Brigade under Defendants' misrepresentation that the Imposter Entity and LAEPF's Community Brigade are one and the same.

53.     LAEPF received a document indicating that the Imposter Entity, and Defendants Pierson, Miller, and Phillips, established a bank account at LAEPF's bank to potentially divert donations from LAEPF.  LAEPF has no association with this bank account.  Defendant Phillips sent this document to LAEPF's executive administrator.  On the document's face, the Imposter Entity, and Defendants Pierson, Miller, and Phillips have copied and pasted LAEPF's Community Brigade logo while removing LA County Fire Department.

54.     LAEPF is informed, believes, and based thereon alleges that Defendants have made numerous demands to LAEPF's board members for LAEPF to "hand over" its assets and ownership of the Community Brigade.  However, LAEPF is the sole owner of its money and physical assets, including its equipment and vehicles.  LAEPF, not

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 - Fax (949) 756-9060

Defendants, have maintained and insured its assets—assets that were donated to LAEPF. Those assets include PPE, fire/disaster-relief equipment, and motor vehicles legally owned by LAEPF.

55.    To the extent that Defendants have been operating any rogue training programs or events under the Imposter Entity, those training programs have not been sanctioned by LAEPF or the LA County Fire Department.

## V.    CAUSES OF ACTION
## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT – VIOLATION OF 15 U.S.C. § 1114

(By Plaintiff against Imposter Entity, and DOES 1 through 50)

56.    Plaintiff incorporates all preceding paragraphs.

57.    LAEPF maintains registered trademarks in the Community Brigade name, and has pending applications in the Community Brigade logo.

58.    LAEPF's trademarks are summarized in the following table:

| Mark | Registration No. | Class |
|---|---|---|
| Community Brigade | 8112456 | CLASS 35: Administration of a program to promote community service; Charitable services, namely, organizing and conducting volunteer programs and community service projects; Charitable services, namely, organizing and conducting volunteer programs aimed at training members of the public in disaster preparedness, aiding disaster response services in the midst of disaster, and disaster recovery; Charitable services, namely, providing a free online resource in the nature of a website for connecting people who have service needs with people who are willing to provide volunteer services; Charitable services, namely, organizing youth groups to undertake charitable projects in the field of disaster response |
| Community Brigade | 8112457 | CLASS 41: Leadership development training in the field of disaster preparedness, augmenting the capabilities of disaster response services, and disaster recovery; Providing training for certification in the field of disaster preparedness, |

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 · Fax (949) 756-9060

| Mark | Serial No. | Class |
|---|---|---|
| | | assisting disaster response services, and disaster recovery; Charitable services, namely, providing training in the field of disaster preparedness, assisting disaster response services, and disaster recovery; Arranging and conducting of training workshops in the field of disaster preparedness, assisting disaster response services, and disaster recovery; Educational services, namely, providing training of volunteers for certification in the field of disaster preparedness, assisting disaster response services, and disaster recovery |
| Community Brigade | 8112458 | CLASS 45: Safety inspection services for commercial buildings; Safety inspection services for residential properties; Fire-fighting services |

| Mark | Serial No. | Class |
|---|---|---|
|  | 99558495 | CLASS 35: Administration of a program to promote community service; Charitable services, namely, organizing and conducting volunteer programs and community service projects; Charitable services, namely, organizing and conducting volunteer programs aimed at training members of the public in disaster preparedness, aiding disaster response services in the midst of disaster, and disaster recovery; Charitable services, namely, providing a free online resource in the nature of a website for connecting people who have service needs with people who are willing to provide volunteer services; Charitable services, namely, organizing youth groups to undertake charitable projects in the field of disaster response |
|  | 99558500 | CLASS 41: Leadership development training in the field of disaster preparedness, augmenting the capabilities of disaster response services, and disaster recovery; Providing training for certification in the field of disaster preparedness, assisting disaster response services, and disaster recovery; Charitable services, namely, providing training in the field of disaster preparedness, assisting disaster response services, and disaster recovery; Arranging and conducting of training workshops in the field of disaster preparedness, assisting disaster response services, and disaster recovery; Educational services, namely, providing training of volunteers for certification in the field of |

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 · Fax (949) 756-9060

| | | |
|---|---|---|
| | | disaster preparedness, assisting disaster response services, and disaster recovery |
|  | 99558505 | CLASS 45: Safety inspection services for commercial buildings; Safety inspection services for residential properties; Fire-fighting services |

59.    The LA County community, the public at large, LAEPF's Community Brigade volunteers, and the LA County Fire Department have associated the Community Brigade mark with LAEPF's Community Brigade.

