ELLEN KAUFMAN WOLF (Cal. Bar No. 110686)
ewolf@wolfwallenstein.com
EVAN W. GRANT (Cal. Bar No. 234039)
egrant@wolfwallenstein.com
**WOLF WALLENSTEIN, PC**
11400 West Olympic Boulevard, Suite 700
Los Angeles, California 90064
Telephone: (310) 622-1000
Facsimile: (310) 457-9087

Attorneys for Defendant Community Brigade

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOS ANGELES EMERGENCY PREPAREDNESS FOUNDATION dba COMMUNITY BRIGADE, a California nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>MIKKE PIERSON, an individual; JASON DAX MILLER aka DAX MILLER, an individual; DANA WOLF PHILLIPS, an individual; KEEGAN GIBBS, an individual; TYLER HAUPTMAN, an individual; COMMUNITY BRIGADE, a California nonprofit corporation; and DOES 1 through 50, inclusive,<br><br>Defendants<br><br>. | Case No. 2:26-cv-02463-GW (DFMx)<br><br>**DEFENDANT COMMUNITY BRIGADE'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hon. George H. Wu<br><br>[*Filed concurrently with Declaration of Ellen Wolf and Request for Judicial Notice*]<br><br>Date: June 18, 2026<br>Time: 8:30 a.m.<br>Courtroom: 9D<br><br>Complaint Filed: March 6, 2026<br>Trial Date: None Set<br>L.R. 7-3 Conference: April 23, 2026 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Community Brigade ("Defendant" or "Community Brigade"), a California nonprofit corporation, will and hereby does move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing those counts of the First Amended Complaint as to which Community Brigade has been served or appeared, and for the partial dismissal of specific prayers for relief insofar as those remedies are categorically unavailable as a matter of law, as set forth herein. This motion is brought solely on behalf of Defendant Community Brigade and does not speak to, and should not be construed as raising any defense on behalf of, any other defendant in this action.

This Motion is made following the conference of counsel required by Local Rule 7-3, which took place telephonically on April 23, 2026 between counsel for Defendant Community Brigade and counsel for Plaintiff, and which the parties further continued in connection with the parties' April 30, 2026 stipulation permitting Plaintiff to file the First Amended Complaint. The conference did not result in resolution of the issues raised herein, and Plaintiff did not stipulate to the relief requested. This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities below, the concurrently filed Request for Judicial Notice ("RJN") and the exhibits thereto, all pleadings and papers on file in this action, and such other evidence and argument as the Court may permit at the hearing on this Motion.

DATED: May 21, 2026

**WOLF WALLENSTEIN, PC**

Ellen Kaufman Wolf
Evan W. Grant
Attorneys for Defendants

## TABLE OF CONTENTS


I. INTRODUCTION .......... 11

II. LEGAL STANDARD .......... 13

III. ARGUMENT .......... 13

A. Counts One–Three (and Derivative UCL in Count Eight) Fail Because "Community Brigade" Is Generic. .......... 13

*1. Generic Terms Cannot Be Trademarked.* .......... 14

*2. Applying the Ninth Circuit's "Who-Are-You/What-Are-You" Test, "Community Brigade" Is Generic.* .......... 14

*3. The USPTO Record and Documented Third-Party Use Independently Confirm Genericness.* .......... 17

*4. The Court May Resolve Genericness on the Pleadings.* .......... 19

*5. Plaintiff's Public-Association Allegations Are Irrelevant.* .......... 20

*6. In the Alternative, the Supplemental Register Carries No Presumptions and No Secondary Meaning Is Pleaded.* .......... 20

*7. Count One Fails as to the Unregistered Logo.* .......... 21

B. All Counts Against Community Brigade Separately Fail Because The FAC Employs Impermissible Group Pleading, Fails To Attribute Any Specific Conduct To The Corporate Entity, And Cannot Reach Acts Predating The Entity's 9/2/25 Formation. .......... 22

C. Count Four (Cal. Penal Code § 502) Fails as to Community Brigade. .......... 23

D. Count Five (Conversion) Fails. .......... 25

*1. The Goodwill Conversion Theory Fails the Ninth Circuit's Three-Part Test for Conversion of Intangibles.* .......... 25

*2. The Donation Diversion Theory Fails.* .......... 26

*3. Bank-Account and Property Allegations Don't Cure the Defects.* .......... 27

*4. The "Name Confusion" Theory Cannot Supply a Missing Property Right.* .......... 27

E. Count Six (§ 496) Fails to State a Claim. .......... 28

F. Count Eight (Cal. Bus. & Prof. Code § 17200) Fails As To Community Brigade Because It Is Entirely Derivative, Contains No Independent Factual Allegations, And — To The Extent It Invokes The Fraudulent Prong — Fails Rule 9(B). 28

1. *Count Eight Is Entirely Derivative.* 28

2. *Fraudulent Prong Fails Rule 9(b).* 29

G. Count Nine (Declaratory Relief) Is Duplicative. 29

H. Specific Prayers for Relief Fail. 30

1. *UCL Restitution for Third-Party Donations Fails.* 30

2. *Punitive Damages Fail Under § 3294(b).* 31

IV. LEAVE TO AMEND 31

V. CONCLUSION 33

# TABLE OF AUTHORITIES

**Cases**

*Adkins v. Model Laundry Co.,*
*92 Cal. App. 575 (1928)* ....................26

*Ashcroft v. Iqbal,*
*556 U.S. 662 (2009)* ....................3, 22, 23, 24, 29, 31, 32

*Beluca Ventures LLC v. Aktiebolag Bjorn Borg,*
*622 F. Supp. 3d 806 (N.D. Cal. 2022)* ....................27

*Berryman v. Merit Prop. Mgmt., Inc.,*
*152 Cal. App. 4th 1544 (2007)* ....................29

*Beyond Blond Prods., LLC v. Heldman,*
*2022 WL 2787536 (C.D. Cal. 2022)* ....................19

*Boon Rawd Trading Int'l Co., Ltd. v. Paleewong Trading Co., 688 F. Supp. 2d 940*
*(N.D. Cal. 2010)* ....................25, 26

*Borgman v. Uga-Association Field Servs.,*
*No. G060399 (Cal. Ct. App. Oct. 19, 2021)* ....................26

*Brillhart v. Excess Ins. Co. of Am.,*
*316 U.S. 491 (1942)* ....................29

*Carvalho v. Equifax Info. Servs., LLC,*
*629 F.3d 876 (9th Cir. 2010)* ....................26

*Closed Loop Mktg., Inc. v. Closed Loop Mktg., LLC,*
*589 F. Supp. 2d 1211 (E.D. Cal. 2008)* ....................3, 14, 15, 17, 18, 20, 21

*CreAgri, Inc. v. USANA Health Scis., Inc.,*
*474 F.3d 626 (9th Cir. 2007)* ....................21

*Destfino v. Reiswig,*
*630 F.3d 952 (9th Cir. 2011)* ....................3, 22, 24

*DOT Operating Auth., Inc. v. DOT Operations, Inc.,*
*2025 WL 1277131 (C.D. Cal. Mar. 20, 2025)* ....................19

*Dynamic Measurement Grp., Inc. v. Univ. of Oregon,*
*121 F. Supp. 3d 1047 (D. Or. 2015)* ........................................ 28

*Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.,*
*198 F.3d 1143 (9th Cir. 1999)* ........................................ 13, 14, 15, 21

*Films of Distinction, Inc. v. Allegro Film Prods., Inc.,*
*12 F. Supp. 2d 1068 (C.D. Cal. 1998)* ........................................ 21

*Flannery v. Murray,*
*2020 WL 4931702 (2020)* ........................................ 26

