ELLEN KAUFMAN WOLF (Cal. Bar No. 110686)
ewolf@wolfwallenstein.com
EVAN W. GRANT (Cal. Bar No. 234039)
egrant@wolfwallenstein.com
**WOLF WALLENSTEIN, PC**
11400 West Olympic Boulevard, Suite 700
Los Angeles, California 90064
Telephone: (310) 622-1000
Facsimile: (310) 457-9087

Attorneys for Defendant Community Brigade

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOS ANGELES EMERGENCY PREPAREDNESS FOUNDATION dba COMMUNITY BRIGADE, a California nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>MIKKE PIERSON, an individual; JASON DAX MILLER aka DAX MILLER, an individual; DANA WOLF PHILLIPS, an individual; KEEGAN GIBBS, an individual; TYLER HAUPTMAN, an individual; COMMUNITY BRIGADE, a California nonprofit corporation; and DOES 1 through 50, inclusive,<br><br>Defendants | Case No. 2:26-cv-02463-GW (DFMx)<br><br>**DECLARATION OF ELLEN KAUFMAN WOLF IN SUPPORT OF DEFENDANT COMMUNITY BRIGADE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Hon. George H. Wu<br><br>*[Filed concurrently with Motion to Dismiss and Request for Judicial Notice]*<br><br>Date: June 18, 2026<br>Time: 8:30 a.m.<br>Courtroom: 9D |

# DECLARATION OF ELLEN KAUFMAN WOLF

I, Ellen Kaufman Wolf, declare as follows:

1. I am a member in good standing of the State Bar of California and a partner at the law firm of Wolf Wallenstein, PC, attorneys of record for Defendant Community Brigade, a California nonprofit corporation, in the above-captioned action. I have personal knowledge of the matters stated in this declaration, except where stated on information and belief, and as to those matters I believe them to be true. If called upon to testify to the matters stated herein, I could and would competently do so.

2. I submit this declaration in support of Defendant Community Brigade's concurrently filed Motion to Dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and Request for Judicial Notice in support thereof.

3. On March 6, 2026, Plaintiff Los Angeles Emergency Preparedness Foundation dba Community Brigade ("Plaintiff" or "LAEPF") filed its initial Complaint in this action. (ECF No. 1.)

4. On March 26, 2026, Plaintiff served the Summons and Complaint on Defendant Community Brigade. To Defendant's knowledge, no other named defendant has been served to date.

5. On April 13, 2026, the parties filed a first joint stipulation extending the deadline for Defendant Community Brigade's responsive pleading by fourteen days, from April 16, 2026 to April 30, 2026.

6. On April 17, 2026, my colleague Evan W. Grant and I transmitted a comprehensive written meet-and-confer letter to Ali Parvaneh, Susanna F. Wiseman, and Jacob A. Pace of Madison Law, APC, counsel for Plaintiff (the "Meet-and-Confer Letter"), identifying the specific pleading deficiencies in Plaintiff's initial Complaint that Defendant intended to raise in a motion to dismiss under Rule 12(b)(6) and, as appropriate, a motion to strike under Rule 12(f). A true and correct copy of the Meet-and-Confer Letter dated April 17, 2026, is attached hereto as **Exhibit A**. On April 23,

2026, I, along with my colleague Evan W. Grant, met and conferred telephonically with counsel for Plaintiff, including Jacob A. Pace, regarding the Meet-and-Confer Letter and the pleading deficiencies identified therein.

