Ali Parvaneh, SBN 218320
aparvaneh@madisonlawapc.com
Susanna F. Wiseman, SBN 281234
swiseman@madisonlawapc.com
Jacob A. Pace, SBN 351963
jpace@madisonlawapc.com
**MADISON LAW, APC**
17702 Mitchell North
Irvine, California 92614
Tel: 949-756-9050
Fax: 949-756-9060

Attorneys for Plaintiff
Los Angeles Emergency Preparedness
Foundation dba Community Brigade

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LOS ANGELES EMERGENCY PREPAREDNESS FOUNDATION dba COMMUNITY BRIGADE, a California nonprofit corporation,

Plaintiff,

v.

MIKKE PIERSON, an individual; JASON DAX MILLER aka DAX MILLER, an individual; DANA WOLF PHILLIPS, an individual; KEEGAN GIBBS, an individual; TYLER HAUPTMAN, an individual; COMMUNITY BRIGADE, a California nonprofit corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No.: 2:26-cv-02463 GW (DFMx)
Assigned to: Honorable George H. Wu

**PLAINTIFF LOS ANGELES EMERGENCY PREPAREDNESS FOUNDATION dba COMMUNITY BRIGADE'S OPPOSITION TO DEFENDANT COMMUNITY BRIGADE'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Hearing: June 18, 2026
Time: 8:30 a.m.
Courtroom: 9D

Complaint Filed: March 6, 2026
FAC Filed: May 14, 2026

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

## TABLE OF CONTENTS

**I. INTRODUCTION** .......... **6**

**II. RELEVANT FACTS** .......... **7**

**III. LEGAL STANDARD** .......... **8**

**IV. LEGAL ARGUMENTS** .......... **9**

***A. Imposter Entity's Request for Judicial Notice Should be Denied in its Entirety*** .......... *9*

***B. Plaintiff's Causes of Action for Trademark Infringement under the Lanham Act (15 U.S.C. § 1114 and 1125(a), and Common Law Trademark Infringement*** .......... *11*

**i. Whether Plaintiff's Mark is 'Generic' is not Appropriately Adjudicated at the Pleading Stage** .......... 12

**ii. Plaintiff Alleges a Protectable Trademark** .......... 13

**iii. Plaintiff Alleges the Likelihood of Confusion** .......... 15

***C. Imposter Entity's 'Catch-All' Group Pleading Claims Have No Merit*** .......... *16*

***D. Plaintiff Properly Pleads its Claim Under Cal. Pen. Code § 502*** .......... *17*

***E. Plaintiff Properly Pleads a Claim for Conversion*** .......... *18*

***F. Plaintiff Properly Pleads a Claim for Violation of Cal. Pen Code § 496*** .......... *21*

***G. Plaintiff Properly Pleads a Claim for Violation of the UCL*** .......... *22*

***H. Plaintiff Alleges Actual Controversies that are the Proper Subject of a Claim for Declaratory Relief*** .......... *24*

***I. Plaintiff's Properly Pleads its Prayers for Restitution and Punitive Damages*** .......... *24*

***J. In the Event that the Court Grants Any Part of Defendant's Motion, Plaintiff Requests Leave to Amend*** .......... *25*

**V. CONCLUSION** .......... **26**

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

# TABLE OF AUTHORITIES

**Cases**

*Alignment Healthcare USA, LLC v. MindHYVE.ai, Inc.*, No. 8:25-cv-01354-MRA-DFM, 2025 U.S. Dist. LEXIS 263071, at *15 (C.D. Cal. Dec. 19, 2025) .............................. 15
*AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979) .............................. 15
*Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007) ................ 11, 13
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)........................................................................... 8
*Autodesk, Inc. v. Dassault Systemes Solidworks Corp*., 685 F. Supp. 2d 1001, 1007 (N.D. Cal. 2009) ........................................................................................................... 12
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)............................................................. 8
*Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) .......................................................... 9
*Bratt v. Love Stories TV, Inc.*, 713 F. Supp. 3d 847, 863 (S.D. Cal. 2024)...................... 23
*Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1053 (9th Cir. 1999) 11
*Cal. Cooler, Inc. v. Loretto Winery, Ltd.*, 774 F.2d 1451, 1454 (9th Cir. 1985) ............. 14
*Calmese v. Adidas Am., Inc.*, No. CV-16-03763-PHX-GMS, 2017 U.S. Dist. LEXIS 208388, at *3 (D. Ariz. June 7, 2017) ..................................................................... 10
*Car Carriers, Inc. v. Ford Motor Co*. (7th Cir. 1984) 745 F. 2d 1101, 1106 ..................... 9
*Charcoal Companion, Inc. v. Target Corp*., No. C09-01417 HRL, 2009 U.S. Dist. LEXIS 93347, at *7 (N.D. Cal. Sep. 23, 2009) .......................................................... 12
*Clicks Billiards, Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1262 (9th Cir. 2001) ............... 14
*CTC Real Estate Servs. v. Lepe*, 140 Cal. App. 4th 856, 860, (2006)............................... 20
*CTF Dev., Inc. v. Penta Hosp., Ltd. Liab. Co*., No. C 09-02429 WHA, 2009 U.S. Dist. LEXIS 79757, at *3 (N.D. Cal. Aug. 17, 2009)........................................................ 10
*Dean v. Cortes*, No. 2:18-cv-02335-CAS (JPRx), 2018 U.S. Dist. LEXIS 116587, at *14 (C.D. Cal. July 12, 2018)................................................................................... 13
*Doe v. United States (In re Doe)*, 58 F.3d 494, 497 (9th Cir. 1995) .................................. 9
*E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1290 (9th Cir. 1992) ............ 15