60.    The Imposter Entity's use of the trademarked materials, listed above, are in an identical context and market to the use of the trademarked materials by Plaintiff LAEPF.  Indeed, Defendants have presented these materials in order to mimic as closely as possible the presentation of LAEPF's organization, and to maximize the potential for misattribution and confusion (which is Defendants' intent).

61.    As an example of the Defendants' misuse of the trademarked materials, Defendants presently maintain a website at "www.CommunityBrigade**s**.org".  The letter 's' in that URL is emphasized in order to make it more obvious the minor difference between Defendant'' recently created website and Plaintiff's website, "www.CommunityBrigade.org".  On that website, the overall style of the website is the same (including a top bar that tracks down with the content as the user scrolls).  The initial text on the website is literally identical between the two websites, using verbatim the same sentence: "We empower our community to prepare for, support during, and recover from wildfire and other disasters."  The Imposter Entity's website includes the text "Featured in the PBS 'Weathered' documentary about the recent LA fires" and includes a YouTube video of that documentary under that text.  The documentary in question was created before the Imposter Entity was even registered, and relates to work performed by LAEPF through LAEPF's Community Brigade.  The video and attribution clearly reflect the Defendants' efforts to falsely suggest to the public that the Imposter

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 • Fax (949) 756-9060

Entity is the Community Brigade being discussed in the video, though that is impossible as the Imposter Entity did not exist at that time.  Both websites use the identical 'fire' graphic behind the sign-up link, as the Defendants have simply copied and used LAEPF's own content and design to maximize confusion.  Also notable is that the Imposter Entity has chosen to head its website with a logo, in the same position as the LAEPF's Community Brigade website, with a logo that looks essentially identical.  That logo is clearly copy and pasted from LAEPF's Community Brigade logo.  Indeed, the filename of the Imposter Entity's logo is "Brigade+Round+no+County+copy", indicating that the logo is a copy that simply removed the language identifying the association with the LA County Fire Department.  The two logos, screenshotted from each entities website as of February 27, 2026 are included immediately below, side-by-side:

| LAEPF Community Brigade Logo | Imposter Entity Logo |
|---|---|
|  |  |

62.     The Imposter Entity, without consent or authorization from Plaintiff, have formed a corporation under the name "Community Brigade"; applied for tax exempt status; wrongfully filed a fictious business name registration with the Los Angeles County Registrar-Recorder/County Clerk; solicited donations and entered into (or attempted to enter into) agreements with third parties under the name "Community Brigade"; and represented to LAEPF's volunteers that the Imposter Entity owns the "Community Brigade" tradename.

63.     The Imposter Entity's use of the "Community Brigade" mark is likely to cause confusion, cause mistake, and deceive the public, the Community Brigade volunteers, and the government entities with whom LAEPF contracts.

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 - Fax (949) 756-9060

64.     LAEPF has continuously used its "Community Brigade" mark with the Los Angeles County community since at least October of 2023.  LAEPF has continuously used its mark with LAEPF volunteers and the LA County Fire Department since at least June of 2021.  LAEPF's use of its mark predates the Imposter Entity's use.

65.     Defendants have actual knowledge that LAEPF's use of LAEPF's "Community Brigade" mark predates their claimed use.

66.     Imposter Entity's unauthorized use of the "Community Brigade" mark in commerce is likely to deceive the LA County community, LAEPF's Community Brigade volunteers, and the LA County Fire Department as to the origin, source, sponsorship, or affiliation of LAEPF's services bearing the "Community Brigade" mark, and is likely to cause the LA County community, LAEPF's Community Brigade volunteers, and the LA County Fire Department, that LAEPF's services bearing the "Community Brigade" mark are authorized, endorsed, or sponsored by the Imposter Entity, or that the Imposter Entity is in some way affiliated with LAEPF.

67.     In addition, Imposter Entity's unauthorized use of the "Community Brigade" mark in commerce is likely to deceive the LA County community, LAEPF's Community Brigade volunteers, and the LA County Fire Department as to the receiving entity for donations to the Community Brigade.