*G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.,*
*958 F.2d 896 (9th Cir. 1992)* ........................................ 25

*Gov't Emps. Ins. Co. v. Dizol,*
*133 F.3d 1220 (9th Cir. 1998)* ........................................ 30

*Hendrickson v. Octagon Inc.,*
*225 F. Supp. 3d 1013 (N.D. Cal. 2016)* ........................................ 28

*Home Decor Ctr., Inc. v. Google, Inc.,*
*2013 WL 10858861 (C.D. Cal. 2013)* ........................................ 19

*In re Cordua Rests., Inc.,*
*823 F.3d 594 (Fed. Cir. 2016)* ........................................ 3

*In re Creative Goldsmiths of Wash., Inc.,*
*229 USPQ 766 (TTAB 1986)* ........................................ 18

*In re Gould Paper Corp.,*
*834 F.2d 1017 (Fed. Cir. 1987)* ........................................ 16, 18

*In re Meridian Rack & Pinion,*
*114 U.S.P.Q.2d 1462 (TTAB 2015)* ........................................ 16, 18

*In re Nat'l Data Corp.,*
*753 F.2d 1056 (Fed. Cir. 1985)* ........................................ 18

*In re Read-Rite Corp.,*
*335 F.3d 843 (9th Cir. 2003)* ........................................ 31

*In re Wella Corp.*,
*565 F.2d 143 (C.C.P.A. 1977)* ........ 18
*Kamath v. Robert Bosch LLC*,
*2014 WL 2916570 (C.D. Cal. 2014)* ........ 27
*Kearns v. Ford Motor Co.*,
*567 F.3d 1120 (9th Cir. 2009)* ........ 29
*Kellogg Co. v. Nat'l Biscuit Co.*,
*305 U.S. 111 (1938)* ........ 20
*Korea Supply Co. v. Lockheed Martin Corp.*,
*29 Cal. 4th 1134 (2003)* ........ 30
*Lee v. City of LA*,
*250 F.3d 668 (9th Cir. 2001)* ........ 13, 18
*Lee v. Luxottica Retail N. Am., Inc.*,
*65 Cal. App. 5th 793 (2021)* ........ 25
*Levi Strauss & Co. v. Blue Bell, Inc.*,
*778 F.2d 1352 (9th Cir. 1985)* ........ 21
*Mangindin v. Wash. Mut. Bank*,
*637 F. Supp. 2d 700 (N.D. Cal. 2009)* ........ 30
*Maye v. Online Land Sales LLC*,
*2024 WL 382294 (E.D. Cal. 2024)* ........ 27
*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
*540 F.3d 1049 (9th Cir. 2008)* ........ 32
*Miles, Inc. v. Scripps Clinic & Rsch. Found.*,
*810 F. Supp. 1091 (S.D. Cal. 1993)* ........ 25
*Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*,
*165 F. Supp. 3d 937 (S.D. Cal. 2016)* ........ 29
*Optional Capital, Inc. v. DAS Corp.*,
*222 Cal. App. 4th 1388 (2014)* ........ 28

*Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*,
*469 U.S. 189 (1985)* ....................................13

*Salameh v. Tarsadia Hotel, Corp.*,
*726 F.3d 1124 (9th Cir. 2013)* ....................................31

*Schwan's IP, LLC v. Kraft Pizza Co.*,
*379 F. Supp. 2d 1016 (D. Minn. 2005)* ....................................16, 17, 19

*Second Measure, Inc. v. Kim*,
*143 F. Supp. 3d 961 (N.D. Cal. 2015)* ....................................26

*StreamCast Networks, Inc. v. IBIS LLC*,
*No. CV 05-04239, 2006 WL 5720345 (C.D. Cal. 2006)* ....................................30

*Surgicenters of America, Inc. v. Medical Dental Surgeries, Co.*,
*601 F.2d 1011 (9th Cir. 1979)* ....................................16

*Swartz v. KPMG LLP*,
*476 F.3d 756 (9th Cir. 2007)* ....................................13, 22, 29, 30

*Taylor v. Google, LLC*,
*2024 WL 837044 (9th Cir. Feb. 28, 2024)* ....................................25

*Threshold Enterprises*,
*445 F. Supp. 3d 139 (N.D. Cal. 2020)* ....................................14, 16, 19

*Toho Co. v. Sears*,
*Roebuck & Co., 645 F.2d 788 (9th Cir. 1981)* ....................................19

*Two Pesos, Inc. v. Taco Cabana, Inc.*,
*505 U.S. 763 (1992)* ....................................3, 13

*U.S. Vessel Documentation Ctr., Inc. v. U.S. Vessel Documentation, Inc.*,
*No. SA CV 17-0181-DOC, 2017 WL 8232081 (C.D. Cal. 2017)* .........3, 14, 15, 17, 19, 20, 21, 29

*U.S.P.T.O. v. Booking.com B.V.*,
*591 U.S. 549 (2020)* ....................................16

*United States v. Christensen*,
*828 F.3d 763 (9th Cir. 2016)* ....................................24

*Vess v. Ciba-Geigy Corp. USA*, *317 F.3d 1097 (9th Cir. 2003)* ....................29

*Voris v. Lampert*, *7 Cal. 5th 1141 (2019)* ....................25, 26, 27, 28

*Welco Electronics, Inc. v. Mora*, *223 Cal. App. 4th 202 (2014)* ....................27

*White v. Ultramar, Inc.*, *21 Cal. 4th 563 (1999)* ....................31

*Whittlestone, Inc. v. Handi-Craft Co.*, *618 F.3d 970 (9th Cir. 2010)* ....................3, 30

*Worldwide Travel, Inc. v. Travelmate US, Inc.*, *2015 WL 1013704 (S.D. Cal. 2015)* ....................27

*Zucco Partners, LLC v. Digimarc Corp.*, *552 F.3d 981 (9th Cir. 2009)* ....................31

**<u>Statutes and Rules</u>**

15 U.S.C. § 1052(e)(1) ....................17

15 U.S.C. § 1056(a) ....................18

15 U.S.C. § 1057(b) ....................3, 13, 21

15 U.S.C. § 1064(3) ....................19

15 U.S.C. § 1065 ....................3, 13, 21

15 U.S.C. § 1072 ....................3, 21

15 U.S.C. § 1094 ....................21

15 U.S.C. § 1114 ....................21

28 U.S.C. § 2201 ....................30

Cal. Bus. & Prof. Code § 17200 ....................1, 28

Cal. Civ. Code § 700 ....................27

Cal. Civ. Code § 3294(b) ....................31

Cal. Penal Code § 496 ....................1, 28

Cal. Penal Code § 502 ........ 1, 23, 24, 25
Fed. R. Civ. P. 9(b) ........ 13, 22, 29
Fed. R. Civ. P. 12(b)(6) ........ 1, 13, 30

**Secondary Authorities**

2 McCarthy on Trademarks & Unfair Competition § 12:8 ........ 15, 16, 18
2 McCarthy on Trademarks & Unfair Competition § 12:18 ........ 16
2 McCarthy on Trademarks & Unfair Competition § 12:39 ........ 16
2 McCarthy on Trademarks & Unfair Competition § 12:46 ........ 14
Dan B. Dobbs et al., The Law of Torts § 63 (2d ed. 2011) ........ 28
TMEP § 1213.03(b) ........ 18
TMEP § 1213.08(a)(i) ........ 18
TMEP § 1213.10 ........ 18

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Five months before Plaintiff claimed first use of "COMMUNITY BRIGADE," The Malibu Times published a feature story—about a Point Dume volunteer group, and referred to the group by the plain-meaning descriptor of what they were: "The Point Dume ***Community Brigade***." (RJN 16, pp. 164–167, emphasis added.)