7. The Meet-and-Confer Letter identifies, among other things, the following pleading deficiencies: (a) Counts One, Two, and Three (trademark infringement, false designation of origin, and common-law trademark infringement) and the derivative UCL claim in Count Eight fail because "Community Brigade" is generic and cannot function as a trademark; (b) every count against Defendant Community Brigade as a corporate entity employs impermissible group pleading and cannot reach pre-incorporation conduct because Community Brigade was not incorporated until September 2, 2025; (c) Count Four (Cal. Penal Code § 502) fails to allege computer access by Community Brigade as a corporate entity; (d) Count Five (conversion) fails the Ninth Circuit's three-part Rasmussen-Taylor test for conversion of intangibles and fails to identify a specific, identifiable sum under Voris v. Lampert; (e) Count Six (Cal. Penal Code § 496) fails to allege receipt of specific stolen property with knowledge; (f) Count Eight (Cal. Bus. & Prof. Code § 17200) is entirely derivative and fails Rule 9(b) as to the fraudulent prong; and (g) Count Nine (declaratory relief) is duplicative of other causes of action. The Meet-and-Confer Letter further identified categorically unavailable remedy items, including UCL punitive damages, UCL attorneys' fees, restitution of third-party donations under the UCL, forfeiture under California Penal Code § 502(g), and computer-use conditions under California Penal Code § 502(k).

8. On April 25, 2026, the parties filed a second joint stipulation extending the deadline for Defendant Community Brigade's responsive pleading by an additional fifteen days, from April 30, 2026 to May 15, 2026.

9. On April 30, 2026, I, along with my colleague Evan W. Grant, met and conferred telephonically for a second time with counsel for Plaintiff, including Jacob A. Pace, regarding the pleading deficiencies identified in the Meet-and-Confer Letter. As a result of that conference, Plaintiff agreed, in lieu of opposing Defendant

Community Brigade's anticipated motion to dismiss, to file a First Amended Complaint specifically intended to address the pleading deficiencies Defendant had identified. The parties memorialized this agreement in a written Stipulation filed with the Court on April 30, 2026. (ECF No. 14.) Paragraph 7 of the Stipulation expressly enumerates the categories of deficiencies that Plaintiff's First Amended Complaint would address, including (without limitation): clarification of references to all "Defendants" particularly where allegations predated Defendant Community Brigade's incorporation; revision of agency allegations; clarification of the conversion cause of action; clarification of the receipt-of-stolen-property claim; removal of certain remedies from the UCL cause of action (including punitive damages and attorneys' fees); revision of the "fraudulent" prong of the UCL claim; clarification of computer-access allegations; and removal of the forfeiture remedy under the Computer Crimes cause of action.

10. The Court entered an Order granting the parties' April 30, 2026 Stipulation on May 6, 2026. The Order provides that Plaintiff shall file a First Amended Complaint and that Defendant Community Brigade shall file its responsive pleading or motion to dismiss the First Amended Complaint within twenty-one days after the date of service of the First Amended Complaint.

11. On May 14, 2026, Plaintiff filed its First Amended Complaint. (ECF No. 15.)

12. The First Amended Complaint was electronically served on Defendant Community Brigade through CM/ECF on May 14, 2026, making Defendant Community Brigade's responsive pleading deadline Thursday, June 4, 2026.

13. With respect to the categories of pleading deficiencies that Plaintiff expressly agreed in Paragraph 7 of the Stipulation to address, Plaintiff's First Amended Complaint deletes the discrete remedy items that Defendant identified as categorically unavailable — specifically, UCL punitive damages (former Complaint ¶ 126), UCL attorneys' fees (Prayer ¶ VI as previously pleaded), forfeiture under California Penal

Code § 502(g) (former Complaint ¶ 98(f)), and computer-use restrictions under California Penal Code § 502(k) (former Complaint ¶ 98(g)) — but does not allege new factual content sufficient to cure the pleading defects identified in the Meet-and-Confer Letter. Plaintiff's amendments to the trademark counts, conversion count, civil-theft count, UCL count, and declaratory-relief count instead repeat the substance of the prior allegations in conclusory form or recast the same allegations using a newly defined term, "Individual Defendants" (FAC ¶ 6), without adding entity-specific factual allegations against Defendant Community Brigade as a corporate entity.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 21, 2026, at Los Angeles, California.