*Fernandez v. Am. Nat'l Lloyds Ins. Co.*, No. 5:25-cv-01517, 2025 U.S. Dist. LEXIS 182839, at *10 (C.D. Cal. Sep. 16, 2025) .......... 25
*Films of Distinction*, 12 F. Supp. 2d at 1075 .......... 13
*Fontenberry v. MV Transp., Inc.*, 984 F.Supp.2d 1062, 1067 (E.D. Cal. 2013) .......... 22
*G.S. Rasmussen & Assocs. v. Kalitta Flying Serv.*, 958 F.2d 896, 902 (9th Cir. 1992).... 19
*Gordon v. Safeco Ins. Co. of Am.*, No. 2:12-cv-06318-SVW-MAN, 2012 U.S. Dist. LEXIS 209529, at *4 (C.D. Cal. Aug. 29, 2012)) .......... 25
*In re Tevis* (B.A.P. 9th Cir. 2011) No. ADV. 08-2004, 2011 WL 7145712, at *8. .......... 8
*Int'l Jensen, Inc. v. Metrosound U.S.A., Inc.,* 4 F.3d 819, 824 (9th Cir. 1993) .......... 13
*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir.2009) .......... 23
*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003) .......... 24
*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1143 (2003) .......... 22
*Kremen v. Cohen*, 337 F.3d 1024, 1030 (9th Cir. 2003) .......... 20
*Lattimore v. Vill. of Streamwood*, No. 17 C 8683, 2018 U.S. Dist. LEXIS 79706, at *4 (N.D. Ill. May 11, 2018) .......... 17
*Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) .......... 9, 11
*Lee v. Hanley*, 61 Cal. 4th 1225 (2015) .......... 18
*Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1354 (9th Cir. 1985) .......... 13
*Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) .......... 9
*Lucent Techs., Inc. v. Johnson*, No. CV 00-05668-GHK(RNBx), 2000 U.S. Dist. LEXIS 16002, at *6 (C.D. Cal. Sep. 12, 2000) .......... 15
*Off. Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1391 (9th Cir. 1993) .......... 15
*Payne* v. *United California Bank* (1972) 23 Cal.App.3d 850, 856 .......... 22
*Pinterest Inc. v. Pintrips Inc.*, 15 F. Supp. 3d 992, 997 (N.D. Cal. 2014) .......... 9, 10, 12
*Rise Basketball Skill Dev., LLC v. K Mart Corp.*, No. 16-cv-04895-WHO, 2017 U.S. Dist. LEXIS 99608, at *6 (N.D. Cal. June 27, 2017) .......... 23
*Robles v. City of Chi.*, 354 F. Supp. 3d 873, 875 (N.D. Ill. 2019) .......... 17

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

*Sam Bernstein L. Firm, PLLC v. Heidari L. Grp., PC*, No. 2:24-cv-10251 MWC (RAOx), 2025 U.S. Dist. LEXIS 85591, at *22 (C.D. Cal. Feb. 10, 2025) ........ 12

*Spirit Clothing Co*., 2013 U.S. Dist. LEXIS 198435, 2013 WL 12144107 at *3 (C.D. Cal. July 23, 2013) ........ 13

*Sugarfina, Inc. v. Sweet Pete's LLC*, No. 17-CV-4456-RSWL-JEM, 2017 U.S. Dist. LEXIS 156711, 2017 WL 4271133, at *5 (C.D. Cal. Sept. 25, 2017) ........ 13

*Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207, 127 (2011) ........ 22

*Sushi Nozawa, LLC v. HRB Experience, LLC*, No. 2:19-cv-07653-ODW (SSx), 2020 LX 57800, at *8 n.2 (C.D. Cal. Mar. 31, 2020) ........ 12

*Zero Motorcycles, Inc. v. Zero Labs Grp., LLC*, No. 22-CV-04034-SVK, 2023 U.S. Dist. LEXIS 77342, 2023 WL 3237505, at *3 (N.D. Cal. May 3, 2023) ........ 9

**Statutes**

15 U.S.C. § 1091 ........ 13

*Cal. Bus. & Prof. Code* § 17200 ........ 22

*Cal. Bus. & Prof. Code* § 17204 ........ 22

*Cal. Civ. Code* § 3294(b) ........ 25

*Cal. Civ. Code* § 655 ........ 19

*Cal. Pen. Code* § 496 ........ 21

*Cal. Pen. Code* § 502 ........ 17

Fed. R. Civ. P. 9(b) ........ 16

Fed. R. Evid. 201(b) ........ 9

M MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Community Brigade's ("Imposter Entity") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion"), or what really is a motion for summary judgment cloaked as a responsive pleading, should be denied in its entirety. Imposter Entity's Motion is a procedural blunder cluttered with facts outside of the First Amended Complaint ("FAC"). Imposter Entity's principal argument—that the 'Community Brigade' mark is generic and not trademarkable, is not appropriately resolved at the pleading stage. Notwithstanding, the Motion almost entirely rests on the Court accepting as true the contents of ***hundreds*** of pages of unauthenticated documents to prove 'genericness' via a Request for Judicial Notice. Because the Court may not take judicial notice of the contents of these documents, Imposter Entity's Motion crumbles at the outset. There are undoubtedly facts in dispute in this litigation. Imposter Entity's attempt to dispose of Plaintiff's claims on a motion to dismiss is wholly improper.

Whether Plaintiff's mark is generic is a question of fact that is not appropriately resolved at the pleading stage. Plaintiff alleges facts necessary to state a claim for trademark infringement under the Lanham Act and common law. Nothing more is required.

Imposter Entity's argument that the claims against it lack specificity has no merit. Plaintiff groups allegations against all Defendants where appropriate and separates them where not.

Plaintiff alleges sufficient facts to state claims for violations of *Cal. Pen. Code* § 502, *Cal. Pen. Code* § 496, and *Cal. Bus. & Prof. Code* § 17200, and claims for Conversion and Declaratory Relief. Plaintiff's prayers for restitution and punitive damages are sufficiently supported throughout the FAC.

Plaintiff respectfully requests that the Court deny Imposter Entity's Motion in its entirety.

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

## II. RELEVANT FACTS

Plaintiff is a registered non-profit organization that created a program, known as the LAEPF "Community Brigade". FAC, ¶ 1. Plaintiff has used the name "Community Brigade" in commerce as early as May of 2021. *Id.*, ¶ 31. LAEPF has held many press conferences using the name "Community Brigade," been televised using that name numerous times, and been in discussions to expand the "Community Brigade" concept and name across several local jurisdictions. *Id.*, ¶ 34. Numerous articles from publications like the Los Angeles Times, and smaller community publications, refer to and confirm "Community Brigade" as being owned by Plaintiff. *Id*. Plaintiff has a written agreement with the Los Angeles County Fire Department for the Community Brigade program. *Id.*, ¶ 36. Plaintiff has held a fictitious business name registration for "Community Brigade" in Los Angeles County since March 7, 2025. *Id.*, ¶ 37.