68.     Additionally, Defendants' use of the Community Brigade name may give them access to disaster zones, and prohibited spaces, where LAEPF's Community Brigade members are allowed to perform.  Accordingly, Defendants' conduct is likely to cause serious injuries to members of the public who erroneously believe the Imposter Entity's acts committed by its agents or representatives are genuine Community Brigade acts.

69.     The Imposter Entity has infringed on LAEPF's "Community Brigade" mark with full knowledge of LAEPF's prior rights and with the willful intent to cause confusion on LAEPF's goodwill.

70.     The Imposter Entity's conduct, including the fact that it has falsified its

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 • Fax (949) 756-9060

identity to comport with LAEPF's genuine Community Brigade identity, has and will cause immediate and irreparable harm to LAEPF, including harm to its goodwill and reputation in the Los Angeles community at large.  The Imposter Entity's conduct will continue to confuse the LA County community, LAEPF's genuine Community Brigade volunteers, and the LA County Fire Department unless permanently enjoined by this Court.  LAEPF believes and based thereon alleges that at the next natural disaster site where genuine Community Brigade members are mixed with Defendants' fake Community Brigade members, the result will be havoc, confusion, and possibly misconduct.  LAEPF has no adequate remedy at law.

71.     As a direct and proximate result of the Imposter Entity's conduct, LAEPF has suffered and continues to suffer harm, including but not limited to diverted donations, loss of volunteers and monies paid to train those volunteers for LAEPF's benefit, reputational damage, and other monetary and nonmonetary damages in an amount to be determined at trial.

72.     LAEPF is entitled to an order permanently enjoining Imposter Entity and its agents from infringing on the "Community Brigade" mark, actual and enhanced damages, reasonable attorneys' fees and costs under the Lanham Act, and prejudgment interest.

## SECOND CAUSE OF ACTION
## FALSE DESIGNATION OF ORIGIN/ADVERTISING –
## VIOLATION OF 15 U.S.C. 1125(a)

(By Plaintiff against Imposter Entity, and DOES 1 through 50)

73.     Plaintiff incorporates all preceding paragraphs.

74.     "Community Brigade" is a federally registered trademark owned by LAEPF. Based on that registration, and its use of the Community Brigade name, LAEPF has been operating the genuine Community Brigade team to assist and resolve disasters in Southern California.

75.     LA County community, LAEPF's Community Brigade volunteers, and the

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 - Fax (949) 756-9060

LA County Fire Department have associated the "Community Brigade" mark with LAEPF's Community Brigade, thus creating the genuine Community Brigade.

76.     The Imposter Entity, without consent or authorization from LAEPF, have formed a corporation under the name "Community Brigade"; applied for tax exempt status; wrongfully filed a fictious business name registration with the Los Angeles County Registrar-Recorder/County Clerk; solicited donations and entered into (or attempted to enter into) agreements with third parties under the name "Community Brigade"; opened a bank account under the name "Community Brigade" at LAEPF's bank; and represented to LAEPF's volunteers that the Imposter Entity owns the "Community Brigade" tradename. Thus, Defendants have been operating a fake Community Brigade entity whose sole purpose is to usurp the genuine Community Brigade's name and reputation.

77.     The Imposter Entity's unauthorized use of the "Community Brigade" mark and its operation of the fake Community Brigade entity in commerce is likely to deceive the LA County community, LAEPF's Community Brigade volunteers, and the LA County Fire Department as to the origin, source, sponsorship, or affiliation of LAEPF's services bearing the "Community Brigade" mark, and is likely to cause the LA County community, LAEPF's Community Brigade volunteers, and the LA County Fire Department, that LAEPF's services bearing the "Community Brigade" mark are authorized, endorsed, or sponsored by the Imposter Entity, or that the Imposter Entity is in some way affiliated with LAEPF.

78.     The Imposter Entity's unauthorized use in commerce of the "Community Brigade" mark constitutes false designation of origin and misleading description and representation of fact.

79.     The Imposter Entity's unauthorized use in commerce of the "Community Brigade" mark constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

80.     The Imposter Entity has infringed and continues to infringe on LAEPF's

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 - Fax (949) 756-9060

genuine "Community Brigade" mark with full knowledge of LAEPF's prior rights and with the willful intent to cause confusion on LAEPF's goodwill. Indeed, some Defendants were involved with LAEPF as early as 2021 and have personal knowledge that LAEPF has been using the Community Brigade name for nearly 5 years.