5/19/26, 8:52 PM New podcast tells the riveting story of the Point Dume Bombers — The Malibu Times

NEWS (/category/news)

**New podcast tells the riveting story of the Point Dume Bombers**

By Judy Abel (/author/Judy-Abel) · May 21, 2023



The Point Dume Community Brigade 2019. Photo by Robert Spangle.

Plaintiff admits that "The Point Dume Bombers consisted of a handful of residents and friends who came together to defend homes and provide support" during the 2018 Woolsey Fire, and that this volunteer group is part of the "Program Origins & History" of Plaintiff's Community Brigade Pilot Program. (RJN 11, pp. 105–134.) Plaintiff's claimed first use of "COMMUNITY BRIGADE" is 10/20/23. (RJN 7–9, pp. 90–100.) The Malibu Times beat Plaintiff to the very same words—applied to the very predecessor group Plaintiff itself credits—by 5 months. A descriptor in third-party generic use months before the trademark claim cannot be reclaimed as exclusive property.

What Plaintiff now calls its proprietary mark, the USPTO already rejected. The Office refused Principal Register registration on descriptiveness grounds in all 3 classes. (RJN 1–3, pp. 18–79.) It held "BRIGADE" generic and required a disclaimer of any "exclusive right to use 'BRIGADE.'" (RJN 6, pp. 87–88.) Plaintiff settled for the Supplemental Register, which confers no Lanham Act presumptions, and all 3 registrations now sit in pending TTAB cancellation. (RJN 4–10, pp. 81–103); 15 U.S.C. §§ 1057(b), 1065, 1072.

Generic terms cannot function as trademarks. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992); *In re Cordua Rests., Inc.*, 823 F.3d 594, 600 (Fed. Cir. 2016). Counts One through Three (and the derivative UCL in Count Eight) therefore fail on the face of the FAC. *U.S. Vessel Documentation Ctr., Inc. v. U.S. Vessel Documentation, Inc.*, No. SA CV 17-0181-DOC, 2017 WL 8232081, at *3–*4 (C.D. Cal. 2017); *Closed Loop Mktg., Inc. v. Closed Loop Mktg., LLC*, 589 F. Supp. 2d 1211, 1219–20 (E.D. Cal. 2008).

The remaining counts collapse for independent reasons: Count Four (§ 502) does not reach a competitor's donor activity; Count Five fails the Ninth Circuit's three-part *Rasmussen-Taylor* conversion test; Count Six (§ 496) identifies no specific stolen property; Count Eight is derivative and Count Nine redundant; and several prayers are

categorically unavailable.[1] *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974, 976 (9th Cir. 2010).

A cross-cutting defect underlies all of it: the FAC pleads "Defendants" as one undifferentiated mass against Community Brigade as a corporate entity, notwithstanding its new "Individual Defendants" defined term that separates the five natural persons from the entity for pre-incorporation conduct only. (FAC ¶ 6.) Community Brigade was not incorporated until 9/2/25 — after the July 2024 Gibbs Contractor Agreement on which several § 502 allegations rest — and the FAC pleads no alter-ego or ratification theory. *Destfino v. Reiswig*, 630 F.3d 952, 965–66 (9th Cir. 2011); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

All claims asserted against Defendant should be dismissed without leave to amend.

## II. LEGAL STANDARD

A complaint must allege facts establishing a plausible claim. *Iqbal*, 556 U.S. at 678. On Rule 12(b)(6), the court may consider judicially noticed materials. *Lee v. City of LA*, 250 F.3d 668, 688–89 (9th Cir. 2001). For fraud-based claims, Rule 9(b) requires "time, place, and specific content of the false representations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

## III. ARGUMENT

### A. <u>Counts One–Three (and Derivative UCL in Count Eight) Fail Because "Community Brigade" Is Generic.</u>

"Community Brigade" is a generic phrase — the ordinary English name for a brigade made up of community members organized for disaster preparedness. Generic terms cannot function as trademarks, regardless of use or public association. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992); *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 194 (1985); *Filipino Yellow Pages, Inc. v. Asian Journal*

[1] Count Seven does not name Defendant.

*Publ'ns, Inc.*, 198 F.3d 1143, 1147 (9th Cir. 1999). The USPTO refused Principal Register registration on descriptiveness grounds (RJN 1–3, pp. 18–79); Plaintiff accepted only Supplemental Register registration, which confers no Lanham Act presumptions. (RJN 4–6, pp. 81–88.) Counts One, Two, Three, and the derivative UCL in Count Eight fail on the face of the FAC. *U.S. Vessel*, 2017 WL 8232081, at *4.

***1. Generic Terms Cannot Be Trademarked.***

A generic term "refers to the genus of which the particular product or service is a species. It cannot become a trademark under any circumstances." *Filipino Yellow Pages*, 198 F.3d at 1147. " Secondary meaning is irrelevant — a generic name "does not have the kind of 'secondary meaning' needed to achieve trademark status." 2 McCarthy on Trademarks & Unfair Competition § 12:46.

In *Threshold Enterprises*, 445 F. Supp. 3d 139, 153–54 (N.D. Cal. 2020), the court found "wellness shot" and "wellness shots" generic despite Principal Register incontestability. Plaintiff's marks are on the *Supplemental* Register only (RJN 4–6, pp. 81–88), carrying no presumptions of validity. *See* 15 U.S.C. §§ 1057(b), 1065. Thus, Plaintiff bears the burden of plausibly alleging non-genericness. *U.S. Vessel*, 2017 WL 8232081, at *2.

***2. Applying the Ninth Circuit's "Who-Are-You/What-Are-You" Test, "Community Brigade" Is Generic.***

The "who-are-you/what-are-you" test asks whether a mark answers "Who are you?" (source) or "What are you?" (genus). *Filipino Yellow Pages*, 198 F.3d at 1147. "Community Brigade" answers "What are you?" — it describes the genus of a brigade made up of community members. It does not identify a source. *Closed Loop Mktg.*, 589 F. Supp. 2d at 1218-19.

No entity may claim trademark rights in "Law Firm," "Fire Brigade," "Community Organization," or "Community Group" — phrases naming the things they describe. Granting exclusive rights would remove ordinary vocabulary from circulation and "amount to awarding an unfair monopoly" over a category of activity. *U.S. Vessel*

, 2017 WL 8232081, at *3. A "community brigade" is the ordinary English name for what the program is.

Plaintiff's website uses the phrase in the plural: "volunteer **Community Brigades**"; "**Community Brigades** are volunteers committed to protecting"; "**Why Community Brigades?**" (RJN 11–12, pp. 105–146.) Plural use as a category descriptor evidences generic use. *See* 2 McCarthy on Trademarks § 12:8.

Plaintiff's website states: "This program, originally called 'Fire-Front-Following' (**a fire department term for the actions being proposed**) eventually became the Community Brigade Pilot Program." (RJN 11–12, pp. 105–146.) Use of a different name, and characterization of the original as "a fire department term," confirms "Community Brigade" represents successive descriptive labels, not trademark adoption.

The LACoFD presentation establishes "Community Brigade" is a contractually defined name for a joint LACoFD-LAEPF initiative, not a private brand. (RJN 25, pp. 234–258.) The MOA defines it as "**the Community Brigade Pilot Program ('Program')**" — a generic descriptor — and the **Steering Committee** is **chaired by Chief Smith** (LACoFD). *See* 2 McCarthy on Trademarks § 12:18.