Ellen Kaufman Wolf

# EXHIBIT A

WOLF WALLENSTEIN, PC

April 17, 2026

*Via E-Mail*
Ali Parvaneh, Esq.
*aparvaneh@madisonlawapc.com*
Susanna F. Wiseman, Esq.
*swiseman@madisonlawapc.com*
Jacob A. Pace, Esq.
*jpace@madisonlawapc.com*
MADISON LAW, APC
17702 Mitchell North
Irvine, California 92614

**Re:** ***Los Angeles Emergency Preparedness Foundation v. Pierson, et al.*****, C.D. Cal. Case No. 2:26-cv-02463 - Meet-and-Confer Letter Pursuant to Local Rule 7-3 Regarding Defendant Community Brigade's Intended Rule 12(b)(6) Motion to Dismiss and Rule 12(f) Motion to Strike**

Dear Counsel:

Pursuant to Local Rule 7-3 of the United States District Court for the Central District of California, we write on behalf of Defendant Community Brigade to meet and confer regarding pleading deficiencies in Plaintiff's initial Complaint (ECF No. 1, filed March 6, 2026) that Defendant intends to raise in a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), and a Motion to Strike pursuant to Federal Rule of Civil Procedure 12(f). We request that you advise us within seven (7) days of this letter whether Plaintiff intends to amend the Complaint to cure any of the deficiencies identified herein, or whether we should proceed with filing our motions.

For purposes of Defendant's motions, we will assume the "truth" of the well pleaded factual allegations of the Complaint, as we must, even whereas here the allegations are, in fact, untruthful. Thus, the below arguments, do not address the obvious false nature of the claims, which both Plaintiff and Defendant know are baseless and malicious, and filed for ulterior purposes.

In summary, and as more fully explained below, Community Brigade intends to move for dismissal of the following counts on the following grounds.[1]

1. All of Plaintiff's trademark claims fail because the term "community brigade" is a generic term that cannot be trademarked, just as neither LAEPF nor anyone else could trademark the terms "law firm," "fire brigade," or "community group.
2. "Community Brigade" is not a protected trademark on the Principal Register, which was rejected by the US Trademark office because the term is generic and at best descriptive, and cannot function as an exclusive Trademark.
3. Plaintiff's trademark on the Supplemental Registration, (which also disclaims the word "Brigade" as descriptive) does not provide the protections alleged in the Complaint of ownership, validity, or exclusive use. Plaintiff has not alleged, and cannot plausibly allege, facts to show secondary meaning.
4. As to the logo reflecting "L.A. County Fire Dept. Community Brigade," no cause of action is stated because that mark is the subject of pending applications only, and which in fact are also pending cancellation. (The subject Community Brigade logo is, in fact, owned by Defendant Community Brigade.)
5. The Complaint fails for specificity and plausibility on several fronts, including but not limited to plausibility of secondary meaning, specificity of allegations as to each of the five Defendants, specificity of allegations as to fraud and other asserted acts, and the like.
6. The "criminal" computer access claims are self-evidently frivolous – the Complaint itself alleges that the individual defendants were authorized to access LAEPF's computer systems pursuant to their volunteer and employment relationships with LAEPF. Moreover, the Complaint contains no allegation that Community Brigade as a corporate entity accessed any such LAEPF computer system.
7. The conversion claim falls because goodwill is not an asset that can be the basis of a conversion claim. As to the donation diversion theory, the Complaint identifies no specific funds that Community Brigade wrongfully took, nor will Plaintiff be able to truthfully so aver.
8. As to the "receipt of stolen property" claim, the Complaint does not identify any specific property that Community Brigade itself received, the circumstances of receipt, or facts establishing knowledge that any such property was stolen. Indeed, no such facts exist and Plaintiff knows it.
9. The unfair competition claim fails because it is based on all the rest, which fail; moreover, lacks specificity in the allegations of fraud and corporate action.

---

[1] Count Seven is not asserted against Community Brigade. Accordingly, we do not address the various defects in that claim at this time.