On July 2, 2025, Plaintiff filed an application with the United States Patent and Trademark Office ("USPTO") to register the "Community Brigade" mark. FAC, ¶ 37. As of January 20, 2026, Plaintiff owns the trademark, "Community Brigade," which is registered with the under the registration numbers 8112456, 8112457, and 8112458. *Id.*

In late-2025, a few volunteers with whom Plaintiff had a close relationship under Plaintiff's Community Brigade umbrella decided that '*they* are the Community Brigade now.' *See* FAC, ¶¶ 46-54. They demanded that Plaintiff hand over all assets donated to Plaintiff's Community Brigade. *Id.*, ¶ 54. They took Plaintiff's computer access and vehicles. They began soliciting donations under the name "Community Brigade" to deposit into a bank account that they created at Plaintiff's bank, under the name "Community Brigade." *Id.*, ¶¶ 52-53. Defendants Mikke Pierson, Jason Dax Miller aka Dax Miller, and Dana Wolf Phillps, and with assistance from Defendant Keegan Gibbs, incorporated an entity called "Community Brigade". *Id.*, ¶ 46. Almost a year after Plaintiff filed its Fictious Business Name registration, Defendant filed a duplicate Fictious Business Name registration for the name "Community Brigade" with the Los Angeles County Registrar-Recorder/County Clerk. *Id.*, ¶ 49.

Notably, Plaintiff has tried to resolve this situation with Defendants on several occasions. Plaintiff is a charitable organization. Plaintiff has no opposition to Defendants starting their own, separate, charitable organization. Plaintiff simply requested that Defendants not use a confusingly identical name, with a confusingly identical logo, steal Plaintiff's computer systems, steal Plaintiff's trucks, claim to be Plaintiff, and attempt to operate under Plaintiff's agreement with the local governmental organizations (which risks years of good-will and ultimately impairs the mission of actually assisting the community). Defendants refused. They demand ownership of Plaintiff's name and everything that Plaintiff has done.. They do not want the Community Brigade to exist unless they control it. That is ultimately the issue. Defendants are not primarily motivated by a desire to provide a public service, they are motivated by a desire to be praised by the public as having performed public service – and they are willing to steal to accomplish their goal.

No plausible explanation for Imposter Entity and its agents' conduct exists other than they have acted to intentionally cause as confusion as possible to deceive donors and the public, and to cause Plaintiff harm. *See* FAC, ¶ 80.

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

## III. <u>LEGAL STANDARD</u>

Under Fed. R. Civ. P. 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 550 U.S. at 678.

A complaint need only allege a short and plain statement of the claim, not detailed factual allegations, showing the entitlement to relief. Fed. R. Civ. P. 8(a)(2); *Iqbal*, 550 U.S. at 678. A plaintiff's burden at the pleading stage is relatively light. *In re Tevis* (B.A.P. 9th Cir. 2011) No. ADV. 08-2004, 2011 WL 7145712, at *8. "In practice, a

complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.*, 562 (quoting *Car Carriers, Inc. v. Ford Motor Co*. (7th Cir. 1984) 745 F. 2d 1101, 1106.) "As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)).

The Ninth Circuit has held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (*Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States (In re Doe)*, 58 F.3d 494, 497 (9th Cir. 1995)).

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

## IV. LEGAL ARGUMENTS

### A. Imposter Entity's Request for Judicial Notice Should be Denied in its Entirety

Imposter Entity requests that the Court take judicial notice of various documents on file with the USPTO (Exhibits 1 to 10; 28 to 30), purported screenshots of Plaintiff's website (Exhibits 11 to 12), and various unauthenticated webpages and marketing materials (Exhibits 13 to 26). Dkt. No. 18-2. A court may only take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). None of these documents are judicially noticeable for the purposes advanced by Imposter Entity.

Imposter Entity points to the USPTO documents as a smoking gun (despite the fact that ***Imposter Entity and Defendant Phillips*** filed the petitions for cancellation). "[W]hile 'undisputed matters of public record' are judicially noticeable, a court may not take notice of *disputed* facts in public records. *Pinterest Inc. v. Pintrips Inc.*, 15 F. Supp. 3d 992, 997 (N.D. Cal. 2014) (citing *Lee*, 250 F.3d at 689; Fed. R. Evid. 201(b)); *see also*, *Zero Motorcycles, Inc. v. Zero Labs Grp., LLC*, No. 22-CV-04034-SVK, 2023 U.S. Dist. LEXIS 77342, 2023 WL 3237505, at *3 (N.D. Cal. May 3, 2023) ("In the context of the present motion to dismiss, judicial notice of the USPTO documents is not appropriate

because the fact for which Defendant offers them—to prove that Plaintiff's trademarks are weak—is disputed.") Thus, to the extent that Imposter Entity requests judicial notice of disputed facts within USPTO filings, or for the proposition that Plaintiff's trademark is not protectable, the Court should deny the request. Further, the petitions for cancellation do not provide support for Imposter Entity's argument; the petitions for cancellations are *pending* and are subject to suspension given that the final determination in this action will have a bearing on the Trademark Trial and Appeal Board's ("TTAB") ruling on the petitions. The TTAB routinely suspends administrative proceedings of a petition for cancellation when a district court action is pending. *See CTF Dev., Inc. v. Penta Hosp., Ltd. Liab. Co*., No. C 09-02429 WHA, 2009 U.S. Dist. LEXIS 79757, at *3 (N.D. Cal. Aug. 17, 2009) ("It is the policy of the Board to suspend proceedings when the parties are involved in a civil action, which may have a bearing on the Board case. *See* Trademark Rule 2.117(a)." [citing the TTAB's ruling on a registrant's motion for suspension]); *Calmese v. Adidas Am., Inc.*, No. CV-16-03763-PHX-GMS, 2017 U.S. Dist. LEXIS 208388, at *3 (D. Ariz. June 7, 2017).

Imposter Entity further requests judicial notice of certain webpages and marketing materials (Exhibits 11 to 26) for the proposition that the "Community Brigade" mark is generic. The facts within Exhibits 11 to 26 are not judicially noticeable for the purposes of this Motion. In *Pinterest*, the Northern District denied a defendant's request for judicial notice on a motion to dismiss a trademark claim under nearly identical circumstances. *Pinterest*, 15 F. Supp. 3d at 996-997. The defendant sought judicial notice of "print-outs and screenshots of, in defendant's words, 'publicly available websites, apps, software applications, and operating systems'" which the defendant presented as evidence that the plaintiff's mark was generic. *Ibid*. In denying the defendants request, the Court held:

> The ['publicly available websites', etc.] are improper for the same reason. Even assuming these miscellaneous documents are accurate and reliable in the first instance, *see Estate of Fuller v. Maxfield & Oberton Holdings, LLC*, 906 F. Supp. 2d 997, 1004 (N.D. Cal. 2012) (holding that it is inappropriate

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

> for a court to take judicial notice of facts on a webpage whose source and reliability are unknown), it is entirely improper for defendant to offer such exhibits to demonstrate that plaintiff's mark is generic.
>
> Accordingly, to the extent defendant seeks judicial notice to demonstrate that the "pin" mark is generic, the request is denied. *See Solid 21, Inc. v. Breitling USA, Inc.*, 512 F. App'x 685, 686-87 (9th Cir. 2013) ("Breitling's contention that the mark is, in fact, generic is an attempt to introduce evidence to rebut the complaint, which is impermissible at the motion to dismiss stage.")