81.    The Imposter Entity's conduct has and will cause immediate and irreparable harm to LAEPF, including harm to its goodwill and reputation in the Los Angeles community at large. The Imposter Entity's conduct will continue to confuse the LA County community, LAEPF's Community Brigade volunteers, and the LA County Fire Department unless permanently enjoined by this Court. LAEPF has no adequate remedy at law.

82.    As a direct and proximate result of the Imposter Entity's conduct, LAEPF has suffered and continues to suffer harm, including but not limited to diverted donations, loss of volunteers and monies paid to train those volunteers for LAEPF's benefit, reputational damage, and other monetary and nonmonetary damages in an amount to be determined at trial.

83.    LAEPF is entitled to an order permanently enjoining Imposter Entity and its agents from infringing on the "Community Brigade" mark, actual and enhanced damages, reasonable attorneys' fees and costs under the Lanham Act, and prejudgment interest.

## THIRD CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT
(By Plaintiff against Imposter Entity, and DOES 1 through 50)

84.    Plaintiff incorporates all preceding paragraphs.

85.    "Community Brigade" is a federally registered trademark owned by LAEPF. LAEPF also owns the "L.A. County Fire Dept. Community Brigade" logo, which is pending registration with the USPTO.

86.    LA County community, LAEPF's Community Brigade volunteers, and the LA County Fire Department have associated the "Community Brigade" mark and "L.A.

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 • Fax (949) 756-9060

County Fire Dept. Community Brigade" logo with LAEPF's Community Brigade.

87.    The Imposter Entity, without consent or authorization from Plaintiff, have formed a corporation under the name "Community Brigade"; applied for tax exempt status; wrongfully filed a fictious business name registration with the Los Angeles County Registrar-Recorder/County Clerk; solicited donations and entered into (or attempted to enter into) agreements with third parties under the name "Community Brigade"; and represented to LAEPF's volunteers that the Imposter Entity owns the "Community Brigade" tradename.

88.    The Imposter Entity's unauthorized use of the "Community Brigade" mark and "L.A. County Fire Dept. Community Brigade" logo in commerce is likely to deceive the LA County community, LAEPF's Community Brigade volunteers, and the LA County Fire Department as to the origin, source, sponsorship, or affiliation of LAEPF's services bearing the "Community Brigade" mark and/or "L.A. County Fire Dept. Community Brigade" logo, and is likely to cause the LA County community, LAEPF's Community Brigade volunteers, and the LA County Fire Department, that LAEPF's services bearing the "Community Brigade" mark and/or "L.A. County Fire Dept. Community Brigade" logo are authorized, endorsed, or sponsored by the Imposter Entity, or that the Imposter Entity is in some way affiliated with LAEPF.

89.    The Imposter Entity's conduct as described above constitutes common law trademark infringement of LAEPF's "Community Brigade" mark and "L.A. County Fire Dept. Community Brigade" logo.

90.    The Imposter Entity's conduct has and will cause immediate and irreparable harm to LAEPF, including harm to its goodwill and reputation in the Los Angeles community at large.  The Imposter Entity's conduct will continue to confuse the LA County community, LAEPF's Community Brigade volunteers, and the LA County Fire Department unless permanently enjoined by this Court.  LAEPF has no adequate remedy at law.

91.    As a direct and proximate result of the Imposter Entity's conduct, LAEPF

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 - Fax (949) 756-9060

1   has suffered and continues to suffer harm, including but not limited to diverted donations,

2   loss of volunteers and monies paid to train those volunteers for LAEPF's benefit,

3   reputational damage, and other monetary and nonmonetary damages in an amount to be

4   determined at trial.

5

6   **FOURTH CAUSE OF ACTION**

7   **COMPUTER CRIMES [*Cal. Penal Code* § 502]**

8   (By Plaintiff against all Defendants)

9   92.    Plaintiff incorporates all preceding paragraphs.

10   93.    Defendants gained access to and managed accounts and computer services

11   for LAEPF.  Defendants Gibbs and Hauptman particularly were administrators on various

12   computer systems and had access to LAEPF's computer systems and the account

13   credentials for LAEPF's accounts.

14   94.    Defendants have accessed, copied data from, and in some instances *deleted*

15   *information or removed access and modified credentials*, for systems in use by LAEPF.