A peer-reviewed academic publication co-authored by Plaintiff's CEO Brent Woodworth and hosted on laepf.org confirms the same point. *See* Feldmann-Jensen et al., *Trial by Fire: The Community Brigades Pilot Program* (Nat. Hazards Ctr. QR Rpt. 369, 2026) (RJN 26–27, pp. 260–264). The publication's title uses the mark **in the plural** ("**The Community Brigades** Pilot Program") — a hallmark of generic function, *see* 2 McCarthy on Trademarks § 12:8 — describes the volunteers as "directed by **the Los Angeles County Fire Department and the U.S. Forest Service**," identifies seven separate communities operating under the same descriptor, and refers to "**initiatives like the Community Brigade pilot program**" — comparative language that grammatically presupposes a category, not a unique source.

Plaintiff's own website identifies predecessor "fire brigades" in the same Santa Monica Mountains geography spanning 150 years — the Monumental Fire Company (1875), Topanga Volunteer Fire Department (1925), Malibu West Fire Brigade (2010), Point Dume Bombers, and others. (RJN 11–12, pp. 105–146.) That history confirms genericness: third-party use of the same phrase by unrelated organizations is "strong evidence" of generic function. *Closed Loop Mktg.*, 589 F. Supp. 2d at 1219–20.

Under the anti-dissection rule, a composite mark's genericness is determined by how it appears in the marketplace. *Threshold Enterprises*, 445 F. Supp. 3d at 150 ("when a mark's meaning is identical to its constituent parts … 'the compound word too has been proved generic'"). The USPTO's Examining Attorney expressly relied on contemporaneous third-party use of "community brigade" in finding the phrase "merely describes a characteristic of applicant's goods and/or services." (RJN 1–3, pp. 18–79.) That a federal trademark expert applying these standards reached the descriptiveness conclusion is "admissible as persuasive evidence" on genericness. *Schwan's IP*, 379 F. Supp. 2d at 1022.

The compound-term doctrine confirms this. Where constituent words are generic and the combination has a meaning identical to those words as a compound, the compound is unregistrable as generic. *In re Gould Paper Corp.*, 834 F.2d 1017, 1018 (Fed. Cir. 1987); 2 McCarthy § 12:39. A term that names the "central focus" of a service is generic. *In re Meridian Rack & Pinion*, 114 U.S.P.Q.2d 1462, 1462–63 (TTAB 2015). "Community Brigade" has a meaning identical to common usage of those words as a compound, naming the central focus of LAEPF's services: a brigade made up of community members. It contributes nothing beyond the sum of two generic constituents. The Ninth Circuit's foundational compound-term genericness decision, *Surgicenters of America, Inc. v. Medical Dental Surgeries, Co.*, 601 F.2d 1011 (9th Cir. 1979), found "surgicenter" generic on the same logic. The Supreme Court confirmed the principle in *U.S.P.T.O. v. Booking.com B.V.*, 591 U.S. 549 (2020): the distinctiveness inquiry for a compound term "trains on the term's meaning as a whole"

but the compound is generic where the combination "yields no additional meaning to consumers" beyond its generic parts. *Id.* at 555, 564.

***3. The USPTO Record and Documented Third-Party Use Independently Confirm Genericness.***

The judicially noticeable USPTO record provides confirmation of genericness on the face of the public record — and is, in itself, "persuasive authority indicating that the mark is not protectable." *Closed Loop Mktg.*, 589 F. Supp. 2d at 1218 (citing *Schwan's IP, LLC v. Kraft Pizza Co.*, 379 F. Supp. 2d 1016, 1021–22 (D. Minn. 2005)); *see also U.S. Vessel*, 2017 WL 8232081, at *3.

On 12/2/25, the USPTO refused Principal Register registration of "Community Brigade" applications on the ground that the phrase "merely describes a characteristic of applicant's goods and/or services." (RJN 1–3, pp. 18–79; 15 U.S.C. § 1052(e)(1).) The Examining Attorney found "BRIGADE" refers to "a group of persons organized for a specific purpose, such as disaster preparedness or fire prevention." (RJN 1–3, pp. 18–79.) Plaintiff abandoned its Principal Register applications and elected the Supplemental Register instead. (RJN 4–6, pp. 81–88.)

The USPTO's findings sharpen further when applied to the Class 45 services that lie at the operational core of LAEPF's program — firefighting and safety inspection services. In the 12/2/25 Office Action (the Class 45 application), the Examining Attorney expressly determined that **"'BRIGADE' … appears to be generic in the context of applicant's goods and/or services,"** citing *In re Wella Corp.*, 565 F.2d 143, 144 (C.C.P.A. 1977); *In re Creative Goldsmiths of Wash., Inc.*, 229 USPQ 766, 768 (TTAB 1986); and TMEP § 1213.03(b). (RJN 3, pp. 60–79.) The Examining Attorney accordingly *required* Plaintiff to disclaim "BRIGADE" as a condition of any Supplemental Register registration in Class 45 — in the prescribed form: "No claim is made to the exclusive right to use 'BRIGADE' apart from the mark as shown." (*Id.*); *see* 15 U.S.C. § 1056(a); TMEP § 1213.08(a)(i). And Plaintiff adopted the disclaimer. (RJN 6, pp. 87–88.) The disclaimer formally and bindingly concedes that "BRIGADE,"

standing alone, is not distinctive of Plaintiff's Class 45 services, and that Plaintiff "claims no exclusive right" in the disclaimed term. TMEP § 1213.10; *see* 15 U.S.C. § 1056(a); *In re Nat'l Data Corp.*, 753 F.2d 1056, 1058–59 (Fed. Cir. 1985).

The FAC conceals all of this. Paragraph 37 of the FAC presents Reg. Nos. 8112456, 8112457, and 8112458 as ordinary registrations conferring full Lanham Act rights, while omitting that all three are *Supplemental Register* registrations following Principal Register descriptiveness refusals; that the USPTO expressly found "BRIGADE" generic in the firefighting/safety context; that Plaintiff disclaimed "BRIGADE" on the Class 45 registration; and that, as of 4/6/26, all 3 registrations are in pending TTAB Cancellation Proceeding No. 92091338, with status "LIVE/REGISTRATION/Cancellation/Invalidation Pending." (RJN 1–10, pp. 18–103.) Each fact is evident on the face of judicially noticeable USPTO and TTABVUE records. *Lee v. City of LA*, 250 F.3d 668, 688–89 (9th Cir. 2001).

Plaintiff's disclaimer of "BRIGADE" as non-distinctive, combined with the USPTO's finding that "COMMUNITY" is merely descriptive, leaves a phrase whose constituent parts together name the genus — a textbook generic compound. *Gould*, 834 F.2d at 1018. Plaintiff cannot argue the combination is distinctive when combining two non-distinctive words to name the genus is itself generic. *Meridian Rack & Pinion*, 114 U.S.P.Q.2d at 1462.

The NY Times' 1/11/25 video report headlined "Community L.A. Fire Brigade Steps In" describes volunteers as "community fire brigade volunteers" and uses the indefinite article "this brigade" — both hallmarks of generic, not trademark, function. *See* 2 McCarthy on Trademarks § 12:8. Similar generic usage appears in CBS Los Angeles, Yahoo News, and KQED coverage. (RJN 21–24, pp. 213–232.) International disaster-response organizations and NGOs use "community brigade" generically worldwide, including UNESCO, WWF Brasil, Practical Action, and the Mexican Red Cross. (RJN 17–20, pp. 169–211.) Locally, predecessor groups like the Malibu West Fire Brigade and Point Dume Bombers have used "fire brigade" naming in the same

Santa Monica Mountains geography for years. (RJN 13–16, pp. 148–167.) "Significant use of a term by competitors in the industry has traditionally been recognized as indicating genericness." *Closed Loop Mktg.*, 589 F. Supp. 2d at 1219 n.6.