In further summary, Community Brigade intends to move to strike portions of the Complaint, as more fully stated below, for the following reasons:

1. Punitive damages, attorney's fees, and the other requested remedies (other than restitution and injunctive relief), are categorically unavailable under California's Unfair Competition Law.
2. UCL restitution is limited to money taken directly from the plaintiff and held by the defendant. An order requiring Community Brigade to disgorge unidentified donations it received from third-party donors who never dealt with LAEPF is not "restitution" within the meaning of the UCL.
3. The forfeiture remedy requested under Cal. Penal Code § 502(g)) is only available in a criminal action brought by the government, and not in a civil action brought by a private party.
4. Conditions on Computer Use under Cal. Penal Code § 502(k)) governing the terms of supervision for persons convicted of a § 502 violation, can only be sought in a criminal action and is not an available remedy in a civil action.
5. The Complaint fails to plead, much less plausibly plead, any allegations for corporate liability for punitive damages, much less the corporate-officer ratification required by California Civil Code § 3294(b) to support punitive damages against a corporate defendant. No such allegation is made as to any officer, director, or managing agent of Community Brigade.

## I. <u>MOTION TO DISMISS (FRCP 12(b)(6))</u>

### A. Counts One, Two, and Three (and the Derivative UCL Claim in Count Eight): "Community Brigade" Is Generic and Cannot Function as a Trademark.

The Complaint premises all three trademark counts (and, derivatively, the UCL claim in Count Eight) on the assumption that Plaintiff holds trademark rights in "Community Brigade." Plaintiff does not, for a reason that is dispositive: "Community Brigade" is a generic term. It is the ordinary English name for what Plaintiff's alleged Pilot Program was—a brigade (an organized group) made up of community members, for community-based disaster preparedness and response. A community brigade is what it is: a group/brigade from the community.

Generic terms are categorically excluded from trademark protection. They cannot be registered on the Principal Register; they cannot be registered on the Supplemental Register (which is reserved for marks "capable of distinguishing applicant's goods or services," 15 U.S.C. § 1091(a)); they cannot achieve incontestable status (15 U.S.C. § 1065); and they cannot support an infringement claim—no matter how much use, how much advertising, or how much public association a claimant may allege. *See* 15 U.S.C. § 1064(3); *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 194 (1985) ("Generic terms are not registrable, and a registered mark may be canceled at any time on the grounds that it has become generic."); *Filipino Yellow Pages, Inc. v. Asian

*Journal Publ'ns, Inc.*, 198 F.3d 1143, 1147–51 (9th Cir. 1999); *Surgicenters of Am., Inc. v. Med. Dental Surgeries, Co.*, 601 F.2d 1011, 1014–18 (9th Cir. 1979).

By direct analogy, no entity may trademark "Law Firm" for a law firm, "Fire Brigade" for firefighting services, "Community Organization" for a nonprofit organization, or "Community Group" for a civic association. Each of those phrases names a thing; each belongs to the public domain; and each remains free for anyone to use. "Community Brigade" falls on the same side of the line as applied to a community-based volunteer brigade for disaster preparedness. Plaintiff cannot monopolize the plain English label for the very category of civic activity in which it operates.

The USPTO's own records—which the Court may take judicial notice of on a Rule 12(b)(6) motion and which are separately referenced in the Complaint—confirm the term's non-protectable character. On December 2, 2025, the USPTO refused Principal Register registration of all three "Community Brigade" applications (Serial Nos. 99265204, 99265207, 99265213), finding the phrase "merely describes a characteristic of applicant's goods and/or services" under Trademark Act Section 2(e)(1), 15 U.S.C. § 1052(e)(1). The Office Actions expressly define "COMMUNITY" as "a group of people living in the same locale or those with a common interest" and "BRIGADE" as "a group of persons organized for a specific purpose, such as disaster preparedness of fire prevention," and document third-party generic use of the exact phrase "community brigade" in publications including a February 3, 2025 article from the Durrell Wildlife Conservation Trust ("Meet the Community Brigade Fighting Fires to Save Wildlife") and an August 2, 2025 article from The Lookout. In response to those refusals, Plaintiff elected to seek registration on the Supplemental Register, and the resulting Registration Certificates (Reg. Nos. 8112456, 8112457, 8112458), which the Complaint cites at paragraph 37 as evidence of trademark ownership, each bear the express designation "Supplemental Register" on their face. Supplemental Register registration does not immunize a generic term from invalidity: a term incapable of distinguishing is unregistrable even on the Supplemental Register. 15 U.S.C. § 1091(a).