*Pinterest*, 15 F. Supp. 3d at 997.

Imposter Entity attempts to employ a request for judicial notice as a vehicle to introduce evidence outside of the FAC, which is entirely improper. *See Lee*, 250 F.3d at 689. Plaintiff requests that the Court deny the Request for Judicial Notice in its entirety.

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

**B. Plaintiff's Causes of Action for Trademark Infringement under the Lanham Act (15 U.S.C. § 1114 and 1125(a), and Common Law Trademark Infringement**

Plaintiff has brought this action, in part, for a judicial determination that Imposter Entity has infringed on Plaintiff's trademarks, and to recover damages for that infringement. "To prevail on its trademark infringement claim, [Plaintiff] must show that: (1) it has a valid, protectable trademark, and (2) that [Imposter Entity's] use of the mark is likely to cause confusion." *Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007) (citing *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1053 (9th Cir. 1999)).

Plaintiff properly alleges that its mark has acquired secondary meaning such that it is protectable against Imposter Entity. Plaintiff alleges that Imposter Entity's use of the 'Community Brigade' make is likely to cause confusion. Any attempt to adjudicate factual issues and dispose of Plaintiff's trademark claims at the pleading stage, including a determination of whether the mark is 'generic', flies in the face of established case law.

The instant trademark dispute is no exception. Should Imposter Entity wish to prove that it is entitled to use Plaintiff's mark in commerce, it may do so by way of this litigation through discovery and procedurally proper evidentiary hearings.

**i. Whether Plaintiff's Mark is 'Generic' is not Appropriately Adjudicated at the Pleading Stage**

Imposter Entity's exposé on whether Plaintiff's mark is generic should not be considered by this Court on a motion to dismiss, which is an "improper vehicle for establishing whether the mark is generic and/or commonplace" where a complaint has "plausibly identified a theory under which the mark may be entitled to trademark protection." *Sam Bernstein L. Firm, PLLC v. Heidari L. Grp., PC*, No. 2:24-cv-10251 MWC (RAOx), 2025 U.S. Dist. LEXIS 85591, at *22 (C.D. Cal. Feb. 10, 2025) (cleaned up) (citing *Pinterest*, 15 F. Supp. 3d at 999); *see also*, *Sushi Nozawa, LLC v. HRB Experience, LLC*, No. 2:19-cv-07653-ODW (SSx), 2020 LX 57800, at *8 n.2 (C.D. Cal. Mar. 31, 2020) ("the issue of whether a mark is generic is a question of fact inappropriate to resolve in the context of a motion to dismiss"); *Charcoal Companion, Inc. v. Target Corp.*, No. C09-01417 HRL, 2009 U.S. Dist. LEXIS 93347, at *7 (N.D. Cal. Sep. 23, 2009) ("Yet the determination of 'whether a term is generic is a question of fact' and is not appropriate at this stage of the case."); *Autodesk, Inc. v. Dassault Systemes Solidworks Corp.*, 685 F. Supp. 2d 1001, 1007 (N.D. Cal. 2009) ("Genericness is a question of fact.").

"While some courts have decided fact-specific issues regarding trademark protection at the pleading stage, they generally have done so only where the complaint suffers from a complete failure to state a plausible basis for trademark protection." *Pinterest*, 15 F. Supp. 3d at 998-99. Plaintiff has alleged a plausible basis for trademark infringement.

Imposter Entity's argument that Plaintiff's mark is 'generic' is undercut by its repeated admission that the mark is registered on the Supplemental Register. As noted

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

above, a mark may be registered on the Supplemental Register if it is "***capable*** of distinguishing applicant's goods or services. 15 U.S.C. § 1091 (emphasis added). "[W]here a term is clearly a generic name for goods, Supplemental Registration is not available, for a generic name is not capable of trademark significance. *Films of Distinction*, 12 F. Supp. 2d at 1075 (quoting McCarthy, J. Thomas, *McCarthy on Trademarks and Unfair Competition*, § 19:38 at 19-79). Thus, the USPTO has already determined, by virtue of the registration itself, that Plaintiff's mark is capable of distinguishing Plaintiff's services and therefore should not, as a matter of law, be disposed of as not trademarkable.

The Motion should be denied to the extent that Imposter Entity wrongly seeks summary judgment on the 'genericness' of Plaintiff's mark.

**ii. Plaintiff Alleges a Protectable Trademark**

Plaintiff may show it has a protectable interest by proving that "its mark is descriptive but has acquired a secondary meaning in the market…" *Applied Info.*, 511 F.3d at 970. Plaintiff sufficiently alleges in facts the FAC that the 'Community Brigade' mark has acquired secondary meaning. "[A] product's trademark or trade dress acquires a secondary meaning when the purchasing public associates the mark or dress with a single producer or source rather than with the product itself." *Int'l Jensen, Inc. v. Metrosound U.S.A., Inc.,* 4 F.3d 819, 824 (9th Cir. 1993) (citing *Levi Strauss & Co. v. Blue Bell, Inc*., 778 F.2d 1352, 1354 (9th Cir. 1985)). "[C]ourts have determined that secondary meaning need only be pled generally for purposes of defeating a motion to dismiss." *Dean v. Cortes*, No. 2:18-cv-02335-CAS (JPRx), 2018 U.S. Dist. LEXIS 116587, at *14 (C.D. Cal. July 12, 2018) (citing *Spirit Clothing Co*., 2013 U.S. Dist. LEXIS 198435, 2013 WL 12144107 at *3 (C.D. Cal. July 23, 2013) and *Sugarfina, Inc. v. Sweet Pete's LLC*, No. 17-CV-4456-RSWL-JEM, 2017 U.S. Dist. LEXIS 156711, 2017 WL 4271133, at *5 (C.D. Cal. Sept. 25, 2017). In any event, "[w]hether a particular trade dress [or trademark] has acquired secondary meaning is a question of fact

...." and generally not justiciable on a motion to dismiss. *Dean*, 2018 U.S. Dist. LEXIS 116587, at *14 (quoting *Clicks Billiards, Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1262 (9th Cir. 2001)).