16   95.    Amongst the most recent examples, LAEPF pays for and utilizes the

17   Spectora software.  Defendant Hauptman utilized his access, gained through his work for

18   LAEPF, to cancel LAEPF's personnel's access to this software system and all materials

19   saved and prepared (at LAEPF's expense) which was maintained on that system.  LAEPF

20   has had to create a new account and has no access to the information, data, or history of

21   LAEPF's account.

22   96.    California has created an expansive statute to combat computer crimes. (*Cal.*

23   *Penal Code* § 502.)  This statute provides both criminal liability and provides a civil

24   private right of action for aggrieved parties.  A defendant is subject to liability under the

25   statute for "tampering, interference, damage, and unauthorized access to lawfully created

26   computer data and computer systems." (*Id.*)

27   97.    Plaintiff LAEPF alleges that Defendants conspired to, and did, access, copy,

28   modified, disrupted and interfered with Defendants' access to, computer data and

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 - Fax (949) 756-9060

1  systems.  LAEPF specifically alleges that Defendants have violated, and are liable for,

2  the conduct described in each of *Cal. Penal Code* § 502(c)(1), (2), (3), (4), (5), (6), (7),

3  and (13).

4      98.    Plaintiff seeks all remedies available under the Computer Crime statute.

5  Plaintiff specifically seeks:

6      a.    Compensatory damages for the value of the data and services

7            destroyed or lost to LAEPF (*Cal. Penal Code* § 502(e)(1));

8      b.    Costs of investigation and validation of data and files, constituting

9            "any expenditure reasonably and necessarily incurred by the owner or

10           lessee to verify that a computer system, computer network, computer

11           program, or data was or was not altered, damaged, or deleted by the

12           access (*Cal. Penal Code* § 502(e)(1));

13     c.    Injunctive relief, requiring the return of access to LAEPF of all

14           computer systems modified or accessed by Defendants, return of all

15           data obtained from these computer systems, deletion of Defendants'

16           copies of all data copied or obtained by Defendants from these

17           computer systems, and Defendants to cease utilizing these computer

18           systems and data (*Cal. Penal Code* § 502(e)(1));

19     d.    Attorney's fees (*Cal. Penal Code* § 502(e)(2));

20     e.    Punitive damages, in that Defendants have interfered with multiple

21           computer systems, on multiple occasions, and were actively involved

22           with the LAEPF Community Brigade, reflecting full knowledge of

23           LAEPF's ownership and right to access and control of the data and use

24           of the computer systems involved, with the destruction and removal of

25           access for LAEPF intended solely to impede LAEPF's charitable

26           works, and solely to benefit Defendants as they seek to convert the

27           donations, credibility, and assets of a long-time charitable organization

28           for their own self-aggrandizement and personal gain, reflecting that

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 • Fax (949) 756-9060

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 • Fax (949) 756-9060

1    Defendants actions are knowing, intentional and malicious (*Cal. Penal*

2    *Code* § 502(e)(4));

3    f.    Forfeiture of all computers and electronic equipment utilized by

4    Defendants in accessing or retaining LAEPF's data or computer

5    systems, as there can be no other guarantee that Defendants will not

6    unlawfully retain copies for their personal use and such forfeiture is

7    expressly permitted to ensure compliance (*Cal. Penal Code* § 502(g)

8    ["Any computer, computer system, computer network, or any software

9    or data, owned by the defendant, that is used during the commission of

10   any public offense described in subdivision (c) or any computer,

11   owned by the defendant, which is used as a repository for the storage

12   of software or data illegally obtained in violation of subdivision (c)

13   **shall** be subject to forfeiture, as specified in Section 502.01"]);

14   g.    Plaintiff further requests that as part of the injunctive relief requested,

15   the Court consider, as required, reasonable prohibitions on the use by

16   Defendants of computer systems, and particularly consider prohibiting

17   such use by Defendant Hauptman for a reasonable period of time,

18   pending Mr. Hauptman demonstrating an acknowledgment that digital

19   theft and illegal conduct remains theft and illegal conduct and the

20   remarkable departure from any standard of behavior from an individual

21   who was entrusted with access and maintenance of a charities systems

22   for his own personal use (*Cal. Penal Code* § 502(k)(1) ["The court

23   shall consider prohibitions on access to and use of computers"].)

24

25           **FIFTH CAUSE OF ACTION**

26                  **CONVERSION**

27           (By Plaintiff against all Defendants)

28   99.    Plaintiff incorporates all preceding paragraphs.