The point lands hardest in Plaintiff's own predecessor evidence. Plaintiff concedes on its own website that "The Point Dume Bombers consisted of a handful of residents and friends who came together to defend homes and provide support" during the 2018 Woolsey Fire, and that this volunteer group is part of the "Program Origins & History" of Plaintiff's Community Brigade Pilot Program. (RJN 11, pp. 105–134.) Five months before Plaintiff's claimed first use of 10/20/23, The Malibu Times—in its 5/21/23 feature on that very same group—labeled them in a photo caption: "The Point Dume Community Brigade 2019". (RJN 16, pp. 164–167.) That third-party publication used the precise words Plaintiff later claimed as a mark, applied to the very predecessor group Plaintiff itself credits, in a context that any reasonable consumer would understand as a generic descriptor—a brigade of community members—not as a brand. Plaintiff cannot reclaim, as exclusive trademark property, the very words a third-party news publication had already used generically to describe Plaintiff's own admitted predecessor before Plaintiff claimed them.

### *4. The Court May Resolve Genericness on the Pleadings.*

Although genericness is "ultimately a question of fact," courts in this Circuit and District are "not precluded from determining fact-specific trademark questions on a motion to dismiss" where the pleadings and judicially noticed facts are sufficient. *U.S. Vessel Documentation*, 2017 WL 8232081, at *3 (citing *Toho Co. v. Sears, Roebuck & Co.*, 645 F.2d 788, 789 (9th Cir. 1981)); *accord Threshold Enters.*, 445 F. Supp. 3d at 153–54 (granting Rule 12(c) judgment on the pleadings with prejudice on genericness); *Beyond Blond Prods., LLC v. Heldman*, 2022 WL 2787536, at *3 (C.D. Cal. 2022); *DOT Operating Auth., Inc. v. DOT Operations, Inc.*, 2025 WL 1277131, at *5 (C.D. Cal. Mar. 20, 2025); *Home Decor Ctr., Inc. v. Google, Inc.*, 2013 WL 10858861, at *5 (C.D. Cal. "Community Brigade" answers the question "what are you" when applied to

a community-based volunteer disaster brigade.

That genericness is freely adjudicable here is reinforced by 15 U.S.C. § 1064(3), which provides that a registration may be cancelled "at any time" if the mark "becomes the generic name for the goods or services … for which it is registered." A registered mark that *was* generic from inception is no more protectable than one that became so. The TTAB has accordingly already instituted Cancellation Proceeding No. 92091338 (Apr. 6, 2026) against all three of LAEPF's "Community Brigade" word-mark registrations. (RJN 10, pp. 102–103.) That a federal agency expressly tasked with policing trademark validity has accepted the cancellation petition for adjudication on the merits is itself persuasive support for the genericness analysis at the pleading stage. *Cf. Schwan's IP*, 379 F. Supp. 2d at 1022 (PTO determinations "admissible as persuasive evidence" of genericness).

***5. Plaintiff's Public-Association Allegations Are Irrelevant.***

Public association with the mark is irrelevant to genericness. *Closed Loop Mktg.*, 589 F. Supp. 2d at 1219–20 ("The question is whether the original meaning of the name identifies a thing's genus or merely its qualities.... secondary meaning is beside the point."). Even if widely associated with LAEPF, the phrase "Community Brigade" does not transform the genus name into a source identifier. *Kellogg Co. v. Nat'l Biscuit Co.*, 305 U.S. 111, 116–18 (1938).

***6. In the Alternative, the Supplemental Register Carries No Presumptions and No Secondary Meaning Is Pleaded.***

Alternatively, the Supplemental Register registrations carry none of the evidentiary presumptions on which Lanham Act enforcement depends: no presumption of validity, no constructive notice, no path to incontestability, and no prima facie evidence of distinctiveness. 15 U.S.C. §§ 1057(b), 1065, 1072, 1094; see *CreAgri, Inc. v. USANA Health Scis., Inc.*, 474 F.3d 626, 630 n.5 (9th Cir. 2007) (Supplemental Register registration is not prima facie evidence of validity or exclusive right to use); *Films of Distinction, Inc. v. Allegro Film Prods., Inc.*, 12 F. Supp. 2d 1068, 1076 (C.D.

Cal. 1998) (Supplemental Register application is "an admission against interest that the term is not inherently distinctive"). The burden therefore falls on Plaintiff to plausibly plead that "Community Brigade" is protectable, which requires factual allegations of acquired secondary meaning — that the consuming public primarily understands the phrase as identifying LAEPF's services rather than describing community-based disaster brigades generally. *U.S. Vessel*, 2017 WL 8232081, at *2.

Secondary meaning requires proof of factors including consumer testimony, advertising expenditure, length of use, and establishment of market position. *Filipino Yellow Pages*, 198 F.3d at 1151–52. The relevant audience is the consuming public — donors, volunteers, and partner agencies — and secondary meaning must be shown as of Community Brigade's 9/2/25 incorporation, the date of alleged infringement. *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1358 (9th Cir. 1985). The FAC nowhere plausibly alleges that the consuming public primarily understood "Community Brigade" as identifying LAEPF rather than the service category itself.

The FAC alleges only that the public "have associated the Community Brigade mark with LAEPF's Community Brigade" (FAC ¶ 59) — bare conclusions without facts regarding advertising, surveys, length of exclusive use, or intentional copying. The operational use described began in June 2021 (FAC ¶ 33) but was internal use with LACoFD, not source-identifying use to the consuming public. *See Closed Loop Mktg.*, 589 F. Supp. 2d at 1218. Consumer-facing use (FBN registration in March 2025, USPTO filing in July 2025) occurred only 5-6 months before Defendant's 9/2/25 incorporation, leaving no window for secondary meaning to accrue. These conclusory allegations fail *Iqbal* and *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

***7. Count One Fails as to the Unregistered Logo.***

Count One alleges trademark infringement under 15 U.S.C. § 1114, which protects only registered marks. The FAC acknowledges the "L.A. County Fire Dept. Community Brigade" logo is subject to pending applications (Serial Nos. 99558495, 99558500, 99558505) — not registrations. (FAC ¶ 37.) Pending applications confer no

rights under § 1114. Additionally, the TTABVUE record in Cancellation No. 92091338 reflects that these logo applications are disputed in a co-pending proceeding. (RJN 10, pp. 102–103.) Count One's logo-based claim fails as a matter of law.

Even more telling, on 5/4/26 — in the midst of this litigation — the USPTO issued 3 Nonfinal Office Actions on Plaintiff's 3 pending logo applications (Sn 99558495, 99558500, and 99558505), each requiring Plaintiff to disclaim the very wording "L.A. COUNTY FIRE DEPT. COMMUNITY BRIGADE" as "merely descriptive and primarily geographically descriptive of applicant's goods and/or services." (RJN 28–30, pp. 266–425.) The Examining Attorney expressly found that "the wording 'FIRE DEPT. COMMUNITY BRIGADE' merely describes an ingredient, quality, characteristic, function, feature, purpose, or use of applicant's goods and/or services," relying on Merriam-Webster's definitions of "COMMUNITY" as "a body of people with common interests or geographic area" and "BRIGADE" as "a group of people organized for a particular purpose." (Id.) The USPTO has thus refused — twice over and across both the word mark and the logo applications — to recognize "Community Brigade" as a source-identifying mark in any of Plaintiff's 6 pending or registered classes. Plaintiff cannot enforce as a trademark what the United States trademark office itself has now twice told Plaintiff is descriptive of its own services.