In the alternative—even if the Court were to treat the phrase as descriptive rather than generic at the pleading stage—the trademark claims still fail. Supplemental Register registration carries none of the Lanham Act's evidentiary presumptions: no presumption of validity, ownership, or exclusive right to use (15 U.S.C. § 1057(b)); no constructive notice (15 U.S.C. § 1072); and no path to incontestability (15 U.S.C. § 1065). Plaintiff must therefore plausibly plead acquired secondary meaning, and the Complaint's secondary meaning allegations are conclusory and insufficient under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Separately, Count One fails as to the "L.A. County Fire Dept. Community Brigade" logo because that mark is the subject of pending applications only (Serial Nos. 99558495, 99558500, 99558505)—not registrations—and Section 1114 applies only to registered marks.

Because "Community Brigade" is generic as a matter of law, we believe no amendment can cure the defect in Counts One through Three (and, derivatively, Count Eight), and we intend to seek dismissal with prejudice of the trademark counts on that ground.

**B. All Counts: Impermissible Group Pleading; No Entity-Specific Allegations; Pre-Formation Conduct Not Attributable to Community Brigade.**

The Complaint attributes the complained-of conduct throughout to undifferentiated "Defendants"—five individual defendants and the corporate entity together—without identifying which specific acts are attributable to Community Brigade as a distinct legal entity. "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant." *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011). This principle applies equally under Rule 8(a): under *Iqbal*'s plausibility standard, each defendant's liability must be independently assessable from the pleaded facts. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For fraud-grounded claims, the complaint must "allege the role of each defendant in the alleged fraudulent scheme." *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007).

The group pleading deficiency is compounded by a dispositive timeline issue. Community Brigade was incorporated September 2, 2025. (Compl. ¶ 19.) Multiple predicate acts identified in the Complaint plainly predate that formation: the Gibbs Contractor Agreement was executed in July 2024 (Compl. ¶ 112); the Volunteer Agreements were executed at unspecified earlier dates (Compl. ¶¶ 115–116); and the Complaint does not specify when many of the individually-described acts (FBN registration, social media account seizure, bank account opening) occurred. An entity cannot be liable for conduct predating its existence, and no theory of pre-incorporation adoption, ratification, or alter ego is pleaded. To the extent any count rests on pre-September 2, 2025 conduct, it fails as to Community Brigade as a matter of law.

For fraud-grounded claims (Count Eight's UCL fraudulent prong in particular), the group pleading failure is separately fatal under Rule 9(b). The Complaint identifies no specific fraudulent statement made by Community Brigade as a corporate entity—no speaker, no date, no recipient, no statement, no medium. Undifferentiated "Defendants" fraud allegations do not satisfy the "who, what, when, where, and how" requirement. *Swartz*, 476 F.3d at 764.

**C. Count Four (Cal. Penal Code § 502): Authorized Access and No Entity-Specific Allegations.**

Count Four fails for two independent reasons. First, the Complaint itself alleges that the individual defendants accessed LAEPF's computer systems pursuant to their volunteer and employment relationships with LAEPF. (Compl. ¶¶ 2–3, 93.) Those are admissions of authorized access—a threshold problem for a § 502 claim. Second, and independently, the Complaint contains no allegation that Community Brigade as a corporate entity accessed any computer system. The access allegations identify only individual defendants (Gibbs and Hauptman) in their personal capacities.