Plaintiff alleges that it has used the 'Community Brigade' mark in commerce since at least May of 2021. FAC, ¶ 31. Plaintiff alleges that it has held many press conferences using the name "Community Brigade," been televised using the same name, and has worked to expand the "Community Brigade" concept and name across several local jurisdictions, and that numerous articles from publications like the Los Angeles Times, and smaller community publications, refer to and confirm "Community Brigade" as being owned by Plaintiff. *Id.*, ¶ 34. Plaintiff alleges that it has a written agreement with the Los Angeles County Fire Department for the Community Brigade program (which Imposter Entity admits in its Motion). *Id.*, ¶ 36. Plaintiff alleges that has held a fictitious business name registration for "Community Brigade" in Los Angeles County since March 7, 2025. *Id.*, ¶ 37. Plaintiff alleges that the Los Angeles County community, the public at large, Plaintiff's Community Brigade volunteers, and the Los Angeles County Fire Department have associated the 'Community Brigade' mark with Plaintiff. FAC, ¶ 59. Plaintiff has sufficiently alleged secondary meaning beyond what is required. However, should the Court determine otherwise, Plaintiff is willing to amend to include further allegations relating to secondary meaning.

Imposter Entity misunderstands and fixates on Plaintiff's "Community Brigade" mark being registered on the Supplemental Register. *See* Dkt. No. 18 (Def. Mot.), 12:14-15 ("Plaintiff settled for the Supplemental Register…"); 14:2-3 ("Plaintiff accepted only Supplemental Register registration…"); 14:14-15 ("Plaintiff's marks on the *Supplemental* Register only…"). Appearing on the Supplemental Register does not estop Plaintiff from proving in court that it has acquired secondary meaning. (*Cal. Cooler, Inc. v. Loretto Winery, Ltd.*, 774 F.2d 1451, 1454 (9th Cir. 1985). And, this registration does not suggest a weakness in Plaintiff's position. Instead, a mark may be registered on the

M
MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

Supplemental Register if it is "capable of distinguishing applicant's goods or services." 15 U.S.C. § 1091.

Accordingly, registration on the Supplemental Register provides no support for Defendant's arguments in a motion to dismiss a properly pled claim. Plaintiff alleges sufficient facts to support the first prong of its trademark claims—that it has a protectable interest in its 'Community Brigade' mark.

**iii. Plaintiff Alleges the Likelihood of Confusion**

"The core element of trademark infringement is the likelihood of confusion, i.e., whether the similarity of the marks is likely to confuse customers about the source of the products." *Off. Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1391 (9th Cir. 1993) (quoting *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1290 (9th Cir. 1992)). The Ninth Circuit has instructed district court to consider several factors in determining the likelihood of confusion. *See Alignment Healthcare USA, LLC v. MindHYVE.ai, Inc.*, No. 8:25-cv-01354-MRA-DFM, 2025 U.S. Dist. LEXIS 263071, at *15 (C.D. Cal. Dec. 19, 2025) (citing *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979)). "[T]he likelihood of confusion inquiry is a fact-intensive evaluation ill-suited for disposition on a motion to dismiss. *Lucent Techs., Inc. v. Johnson*, No. CV 00-05668-GHK(RNBx), 2000 U.S. Dist. LEXIS 16002, at *6 (C.D. Cal. Sep. 12, 2000).

Plaintiff alleges that Imposter Entity and its agents have represented to the general public that Imposter Entity is the *true* "Community Brigade." FAC, ¶ 6. Plaintiff alleges that Imposter Entity is an active corporation operating under the name "Community Brigade"; through its agents, has applied for tax exempt status; wrongfully filed a fictious business name registration with the Los Angeles County Registrar-Recorder/County Clerk; solicited donations and entered into (or attempted to enter into) agreements with third parties under the name "Community Brigade"; and represented to Plaintiff's volunteers that the Imposter Entity owns the "Community Brigade" tradename. FAC, ¶¶ 62, 76, & 88. Plaintiff alleges that Imposter Entity has recently created a website called

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

"www.CommunityBrigades.org", and used identical text, formatting, and insignia on that website. FAC, ¶ 61. Moreover, Plaintiff alleges that Imposter Entity has opened a bank account at Plaintiff's bank under the name "Community Brigade." *See* FAC, ¶¶ 7 & 53.

Plaintiff has alleged sufficient facts to support the second prong of its trademark claims—that there is a likelihood of confusion with Imposter Entity's use of the 'Community Brigade' mark. As such, Plaintiff's trademark infringement claims (Causes of Action One, Two, and Three) are not appropriately adjudicated via a motion to dismiss.[1]

**C. Imposter Entity's 'Catch-All' Group Pleading Claims Have No Merit**

Imposter Entity 'catch-all' attempt to avoid answering Plaintiff's FAC misconstrues the FRCP's pleading requirements. Where Plaintiff alleges conduct against the individual defendants, it identifies them as "Individual Defendants" or by name. Where Plaintiff alleges conduct against all Defendants, it uses the defined term "Defendants."

Imposter Entity peculiarly cites Fed. R. Civ. P. 9(b) for the proposition that Plaintiff may not lump Defendants' conduct together, apparently for any cause of action. Rule 9(b) specifically applies to allegations of fraud, mistake, or conditions of mind. It is unclear why Imposter Entity believes Rule 9(b) applies to non-fraud causes of action. Instead, the law is that "[t]here is no 'group pleading' doctrine, *per se*, that either permits or forbids allegations against defendants collectively; 'group pleading' does not violate Fed. R. Civ. P. 8 so long as the complaint provides sufficient detail to put the defendants on notice of the claims.'" *Robles v. City of Chi.*, 354 F. Supp. 3d 873, 875 (N.D. Ill.

[1] At section III.A.7. of its Motion, Imposter Entity complains that Plaintiff's Lanham Act claim fails as to its "L.A. County Fire Dept. Community Brigade" logo because the applications are still pending. However, Plaintiff does not allege any Lanham Act claims as to the logo in its FAC, nor did it seek such relief in its original Complaint.