---

100.   Defendants are presently advertising and accepting donations under the name of Community Brigade, utilizing the website, name, logo, and history of LAEPF's Community Brigade.  Defendants have also attempted to interfere with and direct resources and donations *predating* the creation of their entity to be turned over to Defendants.

101.   Defendants sent a demand letter, demanding that all monies held by LAEPF for the Community Brigade program be turned over to Defendants, for their unfettered use.

102.   Plaintiff has been contacted by persons who have requested that their donation (made prior to the creation of the Community Brigade) be retroactively transferred to the Community Brigade, under the false belief intentionally created by Defendants that the Imposter Entity is the true Community Brigade.  In other words, after creating a fake doppleganger entity for the purposes of diverting donations, Defendants are now falsely representing to third parties that *Plaintiff* is the phony entity.

103.   The donations being made are by individuals and entities who are attempting to support the LAEPF Community Brigade, based on the government approval for that work and the history of good works by the LAEPF.  All donations diverted to Defendants based on LAEPF's history, name, and reputation, by individuals confused by Defendants impersonation of LAEPF, are monies that are being diverted from LAEPF by trick.  But for Defendants impersonation, such donations would be received by LAEPF and utilized as part of LAEPF public service mission.

104.   Defendants have also converted and utilized Plaintiff's access information and credentials for various computer systems, including using the Spectora software under Plaintiff's Spectora subscription, paid for by Plaintiff LAEPF.

105.   Defendants have taken possession of, and utilized, Plaintiff's physical equipment, including multiple vehicles which are owned by Plaintiff.

106.   Defendants have converted the goodwill of LAEPF, and the LAEPF Community Brigade, and taken such goodwill for their own use and benefit.  Plaintiff

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 · Fax (949) 756-9060

notes that the tort of conversion has continuously expanded in California and conversion claims are now routinely permitted for conversion of purely intangible assets. (See e.g., *Lee v. Luxottica Retail North America, Inc.* (2021) 65 Cal.App.5th 793, 805 ["Goodwill is an intangible asset that can be sold…"]; *Welco Electronics, Inc. v. Mora* (2014) 223 Cal.App.4th 202 [providing a history of the evolution of the tort of conversion].)  Federal Courts in the Ninth Circuit have previously identified the continuing evolution of this area of law, but declined to apply it to customer goodwill. (See e.g., *Boon Rawd Trading Int'l Co., Ltd. v. Paleewong Trading Co.* (N.D.Cal. 2010) 688 F.Supp.2d 940, 955 ["Although this issue -- given the clearly shifting nature of conversion law outlined above -- is a close one, the undersigned declines to extend the tort of conversion to customer goodwill"].)  In the 16 years since that decision, the evolution of conversion law in California has not abated, and while we await published authority ending this question, the unpublished decisions reflect the courts in California no longer consider this to be a close issue. (See e.g., *Borgman v. Uga-Association Field Servs.* (Oct. 19, 2021, No. G060399) ___Cal.App.5th___ [2021 Cal. App. Unpub. LEXIS 6582, at *16 ["Accordingly, we have no difficulty finding that goodwill is the kind of intangible property that is subject to conversion"].)

## SIXTH CAUSE OF ACTION
## CIVIL THEFT

(By Plaintiff against all Defendants)

107.    Plaintiff incorporates all preceding paragraphs.

108.    California has grossly expanded the remedies and liability for conversion, as such conduct now is essentially co-extensive with claims for Civil Theft. (*Cal. Penal Code* § 496.)  Despite policy misgivings from various appellate courts, the California Supreme Court has confirmed that the statute means what it says, and such liability exists as written. (See e.g., *Siry Investment, L.P. v. Farkhondehpour* (2022) 13 Cal.5th 333.)

109.    Defendants' conduct, as described above, constitutes theft or larceny. (*Cal.*

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 • Fax (949) 756-9060

*Penal Code* § 490a ["Wherever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor"].)  This includes Defendants' conduct in diverting donations to Defendants' benefit in lieu of such donations being received by Plaintiff as intended by the donors; Defendants' misappropriation of Plaintiff's digital accounts (including social media accounts), services and taking of data; Defendants' misappropriation of Plaintiff's goodwill; and Defendants' efforts to seize control of Plaintiff's assets, including vehicles and operating funds.