**B. <u>All Counts Against Community Brigade Separately Fail Because The FAC Employs Impermissible Group Pleading, Fails To Attribute Any Specific Conduct To The Corporate Entity, And Cannot Reach Acts Predating The Entity's Formation.</u>**

Every count directed at "all Defendants" (Counts Two through Six, Eight, and Nine) attributes the alleged misconduct to six defendants in the aggregate — five individuals and the corporate entity — without identifying which acts are attributable to Community Brigade. The FAC's new defined term "Individual Defendants" (FAC ¶ 6) crystallizes the problem: the FAC now expressly separates the five natural persons from Community Brigade for pre-incorporation conduct, yet continues to plead post-

incorporation conduct in the same undifferentiated mass. Iqbal requires each defendant's liability to be independently discernible from the well-pleaded factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant." *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011); accord *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007).

The defect has a dispositive factual dimension for Community Brigade. The entity was incorporated 9/2/25. (FAC ¶ 19.) Several of the acts central to the FAC pre-date that incorporation: the Gibbs Contractor Agreement was executed in July 2024 (FAC ¶ 114); the Community Brigade Program Waiver and Program Agreements were executed by individuals at unspecified earlier dates (FAC ¶¶ 117–118); the alleged computer-system access by Gibbs and Hauptman is tied to their pre-existing relationships with LAEPF (FAC ¶¶ 2–3, 94–96); and the FAC does not date the alleged social-media seizure, FBN filing, or bank-account opening (FAC ¶¶ 49, 53, 104, 120). A corporation cannot be liable for pre-formation conduct, and the FAC pleads no theory of ratification, adoption, or alter ego. The FAC's information-and-belief allegation that Gibbs and Hauptman acted "as agents of the Imposter Entity" (FAC ¶ 5) does not bridge the gap: it identifies no time, no scope of agency, and no post-incorporation conduct, and it asks the Court to attribute pre-formation acts to an entity that did not yet exist. Counts resting on pre-9/2/25 conduct fail as to the entity for that independent reason.

**C. <u>Count Four (Cal. Penal Code § 502) Fails.</u>**

Even taking § 502's reach at its broadest under Ninth Circuit precedent, Count Four does not state a claim against Community Brigade because the FAC's § 502 allegations are directed exclusively at individual defendants in their personal capacities and never reach the corporate entity.

The FAC's § 502-relevant allegations identify two specific individuals — Gibbs and Hauptman — and tie the alleged access to them personally: their "volunteer and

other relationships with LAEPF provided [them] significant access to LAEPF's accounts and operations" (FAC ¶ 2; see also ¶ 3), and "Gibbs and Hauptman particularly were administrators on various computer systems and had access to LAEPF's computer systems and the account credentials" (FAC ¶ 94). The FAC's new agency allegation — that "Defendants Gibbs and Hauptman are believed to have been acting as agents of the Imposter Entity while engaging in this conduct" (FAC ¶ 5) — does not cure the defect. It is a bare information-and-belief conclusion with no time, no specific act, no scope-of-agency facts, and no post-incorporation conduct: every act of computer access pled in the FAC is tied to Gibbs's and Hauptman's pre-existing relationships with LAEPF and predates Community Brigade's 9/2/25 incorporation. (FAC ¶ 114.) Conclusory agency labels do not satisfy Iqbal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The FAC nowhere alleges that Community Brigade — the corporate entity — accessed any computer system, took any data, or modified any credentials, and pleads no theory of agency, ratification, or alter ego under which the individuals' pre-incorporation acts could be attributed to the entity. Cf. *Destfino*, 630 F.3d at 958.

The Ninth Circuit's expansive reading of § 502 in *United States v. Christensen*, 828 F.3d 763, 789 (9th Cir. 2016) (en banc), does not fill that pleading gap. *Christensen* construed § 502(c) to reach knowing access plus impermissible "tak[ing], cop[ying], or mak[ing] use" of data even where initial access was authorized. *Id.* at 788–89 (quoting Cal. Penal Code § 502(c)(2)). But *Christensen*'s breadth speaks to the substantive scope of § 502; it does not relieve Plaintiff of its pleading obligation to allege that *Community Brigade* — not Gibbs, Hauptman, or "the individual defendants" generically — engaged in that conduct. Without such an allegation (or facts showing an identifiable agent acted on the entity's behalf), Count Four fails as to Community Brigade. *See* Section III.B.

The relief items requested under Count Four in paragraphs 98(f) and 98(g) — § 502(g) forfeiture and § 502(k) computer-use conditions — are also categorically unavailable in a private civil action and addressed in Section III.H.

///

**D. <u>Count Five (Conversion) Fails.</u>**

***1. The Goodwill Conversion Theory Fails the Ninth Circuit's Three-Part Test for Conversion of Intangibles.***

To support a conversion claim under California law, an intangible interest must satisfy a three-part test: "[1] there must be an interest capable of precise definition; [2] it must be capable of exclusive possession or control; and [3] the putative owner must have established a legitimate claim to exclusivity." *G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 903 (9th Cir. 1992); *accord Taylor v. Google, LLC*, 2024 WL 837044, at *1 (9th Cir. Feb. 28, 2024) (mem.) (applying *Rasmussen*'s "useful guideposts").

Goodwill fails all three prongs. It is "a highly abstract property interest" not "capable of precise definition." *Boon Rawd Trading Int'l Co., Ltd. v. Paleewong Trading Co.*, 688 F. Supp. 2d 940, 955 (N.D. Cal. 2010). It inseparably adheres to a business and cannot be separately possessed. Adkins v. Model Laundry Co., 92 Cal. App. 575, 583 (1928) ("ordinarily, there can be no conversion of the goodwill of a business"). And no claim to exclusivity in goodwill exists apart from the business. See Voris v. Lampert, 7 Cal. 5th 1141, 1150–51 (2019) (reaffirming conversion's narrow scope); *Miles, Inc. v. Scripps Clinic & Rsch. Found.*, 810 F. Supp. 1091, 1095 (S.D. Cal. 1993) (declining to recognize conversion of abstract intangible right where California courts had not addressed the question). Plaintiff's own reliance on *Lee v. Luxottica Retail N. Am., Inc.*, 65 Cal. App. 5th 793 (2021) (FAC ¶ 108) misreads that decision. *Lee* is not a conversion case; it held that lost profits are not recoverable as UCL restitution and expressly rejected "the proposition that a business has a vested property right in the share of the market that it occupies." *Id.* at 810. Federal courts applying California law continue to refuse to extend conversion to goodwill. See *Second Measure, Inc. v. Kim*, 143 F. Supp. 3d 961, 977 (N.D. Cal. 2015).

The FAC itself concedes the point: it acknowledges that Ninth Circuit federal courts have "declined to apply" conversion to "customer goodwill" (FAC ¶ 108), citing

*Boon Rawd*, 688 F. Supp. 2d at 955 — persuasive authority *against* the theory.

The FAC's only affirmative support is *Borgman v. Uga-Association Field Servs.*, No. G060399 (Cal. Ct. App. Oct. 19, 2021) — an unpublished California Court of Appeal decision that "must not be cited or relied on by a court or a party in any other action or proceeding" in California courts. Cal. R. Ct. 8.1115(a). An opinion California itself treats as non-precedential carries minimal weight when a federal court applies California law under *Erie*. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010). Even unpublished California decisions go the other way. *See Flannery v. Murray*, 2020 WL 4931702, at *8 (2020) (affirming dismissal of conversion claim for "share of … goodwill" under *Voris*). The goodwill conversion theory should be dismissed with prejudice.