**D. Count Five (Conversion): No Specific Identifiable Sum; Goodwill Theory Legally Unsupported.**

First, conversion of money in California "can be stated only where a defendant interferes with the plaintiff's possessory interest in a specific, identifiable sum." *Voris v. Lampert*, 7 Cal. 5th 1141, 1151 (2019). Plaintiff's donation diversion theory identifies no specific, segregated fund in LAEPF's possession that Community Brigade wrongfully took. Second, Plaintiff's goodwill conversion theory is legally unsupported. Plaintiff's own cited authority, *Boon Rawd Trading Int'l Co. v. Paleewong Trading Co.*, 688 F. Supp. 2d 940, 955 (N.D. Cal. 2010), expressly "declines to extend the tort of conversion to customer goodwill." The only authority Plaintiff cites in support, *Borgman v. Uga-Association Field Servs.*, No. G060399 (Cal. Ct. App. Oct. 19, 2021), is unpublished, not persuasive, and may not even be cited as persuasive authority in California courts. Cal. R. Ct. 8.1115(a).

**E. Count Six (Cal. Penal Code § 496): No Allegation of Receipt of Stolen Property.**

Section 496(a) requires pleading that the defendant bought, received, concealed, sold, or withheld specifically identified stolen property, knowing it to be stolen. The Complaint does not identify any specific property that Community Brigade itself received, the circumstances of receipt, or facts establishing knowledge that any such property was stolen.

**F. Count Eight (UCL): Derivative of the Trademark Counts (and Falls With Them on Genericness); Also Fails Rule 9(b) as to the Fraudulent Prong.**

Count Eight fails on three independent grounds. First, it is entirely derivative of the trademark counts and other predicate counts: it incorporates all preceding counts by reference and asserts in conclusory terms that "Defendants' actions" constitute UCL violations, without specifying which prong (unlawful, unfair, or fraudulent) applies or what specific acts Community Brigade committed. A UCL claim that is entirely derivative of other claims that themselves fail must also fail. Because "Community Brigade" is generic as a matter of law (see Section A above), the trademark counts on which the UCL claim is built collapse, and the UCL claim collapses with them.

Second, Count Eight expressly invokes the "fraudulent" prong (Compl. ¶ 123) and by incorporating all preceding allegations relies on a unified course of alleged fraudulent conduct—impersonation, deceptive donation solicitation, and false representations to the public. Under *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009), and *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003), a UCL claim grounded in fraud must satisfy Federal Rule of Civil Procedure 9(b)'s heightened particularity requirement in its entirety. The Complaint identifies no specific fraudulent representation made by Community Brigade as a corporate entity—no speaker, no statement, no date, no recipient, no manner of communication. That omission is fatal to the fraudulent prong under Rule 9(b).

Third, the Complaint pleads no independent entity-level misconduct by Community Brigade that is distinct from the conduct alleged in the other counts. Under *Iqbal* and *Twombly*, the Complaint's

bare recitation that "Defendants" engaged in "unlawful, unfair, and fraudulent" conduct does not plausibly allege Community Brigade's specific role.

**G. Count Nine (Declaratory Relief): Duplicative of Other Counts.**

Count Nine seeks declarations that are entirely coextensive with the relief available under Counts One through Three, Five, and Six. Declaratory relief is a remedy, not an independent cause of action, and courts routinely dismiss declaratory relief counts that are wholly redundant of other pending claims. The Declaratory Judgment Act confers discretion, not an absolute right, and there is no independent controversy presented by Count Nine that is not already before the Court.

**II. <u>MOTION TO STRIKE (FRCP 12(f))</u>**

Separately, and in addition to or in the alternative to the dismissal arguments above, Community Brigade intends to move under Rule 12(f) to strike the following specific allegations and prayers as legally unavailable or redundant:

(1) Paragraph 126 and Prayer VII (Punitive Damages under Count Eight — UCL): Punitive damages are categorically unavailable under California's Unfair Competition Law. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003). "[R]estitution is the only monetary remedy expressly authorized by section 17203"; attorney fees, damages, and punitive damages are not available under the UCL.