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

2019) (quoting *Lattimore v. Vill. of Streamwood*, No. 17 C 8683, 2018 U.S. Dist. LEXIS 79706, at *4 (N.D. Ill. May 11, 2018)

Even if Imposter Entity cited to any applicable law, Imposter Entity does not identify any allegations in the FAC that fail to comply with its fictitious pleading standards. Imposter Entity claims that its incorporation predates the July 2024 Gibbs Contractor Agreement and 'Community Brigade Program Waiver and Program Agreements'. Dkt. No. 18, 23:9-12. However, Plaintiff's Seventh Cause of Action for breach of those agreements is not brought against the Imposter Entity. *See* FAC, ¶¶ 113-112. Imposter Entity appears to claim that Plaintiff's Cause of Action under *Cal. Pen. Code* § 502 cannot apply to Imposter Entity because the conduct alleged therein concerns a preexisting relationship with Defendants Gibbs and Hauptman. Dkt. No. 18, 23:12-14. However, Plaintiff alleges that Defendants all conspired to leverage Defendants' Gibbs and Hauptman's access to Plaintiff's computer systems to copy and delete Plaintiff's information, removed Plaintiff's access, and modified Plaintiff's credentials. FAC, ¶¶ 95 & 98. Where applicable, it is more than clear that by virtue of the allegations that Imposter Entity existed as an entity at the time of the wrongful conduct. The same applies to Plaintiff's claims related to its social media accounts and bank account under the name "Community Brigade". Imposter Entity's claim that the FAC does not date the Fictitious Business Name filing is either a nonsensical error or a bad faith argument—Plaintiff alleges that the Imposter Entity filed the registration on **February 5, 2026**. FAC, ¶ 49.

Imposter Entity has sufficient notice of the claims against it. The Court should deny the Motion to the extent that Imposter Entity seeks dismissal of certain claims by way of its erroneous 'catch-all' group pleading argument.

### D. Plaintiff Properly Pleads its Claim Under *Cal. Pen. Code* § 502

Imposter Entity claims that Plaintiff's claim under *Cal. Pen. Code* § 502 fails against it because Plaintiff's claims are directed at individual defendants. Not so. As

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

noted above, Plaintiff alleges that all defendants conspired to commit the conduct. FAC, ¶¶ 95 & 98. Plaintiff further alleges that Defendants Gibbs and Hauptman were acting as agents of the Imposter Entity in the commission of this conduct. *Id*., ¶ 5. Thus, Plaintiff claims that Defendants accessed Plaintiff's enterprise accounts to steal data and cause harm to Plaintiff. That includes Imposter Entity, who is actively operating as an identical entity to Plaintiff in the same industry. There is no bridgeless gap to cross—if Imposter Entity claims it did not engage in this conduct, or direct anyone to engage in this conduct, it may prove so at the appropriate juncture in this litigation. Imposter Entity's motion to dismiss Plaintiff's claim for violation of *Cal. Pen. Code* § 502 should be denied.[2]

**E. Plaintiff Properly Pleads a Claim for Conversion**

Imposter Entity takes issue with Plaintiff's conversion claim, particularly as to (1) whether an entity's goodwill constitutes an intangible asset subject to a conversion claim; and (2) whether the donations Imposter Entity diverted from Plaintiff while representing itself to the public as *the* Community Brigade are subject to a conversion claim. "The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Lee v. Hanley*, 61 Cal. 4th 1225, 1240 (2015). Plaintiff alleges that it has a right to ownership and possession of several assets, including the Community Brigade's goodwill, donations solicited by Imposter Entity, Plaintiff's credentials for certain online accounts and subscriptions, and certain physical assets. *See* FAC, ¶¶ 104-108. Plaintiff alleges that Imposter Entity has converted these assets, which caused and continues to cause Plaintiff harm. Plaintiff therefore satisfies the elements necessary to state a claim for conversion under California state law.

[2] Imposter Entity claims in its Motion that certain remedies are not available in a private civil action. Dkt. No. 18, 24:25-27. However, Plaintiff does not seek those remedies in its FAC.

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

Imposter Entity challenges whether goodwill can be the subject of a claim for conversion. Plaintiff preemptively addressed this concern in Plaintiff's FAC (as well as in the original Complaint). FAC, ¶ 108. California law recognizes goodwill as property of a business. *See Cal. Civ. Code* § 655; *see also*, *G.S. Rasmussen & Assocs. v. Kalitta Flying Serv*., 958 F.2d 896, 902 (9th Cir. 1992). The permissible scope of conversion claims in California has been expanding for decades, and continues to expand. *See, e.g.*, *Welco Electronics, Inc. v. Mora*, 223 Cal. App. 4th 202 (2014) [providing a history of the evolution of the tort of conversion]. Cases like *Welco* go into detail about the evolution of the tort of conversion in California, and its broad application to intangible assets. The arguments against recognizing a conversion of business goodwill are based on premises (largely tying conversion to physical objects) that did not survive *Welco* and the cases since *Welco*. Plaintiff specifically noted a 2010 case, issued more than 4 years before *Welco*, where the federal district court judge identified that "Although this issue – given the clearly shifting nature of conversion law outlined above – is a close one, the undersigned declines to extend the tort of conversion to customer goodwill." *See, e.g.*, *Boon Rawd Trading Int'l Co., Ltd. v. Paleewong Trading Co.* (N.D.Cal. 2010) 688 F.Supp.2d 940, 955. The federal court in *Boon Rawd* was 'on the fence' about a conversion claim, more than 16 years ago, and without the benefit of cases like *Welco*. The evolution of conversion claims has continued unabated in the years that followed. Thus, Plaintiff even cited a California appellate court decision (though unpublished) which indicated that "Accordingly, we have no difficulty finding that goodwill is the kind of intangible property that is subject to conversion" *Borgman v. Uga-Association Field Servs.* (Oct. 19, 2021, No. G060399) ___Cal.App.5th___ [2021 Cal. App. Unpub. LEXIS 6582, at *16. The inflection point – the date when the treatment of goodwill in conversion claims changed – may well be on or around 2010, as pondered by the honorable judge in *Boon Rawd*. Imposter Entity cites to cases decided in the 90s and cases citing to cases not directly on point that themselves cite to cases from, literally, the 1920s. It is not clear what argument Imposter Entity is trying to make with its showing.

If the argument is that conversion of business goodwill would not have been a permitted claim at some point decades in the *past*, then Plaintiff does not dispute this contention. To be clear - conversion of business goodwill is an unremarkable claim to make in a California courtroom **today**. There is no reason to dismiss this claim at this time. Under the instant circumstances, Plaintiff's goodwill is an asset subject to a claim for conversion.