110.   LAEPF respectfully prays for recovery under the statute in full, including treble damages, attorney fees, and for punitive damages.  Punitive damages are appropriate, as Defendants have engaged in multiple intentional wrongful acts, on multiple occasions, and were actively involved with the LAEPF Community Brigade, reflecting full knowledge of LAEPF's ownership and right to access and control of the data, computer systems, assets, reputation, and government associations involved, with Defendants' acts intended to impede LAEPF's charitable works, and solely to benefit Defendants as they seek to convert the donations, credibility, and assets of a long-time charitable organization for their own self-aggrandizement and personal gain, reflecting that Defendants' actions are knowing, intentional and malicious.  These actions were undertaken by the individual defendants, directly and under the name of the Imposter Entity; the individual defendants constitute the ownership and management of the Imposter Entity and control the Imposter Entity and its policies and decision-making.

## SEVENTH CAUSE OF ACTION
## BREACH OF CONTRACT

(By Plaintiff against Defendants Pierson, Miller, Phillips, Hauptman, and Gibbs)

111.   Plaintiff incorporates all preceding paragraphs.

112.   On or about July 1, 2024, Defendant Gibbs and LAEPF entered into an Independent Contractor Agreement ("Gibbs Contractor Agreement") under which

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 - Fax (949) 756-9060

Defendant Gibbs agreed to render certain services to LAEPF pursuant to a Statement of Work executed on July 18, 2024.

113. Between August of 2024 and January of 2026, Defendant Gibbs provided LAEPF with invoices detailing services rendered under the Gibbs Contractor Agreement for the preceding month.

114. While being compensated for his services and acting as an agent of LAEPF, Defendant Gibbs materially breached several provisions of the Gibbs Contractor Agreement. Specifically, Defendant Gibbs intentionally acted adversely to LAEPF by contributing or managing the Imposter Entity's operations and by delivering work product developed for LAEPF to the Imposter Entity. Examples of the work performed by Defendant Gibbs for LAEPF are the work he performed to secure a logo for LAEPF's Community Brigade (the "L.A. County Fire Dept. Community Brigade" logo) and write instructions and manuals for LAEPF. Although Defendant Gibbs has been paid for these tasks, he has wrongfully appropriated the logo and the instructions for the benefit of himself and the Imposter Entity. All such work performed by Defendant Gibbs was undertaken pursuant to the Gibbs Contractor Agreement and constituted contract deliverables created for the benefit and ownership of LAEPF.

115. Defendants Gibbs, Pierson, Miller, Hauptman, and Phillips, in their personal capacities, entered into agreements with LAEPF entitled "Community Brigade Program Waiver and Program Agreement" ("Volunteer Agreement(s)").

116. The Volunteer Agreements permitted Defendants Gibbs, Pierson, Miller, and Phillips to be volunteer participants of LAEPF's Community Brigade.

117. Under the Volunteer Agreements, Defendants Gibbs, Pierson, Miller, Hauptman, and Phillips agreed to comport themselves with all Community Brigade rules. Defendants Gibbs, Pierson, Miller, Hauptman, and Phillips agreed that they are prohibited from, *inter alia*:

- Engaging in conduct that may conflict with the interests of LAEPF's Community Brigade;

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 • Fax (949) 756-9060

- Acting independently of and adversely to the best interests of LAEPF and LAEPF's Community Brigade;

- Failing to be straightforward and fully truthful and accurate in Community Brigade-related communications; and

- Engaging in conduct outside of designated Community Brigade activities that may discredit the Community Brigade, LAEPF, the County of Los Angeles, or the Los Angeles County Fire Department.

118.   Defendants Gibbs, Pierson, Miller, Hauptman, and Phillips breached their Volunteer Agreements when they, *inter alia*, (1) waged a campaign to seize control of LAEPF's Community Brigade; (2) established or conspired to establish the Imposter Entity; (3) filed for tax-exempt status for the Imposter Entity to compete with LAEPF; (3) filed a fraudulent FBN registration for the Imposter Entity to compete with LAEPF; (4) attempted to enter into agreements with third parties using LAEPF's Community Brigade reputation and goodwill without LAEPF's knowledge or authorization; (5) opened a bank account at the same bank as LAEPF to potentially divert donations and/or confuse donors; (6) solicited and likely collected donations under LAEPF's "Community Brigade" mark and "L.A. County Fire Dept. Community Brigade" logo; (7) seized control over LAEPF's Community Brigade social media accounts; and (8) disseminated false information (written and oral) to Community Brigade volunteers to sway opinions and commandeer control of the Brigade, and to cause Brigade members to terminate their relationship with LAEPF.