***2. The Donation Diversion Theory Fails.***

The donation-diversion theory is a fraud-based claim that fails Rule 9(b)'s pleading requirements and fails *Rasmussen-Taylor* on every prong: hypothetical future donations are not "capable of precise definition" (speculative income contingent on third-party donor choices); LAEPF lacks "exclusive possession or control" of money never paid to it; and LAEPF has no "legitimate claim to exclusivity" in donations third-party donors freely directed elsewhere. *Voris* says the same in different terms: conversion of money "can be stated only where a defendant interferes with the plaintiff's possessory interest in a specific, identifiable sum"; "the simple failure to pay money owed does not constitute conversion." 7 Cal. 5th at 1151. The FAC's "but for" allegations that donations "would be received by LAEPF" (FAC ¶ 105) describe expectancies, not converted property. *See* Cal. Civ. Code § 700.

Plaintiff cannot rehabilitate the donation theory by invoking *Welco Electronics, Inc. v. Mora*, 223 Cal. App. 4th 202 (2014). *Welco* held that the unauthorized use of a victim's credit card to transfer a *specific identifiable sum* into the defendant's account was conversion — a "theft" fact pattern. *Id.* at 211, 215–16. *Welco*'s own three-pillar test — "specific" interest, "control," and "exclusive claim to the balance," *id.* at 211 —

is the same *Rasmussen-Taylor* framework, and it forecloses the theory here: LAEPF held no specific interest in, no control over, and no exclusive claim to donations a third party might one day make. Federal courts uniformly limit *Welco* to its facts and refuse to convert ordinary commercial disputes into conversion. *Kamath v. Robert Bosch LLC*, 2014 WL 2916570, at *4 (C.D. Cal. 2014); *Worldwide Travel, Inc. v. Travelmate US, Inc.*, 2015 WL 1013704, at *9–*10 (S.D. Cal. 2015); *Maye v. Online Land Sales LLC*, 2024 WL 382294, at *13–*14 (E.D. Cal. 2024).

***3. Bank-Account and Property Allegations Don't Cure the Defects.***

The FAC adds two factual layers. Neither cures the conversion defects. First, the new bank-account allegation (FAC ¶ 104) describes an account at which third-party donations were received, not a specific identifiable fund LAEPF held — and the FAC itself concedes LAEPF "is presently unable to state with specificity the amount of diverted donations." (Id.) That is the speculative-expectancy theory *Voris* rejected. Voris, 7 Cal. 5th at 1151. Second, the new property list (Ford F-550, PPE, twelve Starlink terminals — FAC ¶ 107) is pled in the same undifferentiated mass against "all Defendants" with no allegation that Community Brigade as a corporate entity received, possesses, or uses any of those items. Without an entity-level allegation, this theory fails on the same group-pleading grounds as Section III.B. A federal court in this Circuit recently dismissed a conversion claim on this precise group-pleading ground. *Beluca Ventures LLC v. Aktiebolag Bjorn Borg*, 622 F. Supp. 3d 806, 819 (N.D. Cal. 2022).

***4. The "Name Confusion" Theory Cannot Supply a Missing Property Right.***

Plaintiff's apparent theory — that confused donors converted LAEPF's property — fails as a matter of law. Trademark and conversion law operate independently: even actionable confusion does not retroactively vest title to donated funds in LAEPF. *See Dynamic Measurement Grp., Inc. v. Univ. of Oregon*, 121 F. Supp. 3d 1047, 1059 (D. Or. 2015) (rejecting "trademark conversion" theory as one that "would seek to displace federal trademark law"). And the California Supreme Court has held that "a plaintiff

has no claim for conversion merely because the defendant has a bank account and owes the plaintiff money." *Voris*, 7 Cal. 5th at 1152 (quoting Dan B. Dobbs et al., The Law of Torts § 63 (2d ed. 2011)). California's paradigmatic money-conversion case involves an agent or trustee who accepted specific funds for the plaintiff but pocketed them — not at issue here. *See Optional Capital, Inc. v. DAS Corp.*, 222 Cal. App. 4th 1388, 1402 (2014); *Hendrickson v. Octagon Inc.*, 225 F. Supp. 3d 1013, 1031 (N.D. Cal. 2016). Community Brigade was no agent or trustee for LAEPF and had no obligation — fiduciary, contractual, or otherwise — to transmit donations to LAEPF. In addition, it is also a fraud-based theory requiring particularized pleading under Rule 9(b), which the FAC fails to plead.

### E. <u>Count Six (§ 496) Fails to State a Claim.</u>

The FAC fails to plausibly allege that Community Brigade as a corporate entity received any specific stolen property with knowledge it was stolen. Count Six incorporates all preceding paragraphs (FAC ¶ 109) and now alleges that "Defendants' efforts to seize control of Plaintiff's assets, including a vehicle and numerous items of personal protective and fire response equipment, and operating funds" constitute theft (FAC ¶ 111), and that "Defendants have always known they did not own or have an immediate right to possess" the property (id.). Those amendments still do not identify any specific property that Community Brigade as a corporate entity received, the circumstances of receipt, or facts plausibly establishing entity-level knowledge that the property was stolen at receipt. Grouped allegations are insufficient. See Section III.B; see also *Iqbal*, 556 U.S. at 678.

### F. <u>Count Eight (Cal. Bus. & Prof. Code § 17200) Fails As To Community Brigade Because It Is Entirely Derivative, Contains No Independent Factual Allegations, And — To The Extent It Invokes The Fraudulent Prong — Fails Rule 9(B).</u>

#### *1. Count Eight Is Entirely Derivative.*

Count Eight is pled in five paragraphs (FAC ¶¶ 123–127), incorporates all

preceding counts by reference (¶ 121), and asserts in conclusory terms that "Defendants' actions and omissions described herein constitute unlawful, unfair, and fraudulent activities" (FAC ¶ 125). It identifies no specific prong, no independent facts, and no entity-specific conduct. Because the unlawful, unfair, and fraudulent prongs all rest on the same trademark-infringement conduct pled in Counts One through Three, the Section III.A genericness ruling is dispositive of Count Eight as to Community Brigade. See *U.S. Vessel*, 2017 WL 8232081, at *4 (where trademark predicate fails, plaintiff "has not pled a plausible UCL claim, which is premised on its trademark violations"); *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007). Where the UCL claim is entirely derivative of a failed predicate, it fails with the predicate. *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 165 F. Supp. 3d 937, 954 (S.D. Cal. 2016).

***2. Fraudulent Prong Fails Rule 9(b).***

Count Eight expressly invokes "fraudulent activities" (FAC ¶ 125) and incorporates the FAC's allegations of impersonation, deceptive donor solicitation, and unauthorized use of LAEPF's name to deceive the public. A UCL claim that relies on a "unified course of fraudulent conduct" must satisfy Rule 9(b) "in its entirety." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–06 (9th Cir. 2003). The FAC does not. As to Community Brigade specifically, it identifies no fraudulent statement, date, speaker, recipient, or mechanism; only generic "Defendants engaged in fraudulent activities" — exactly the formulaic pleading Rule 9(b) forbids. *Swartz*, 476 F.3d at 764.

**G. <u>Count Nine (Declaratory Relief) Is Duplicative.</u>**

Count Nine seeks a judicial declaration that LAEPF is the "rightful and lawful owner of the 'Community Brigade' mark and tradename, and 'L.A. County Fire Dept. Community Brigade' logo, and the monies and assets donated to LAEPF for the Community Brigade program." (FAC ¶ 132.) This relief is entirely coextensive with the relief sought in Counts One, Two, and Three (trademark ownership and rights), Count Five (conversion of assets and goodwill), and Count Six (civil theft of program assets).