(2) Paragraph 98(f) (Forfeiture under Cal. Penal Code § 502(g)): Section 502(g) provides that property used during commission of "a public offense" shall be subject to forfeiture. This is a criminal-context remedy unavailable in a civil action brought by a private party. The civil remedy under § 502 is limited to "compensatory damages and injunctive relief or other equitable relief." Cal. Penal Code § 502(e)(1).

(3) Paragraph 98(g) (Conditions on Computer Use under Cal. Penal Code § 502(k)): Section 502(k) governs the terms of supervision for persons convicted of a § 502 violation. It has no application in a civil action.

(4) UCL "Restitution" of Third-Party Donations (Count Eight): Under *Korea Supply* and *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011), UCL restitution is limited to money taken directly from the plaintiff and held by the defendant. An order requiring Community Brigade to disgorge donations it received from third-party donors who never dealt with LAEPF is not "restitution" within the meaning of the UCL.

(5) General Punitive Damages Prayer (Prayer VII) as to Community Brigade under Count Five (Conversion) and Count Six (§ 496): The Complaint fails to plead the corporate-officer ratification required by California Civil Code § 3294(b) to support punitive damages against a corporate defendant. No such allegation is made as to any officer, director, or managing agent of Community Brigade.

## III. REQUEST FOR CONFERENCE

We request that you contact us to schedule a telephonic or video conference to discuss these issues. We are available on April 20, 2026 at 10:30 am or 1:00 pm, April 21 at 11:00 am or 12:00 noon, or April 22 at 10:00 am. If these dates and times do not work for you, please propose available times for the conference to take place on or before April 23, 2026. If we do not hear from you within that time, we are unable to have a conference by that date, or we do not agree on a further extension along with an agreed date for the meet and confer, we will proceed with Defendant's motions without further notice, and we will inform the Court that counsel for Plaintiff did not participate in a conference despite our request.

Nothing in this letter is intended as a waiver of any defense or argument, and Defendant expressly reserves all rights. If Plaintiff intends to file an amended complaint, please advise us as soon as possible so that we may coordinate briefing schedules.

We look forward to discussing these issues with you and to resolving, if possible, the need for judicial intervention.

Very truly yours,

WOLF WALLENSTEIN, PC

Ellen K. Wolf

# CERTIFICATE OF SERVICE

*Los Angeles Emergency Preparedness Foundation v. Mikke Pierson, et al.*
USDC Case No. 2:26-cv-02463

I am employed in the State of California, County of Los Angeles, over the age of eighteen years, and not a party to the within action. My business address is 11400 West Olympic Boulevard, Suite 700, Los Angeles, California 90064.

On May 21, 2026, I served the within documents:

**DECLARATION OF ELLEN KAUFMAN WOLF IN SUPPORT OF DEFENDANT COMMUNITY BRIGADE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

[ ] by placing **[ ] the original [ ] a true and correct copy** of the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

[ ] by causing messenger delivery by First Legal attorney service of **[ ] the original [ ] a true and correct copy** of the document(s) listed above to the person(s) at the address(es) set forth below.

[X] BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

[SEE ATTACHED SERVICE LIST]

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 21, 2026, at Los Angeles, California.

*Nicole Carlson*
Nicole Carlson

**SERVICE LIST**

*Los Angeles Emergency Preparedness Foundation v. Mikke Pierson, et al.*
USDC Case No. 2:26-cv-02463

| | |
|---|---|
| Ali Parvaneh<br>Susanna F. Wiseman<br>Jacob A. Pace<br>MADISON LAW, APC<br>17702 Mitchell North<br>Irvine, California 92614 | *Attorneys for Plaintiff Los Angeles Emergency Preparedness Foundation dba Community Brigade*<br><br>Telephone: 949-756-9050<br>Facsimile: 949-756-9060<br><br>Email:<br>aparvaneh@madisonlawapc.com<br>swiseman@madisonlawapc.com<br>jpace@madisonlawapc.com |