Plaintiff alleges that Imposter Entity converted its donations. Specifically, Plaintiff alleges that Imposter Entity has engaged in wrongful conduct (falsely representing itself to be *the* Community Brigade) to collect those donations. *Arguendo*, if there was an imposter Red Cross going door to door representing it is the genuine Red Cross, and collecting donations from the public, would that not constitute grounds for a conversion claim? The donors purportedly donated to the genuine Red Cross, thus Red Cross presumably has an interest in those donations, and would have received those donations but for the imposter depositing those donations into a bank account that Red Cross does not control. Under Imposter Entity's theory, Red Cross would be precluded from asserting a claim for conversion simply because it does not have access to the imposter's bank account to determine the precise amount of donations collected? *Welco* supports Plaintiff's claim. "In determining whether property that was taken is subject to a conversion claim, courts have recognized that "[p]roperty is a broad concept that includes 'every intangible benefit and prerogative susceptible of possession or disposition.' [Citation.]" *Welco*, 223 Cal. App. 4th at 211 (citing *Kremen v. Cohen*, 337 F.3d 1024, 1030 (9th Cir. 2003) and *CTC Real Estate Servs. v. Lepe*, 140 Cal. App. 4th 856, 860, (2006)). The plaintiff in *Welco* had the benefit identifying the converted sum because he presumably had access to his credit card account from where the money was transferred. *See Welco*, 223 Cal. App. 4th at 211. Here Plaintiff does not have access to the imposer "Community Brigade" bank account and is therefore unable to ascertain the exact sum converted. Hence, Plaintiff identifies the converted sum as all donations solicited by Imposter Entity using the name "Community Brigade."

M MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

Whether there was fraud in connection with the diverted donations does not necessarily underpin Plaintiff's claims. Without waiving any rights, and aside from its UCL claim, Plaintiff is not presently advancing any fraud theories on behalf of third-parties with respect to its conversion claim. Rather, Plaintiff is standing in the same shoes as Red Cross in the hypothetical above. Plaintiff has a right to possession of funds donated to the Community Brigade, which is Plaintiff's tradename, program, and DBA. Plaintiff alleges Imposter Entity has assumed wrongful control over those funds and deposited them into a bank account to which Plaintiff does not have access. Imposter Entity has converted those donations.

### F. Plaintiff Properly Pleads a Claim for Violation of *Cal. Pen Code* § 496

Imposter Entity argues that Plaintiff's claim under *Cal. Pen. Code* § 496 against it fails because the FAC is missing allegations regarding Imposter Entity's knowledge that the property was stolen. However, as Imposter Entity correctly acknowledges, Plaintiff alleges that at all times relevant Imposter Entity knew that Plaintiff's property in its or its agents' possession was stolen. FAC, ¶ 111. *Cal. Pen. Code* § 496 provides a private right of action against a defendant who "receives any property that is stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained, or who conceals…withholds, or aids in concealing…or withholding any property from the owner, knowing the property to be so stolen or obtained…" Plaintiff alleges all necessary elements to state a claim for relief. FAC, ¶¶ 109-111.

Under the circumstances, where the allegation is so clearly made on the face of the pleading, it is unnecessary to extensively explore the dramatic (and controversial) breadth of Penal Code § 496. Plaintiff would simply note that Penal Code § 496 is significantly more expansive than an ordinary definition of 'stolen' might suggest, and, likely applies to cases of "any type of theft – whether it be fraud, misrepresentation, conversion, or breach of fiduciary duty…." See e.g., *Siry Inv., L.P. v. Farkhondehpour*, 13 Cal. 5th 333 [California Supreme Court addressing the application of Penal Code § 496 to civil cases,

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

and upholding its expansive breadth against several policy concerns and criticisms – reiterating that "it is and remains 'the task of the Legislature to address those policy concerns'"]. Plaintiff's factual pleadings would support a basis for several forms of theft, and a claim under Penal Code § 496 is permitted if the taking constitutes any of the multitudinous forms of 'theft' identified in the code.

**G. Plaintiff Properly Pleads a Claim for Violation of the UCL**

Plaintiff does not dispute that its claim under *Cal. Bus. & Prof. Code* § 17200 is derivative of its other claims against Imposter Entity. Indeed, "Section 17200 'borrows' violations from other laws by making them independently actionable as unfair competitive practices." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1143 (2003). "Because violation of California's UCL is a state law claim, 'the UCL reaches any unlawful business act or practice committed in California.'" *Fontenberry v. MV Transp., Inc.*, 984 F.Supp.2d 1062, 1067 (E.D. Cal. 2013) (emphasis in original) (quoting *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207, 127 (2011)). As described above, Plaintiff's claims survive the Motion, thus its UCL claim follows suit. Plaintiff alleges that it has suffered an "injury in fact and has lost money or property as a result of the unfair competition." *Cal. Bus. & Prof. Code* § 17204; *see* FAC, ¶ 126. "What constitutes 'unfair competition' or 'unfair or fraudulent business practice' under any given set of circumstances is a question of fact, the essential test being whether the public is likely to be deceived." *People v. Toomey*, 157 Cal.App.3d 1, 16 (1984) (quoting *Payne* v. *United California Bank*, 23 Cal.App.3d 850, 856 (1972)). Without listing every single allegation the conforms to the appropriate pleading standard, Plaintiff points out that at the very least, creating an entire corporate entity with tax exempt status and a duplicative Fictitious Business Name filing, and representing to the public that it is *the* Community Brigade, are practices that tend to deceive the public and are therefore actionable under the UCL. Plaintiff's trademark claims on their own serve as a proper ground for a violation of the UCL:

> The Ninth Circuit "has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act." (Citation). These claims "are subject to the same test," and "the critical determination is 'whether an alleged trademark infringer's use of a mark creates a likelihood that the consuming public will be confused as to who makes what product.'" (Citations)

*Bratt v. Love Stories TV, Inc.*, 713 F. Supp. 3d 847, 863 (S.D. Cal. 2024).

Plaintiff notes that Plaintiff has asserted unlawful, unfair and fraudulent activities. Any of these bases would independently support maintenance of the claim as pled under Section 17200. It is not necessary, therefore, for Plaintiff to separately support a claim under fraud. However, Plaintiff contends that Plaintiff's allegations satisfy any particularity requirements imposed by Rule 9(b) for the 'fraud' prong of the UCL. "Fraud allegations must 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Rise Basketball Skill Dev., LLC v. K Mart Corp.*, No. 16-cv-04895-WHO, 2017 U.S. Dist. LEXIS 99608, at *6 (N.D. Cal. June 27, 2017) (quoting *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir.2009)). To name a few, Plaintiff alleges that since the Imposter Entity's incorporation, Imposter Entity and its agents have embarked on a campaign to create a new entity to falsely represent to the general public that they have assumed control of the Community Brigade (*see, e.g.,* FAC, ¶¶ 6, 46-47, 49; they have contacted Plaintiff's donors to encourage them to claw back donations under false representations that Imposter Entity is and always was the only true Community Brigade, and that Plaintiff is withholding the donated assets (*see* FAC, ¶ 103); and have attempted to enter into agreements with third parties under the false representation that they are the true Community Brigade (*see, e.g.,* FAC, ¶ 62.) As such, Plaintiff properly pleads its claim against Imposter Entity under the UCL.