119.   All conditions required for Defendants Gibbs, Pierson, Miller, Hauptman, and Phillips' performance under their Volunteer Agreements have occurred.  LAEPF has performed every obligation required of it per the Volunteer Agreements.

120.   As a direct and proximate result of Defendants Gibbs, Pierson, Miller, Hauptman, and Phillips' breaches of their Volunteer Agreements, LAEPF has suffered and continues to suffer harm, including but not limited to diverted donations, loss of volunteers and monies paid to train those volunteers for LAEPF's benefit, reputational

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 • Fax (949) 756-9060

damage, and other monetary and nonmonetary damages in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
## VIOLATION OF *BUS. & PROF. CODE* §§ 17200, *ET SEQ.*

(By Plaintiff against all Defendants)

121.   Plaintiff incorporates all preceding paragraphs.

122.   California *Business and Professions* Code §17200 states in pertinent part: "…unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice…"

123.   Defendants' actions and omissions described herein constitute unlawful, unfair, and fraudulent activities as proscribed by California's Unfair Competition Law.

124.   Defendants' conduct caused and continues to cause substantial injury and a loss of revenue to Plaintiff.

125.   Accordingly, Plaintiff is entitled to restitution and temporary and permanent injunctive relief.

126.   Defendants' conduct was willful and malicious and in conscious disregard of Plaintiff's rights with the intent to vex, injure and annoy Plaintiff, such as to constitute oppression, fraud and/or malice under California *Civil Code* §3294.  Imposter Entity's conduct, as described above, was carried out by its officers, directors and or/managing agents, or by lower-level employees whose conduct was knowingly authorized and ratified by the officers, directors and/or managing agents of Imposter Entity. Accordingly, Plaintiff is entitled to punitive damages in an amount appropriate to punish and make an example of Defendants.

///

///

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 • Fax (949) 756-9060

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 • Fax (949) 756-9060

## **NINTH CAUSE OF ACTION**

## **DECLARATORY RELIEF**

(By Plaintiff against all Defendants)

127.    Plaintiff incorporates all preceding paragraphs.

128.    An actual conflict exists between LAEPF and Defendants such that a declaration of rights is necessary.

129.    LAEPF is the rightful and lawful owner of the "Community Brigade" mark and tradename, and "L.A. County Fire Dept. Community Brigade" logo.  Defendants have claimed they are the rightful and lawful owners despite the Imposter Entity being incorporated *years* after LAEPF began using the mark, tradename, and logo in commerce.

130.    In addition, LAEPF is the rightful and lawful owner of any and all monies and physical assets donated to the Community Brigade program.  As part of their campaign to seize control over the Community Brigade program, Defendants have demanded that LAEPF turn over these monies and assets.

131.    As a result, a judicial declaration and determination is necessary to adjudge that LAEPF is the rightful and lawful owner of the "Community Brigade" mark and tradename, and "L.A. County Fire Dept. Community Brigade" logo, and the monies and assets donated to LAEPF for the Community Brigade program.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

I.    For damages to be determined at time of trial, but alleged here for the purposes of giving notice of the amount sought to be in the amount of $10,000,000;

II.    For compensatory and consequential damages according to proof at time of trial;

III.    For a permanent injunction, enjoining Defendants and all persons in active

concert or participation with Defendants from directly or indirectly infringing the Community Brigade trademark;

IV.     For a declaration that LAEPF is the rightful and lawful owner of the "Community Brigade" mark and tradename, and "L.A. County Fire Dept. Community Brigade" logo, and the monies and assets donated to LAEPF for the Community Brigade program;

V.     For pre-judgment interest at the highest rate allowable by law;

VI.     For attorneys' fees and costs recoverable by law;

VII.     For punitive damages recoverable by law; and

VIII.     For such other and further relief as this Court deems just.

Respectfully submitted on this 6th day of March, 2026, by:

MADISON LAW, APC

/s/ Susanna F. Wiseman

Ali Parvaneh,
Susanna F. Wiseman,
Jacob A. Pace,
Attorneys for Plaintiff

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 • Fax (949) 756-9060