The Declaratory Judgment Act, 28 U.S.C. § 2201, "creates a remedy, not a cause of action," and the decision whether to entertain a declaratory action is "discretionary." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942); *see also Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998). Courts in this Circuit and District routinely exercise that discretion to dismiss claims for declaratory relief that are duplicative of other causes of action in the same complaint, because "[a] claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action." *StreamCast Networks, Inc. v. IBIS LLC*, No. CV 05-04239, 2006 WL 5720345, at *4–5 (C.D. Cal. 2006); *accord Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009); *Swartz v. KPMG LLP*, 476 F.3d 756, 765–66 (9th Cir. 2007) (affirming dismissal of declaratory-relief claim as redundant of other claims).

### H. <u>Specific Prayers for Relief Fail.</u>

Rule 12(b)(6) reaches specific relief items that fail under governing law. *Whittlestone,* 618 F.3d 970 at 976. Two prayer items remain after Plaintiff's FAC amendments and fail as a matter of law.

#### *1. UCL Restitution for Third-Party Donations Fails.*

UCL restitution is "limited to the return of money or property the defendant obtained from the plaintiff." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (2003). Money from third-party donors to Community Brigade — never in LAEPF's possession — is not recoverable as restitution. Korea Supply, 29 Cal. 4th at 1149 ("Nonrestitutionary disgorgement of profits is not an available remedy in an individual action under the UCL."). The FAC conclusory alleges donors confused by the claimed infringement gave donations to Community Brigade instead of LAEPF. (FAC ¶¶ 101–105.) The donations were never LAEPF's money. The FAC's addition of specific bank-account allegations (FAC ¶ 104) does not change this analysis — the funds at issue allegedly moved directly from third-party donors to the Defendant's account, and never passed through LAEPF's hands. This should be dismissed with prejudice.

***2. Punitive Damages Fail Under § 3294(b).***

Cal. Civ. Code § 3294(b) requires "advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice" by an "officer, director, or managing agent of the corporation." *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 574–77 (1999). Prayer ¶ VII still seeks "punitive damages recoverable by law" against all defendants — including Community Brigade as a corporate entity. The FAC, however, never pleads the officer-level conduct § 3294(b) requires. It names Mikke Pierson, Jason Dax Miller, and Dana Wolf Phillips as officers of Community Brigade (FAC ¶ 46) but identifies no specific act of authorization or ratification by any of them — no time, no place, no statement, no decision attributable to any officer in his or her corporate capacity. Conclusory invocation of the statute does not satisfy *Iqbal*. 556 U.S. at 678. Prayer ¶ VII should be dismissed.

## IV. LEAVE TO AMEND

Leave to amend should be denied with prejudice as to every count on which Plaintiff has already had — and squandered — an opportunity to amend. *In re Read-Rite Corp.*, 335 F.3d 843, 845 (9th Cir. 2003) (discretion to deny leave to amend is "particularly broad where plaintiff has previously amended the complaint."); accord *Salameh v. Tarsadia Hotel, Corp.*, 726 F.3d 1124, 1133 (9th Cir. 2013); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). And the Ninth Circuit has affirmed with-prejudice dismissal where the plaintiff "points to no additional facts that it might allege to cure these deficiencies, which persisted in every prior iteration of the [complaint]." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008). Plaintiff here was told what was wrong, agreed in writing to fix it, and amended with that roadmap in hand. The law presumes the amended complaint is the best case the plaintiff can plead.

///

///

///

On 4/23/26, the parties met and conferred under Local Rule 7-3 regarding the very pleading defects this motion raises. (Wolf Decl. ¶ 6 & Ex. A.) On 4/30/26, the parties further conferred and stipulated that Plaintiff would file an amended pleading specifically to address those deficiencies — including the trademark counts, the group-pleading defects, the conversion theories, the civil-theft count, and the UCL count. (ECF No. 14, ¶ 7.) The Court entered the order on that Stipulation, and Plaintiff filed the FAC on 5/14/26. (ECF No. 15.) Plaintiff thus had Defendant's specific pleading-defect roadmap in hand when it amended.

Despite that opportunity, the FAC pleads no new facts that cure the defects. It dropped three discrete remedy items (UCL punitives, § 502(g) forfeiture, § 502(k) computer-use conditions) but elsewhere doubled down on the same conclusory allegations — substituting more labels for facts, not facts for labels. The genericness allegations are unchanged. The trademark distinctiveness allegations are unchanged. The FAC's new "Individual Defendants" defined term (FAC ¶ 6) does not fix the group pleading. The new "agents of the Imposter Entity" allegation (FAC ¶ 5) is information-and-belief with no time, scope, or post-incorporation conduct. The new bank-account allegation (FAC ¶ 104) still identifies no specific identifiable sum LAEPF had a right to receive. The new property list (FAC ¶ 107) is pled in the same undifferentiated mass with no entity-specific allegation as to Community Brigade.

No amendment can convert a generic term into a protectable mark. In addition, Plaintiff had Defendant's specific pleading-defect roadmap in hand, agreed in writing to fix it, and chose to substitute more labels for facts rather than facts for labels. That is itself the strongest possible concession that no curative facts exist as to any count or prayer against Community Brigade. Every count should be dismissed without further leave to amend.

///

///

///

## V. CONCLUSION

For these reasons, Community Brigade respectfully requests the Court dismiss all FAC claims against it, with prejudice and without leave to amend.

DATED: May 21, 2026

**WOLF WALLENSTEIN, PC**

Ellen Kaufman Wolf
Evan W. Grant
Attorneys for Defendants

**CERTIFICATE OF COMPLIANCE (L.R. 11-6.2)**

The undersigned, counsel of record for Defendant Community Brigade, certifies that this brief contains 6,994 words, including everything required to be counted by Local Rule 11-6.1. This brief therefore complies with the word limit of Local Rule 11-6.1.

DATED: May 21, 2026

**WOLF WALLENSTEIN, PC**



Ellen Kaufman Wolf
Evan W. Grant
Attorneys for Defendants

# CERTIFICATE OF SERVICE

*Los Angeles Emergency Preparedness Foundation v. Mikke Pierson, et al.*
USDC Case No. 2:26-cv-02463

I am employed in the State of California, County of Los Angeles, over the age of eighteen years, and not a party to the within action. My business address is 11400 West Olympic Boulevard, Suite 700, Los Angeles, California 90064.

On May 21, 2026, I served the within documents:

**DEFENDANT COMMUNITY BRIGADE'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

[ ] by placing **[ ] the original [ ] a true and correct copy** of the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

[ ] by causing messenger delivery by First Legal attorney service of **[ ] the original [ ] a true and correct copy** of the document(s) listed above to the person(s) at the address(es) set forth below.

[X] BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

[SEE ATTACHED SERVICE LIST]

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 21, 2026, at Los Angeles, California.

*Nicole Carlson*

Nicole Carlson

## SERVICE LIST

*Los Angeles Emergency Preparedness Foundation (LAEPF) v. Mikke Pierson, et al.*
USDC Case No. 2:26-cv-02463

| | |
|---|---|
| Ali Parvaneh<br>Susanna F. Wiseman<br>Jacob A. Pace<br>MADISON LAW, APC<br>17702 Mitchell North<br>Irvine, California 92614 | *Attorneys for Plaintiff Los Angeles Emergency Preparedness Foundation dba Community Brigade*<br><br>Telephone: 949-756-9050<br>Facsimile: 949-756-9060<br><br>Email:<br>aparvaneh@madisonlawapc.com<br>swiseman@madisonlawapc.com<br>jpace@madisonlawapc.com |