///

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

**H. Plaintiff Alleges Actual Controversies that are the Proper Subject of a Claim for Declaratory Relief**

Plaintiff seeks a judicial declaration from this Court that it is the rightful and lawful owner of the "Community Brigade" mark and tradename, and "L.A. County Fire Dept. Community Brigade" logo, and the monies and assets donated to LAEPF for the Community Brigade program. FAC, ¶ 132. An actual controversy exists as to who owns the "Community Brigade" mark and tradename, as evidenced by this lawsuit and Imposter Entity's pending petition for cancellation. The same goes for Plaintiff's logo, particularly with respect to the fact that it is still pending registration with the USPTO. In addition, Plaintiff alleges that it has been contacted by persons who have requested that their donations be transferred to the Imposter Entity. FAC, ¶ 103. Plaintiff has no adequate remedy at law to redress these wrongs other than a declaration from this Court that Plaintiff lawfully owns its assets Community Brigade prior to the Imposter Entity's incorporation. The Court should exercise its discretion on Plaintiff's declaratory relief claim.

Plaintiff separately notes that Imposter Entity's Motion seems to misconstrue the nature of a declaratory relief claim. A party seeking a declaration of rights is entitled to that declaration – to have the dispute ruled upon – whether or not the party has the winning position in the dispute. If Plaintiff is wrong in Plaintiff's allegations, the ordinary resolution is that the declaratory relief action should proceed, and Plaintiff would receive a declaration of rights that is adverse to Plaintiff – i.e., that indicates that Plaintiff is wrong.

**I. Plaintiff's Properly Pleads its Prayers for Restitution and Punitive Damages**

Imposter Entity argues that Plaintiff's prayers for restitution under the UCL and punitive damages should be dismissed. As to restitution, Imposter Entity deceptively quotes *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003) to omit the second category of restitution available under a UCL claim: in addition to money or

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

property that a defendant took directly from the plaintiff, "restitution is broad enough to allow a plaintiff to recover money or property in which he or she has a vested interest." *Korea*, 29 Cal. 4th at 1149. Plaintiff has a vested interest in the donations that donors may have made to Imposter Entity thinking they were being made to Plaintiff's Community Brigade.

Further, Plaintiff alleges numerous facts that could support a finding of punitive damages under *Cal. Civ. Code* § 3294(b). *See, e.g.,* FAC, ¶¶ 2-9; 47-49; 53-54; 60-61; 69; 80; 87; 95; 103; 104; and 111. "'Malice' means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." *Cal Civ. Code* § 3294(b). Plaintiff alleges multiple facts, including conduct committed by Imposter Entity's corporate officers and agents and conduct Plaintiff alleges Defendants conspired to commit, which at the very least constitutes conduct intended by Defendants to cause injury to Plaintiff. "'[W]ith respect to the malice necessary to support a claim for punitive damages, conclusory pleading is sufficient.'" *Fernandez v. Am. Nat'l Lloyds Ins. Co.*, No. 5:25-cv-01517, 2025 U.S. Dist. LEXIS 182839, at *10 (C.D. Cal. Sep. 16, 2025) (quoting *Gordon v. Safeco Ins. Co. of Am.*, No. 2:12-cv-06318-SVW-MAN, 2012 U.S. Dist. LEXIS 209529, at *4 (C.D. Cal. Aug. 29, 2012)). The Court should deny Imposter Entity's Motion with respect to Plaintiff's claims for punitive damages.

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

### J. In the Event that the Court Grants Any Part of Defendant's Motion, Plaintiff Requests Leave to Amend

In the event that the Court is inclined to grant any part of Imposter Entity's Motion, Plaintiff respectfully requests that the Court afford it leave to amend to cure any perceived deficiencies. Plaintiff notes that Imposter Entity has attempted a 'kitchen sink' approach to attacking the FAC. This is not a motion for summary judgment, and Plaintiff has not undertaken to marshal all evidence (or allegations) that would support Plaintiff's position. If the Court identifies specific concerns with the pleadings, Plaintiff would

respectfully request Plaintiff's first opportunity to address the Court's concerns and determinations.

## V. CONCLUSION

For the reasons stated above, the Court should deny Imposter Entity's Motion in its entirety.

Respectfully submitted on this 28th day of May, 2026:

MADISON LAW, APC

/s/ Ali Parvaneh

Ali Parvaneh,
Susanna F. Wiseman,
Jacob A. Pace,
Attorneys for Plaintiff

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

## CERTIFICATE OF COMPLIANCE – LOCAL RULE 11-6.2

The undersigned, counsel of record for Plaintiff Los Angeles Emergency Preparedness Foundation dba Community Brigade, certifies that this brief contains 6,972 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted on this 28th day of May, 2026:

MADISON LAW, APC

/s/ Ali Parvaneh

Ali Parvaneh,
Susanna F. Wiseman,
Jacob A. Pace,
Attorneys for Plaintiff

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

# CERTIFICATE OF SERVICE

*Los Angeles Emergency Preparedness Foundation v. Mikke Pierson, et al.*
USDC Case No.: 2:26-cv-02463 GW (DFMx)

I, Crystal Amaro, declare:

I am employed in the State of California, County of Orange, over the age of eighteen years, and not a party to the within action. My business address is 17702 Mitchell North, Irvine, California 92614.

On May 28, 2026, I served the foregoing document described as:

**PLAINTIFF LOS ANGELES EMERGENCY PREPAREDNESS FOUNDATION dba COMMUNITY BRIGADE'S OPPOSITION TO DEFENDANT COMMUNITY BRIGADE'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

on the interested parties in this action by placing a true and correct copy thereof as follows:

**[SEE ATTACHED SERVICE LIST]**

[**X**] **BY CM/ECF SYSTEM:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

[ ] **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above and placed the envelope for collection and mailing following ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing with the United States Postal Service.

[ ] **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressee.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 28, 2026, at Irvine, California.

CAmaro

Crystal Amaro

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

**SERVICE LIST**

*Los Angeles Emergency Preparedness Foundation v. Mikke Pierson, et al.*
USDC Case No.: 2:26-cv-02463 GW (DFMx)

Ellen Kaufman Wolf, Esq.
ewolf@wolfwallenstein.com
Evan W. Grant, Esq.
egrant@wolfwallenstein.com
**WOLF WALLENSTEIN, PC**
11400 West Olympic Boulevard, Suite 700
Los Angeles, CA 90064
*(Attorneys for Defendant Community Brigade)*