Ellen Kaufman Wolf (SBN 110686)
ewolf@wolfwallenstein.com
Evan W. Grant (SBN 234039)
egrant@wolfwallenstein.com
**WOLF WALLENSTEIN, PC**
11400 West Olympic Boulevard, Suite 700
Los Angeles, California 90064
Telephone: (310) 622-1000
Facsimile: (310) 457-9087

Attorneys for Defendant Community Brigade

Ali Parvaneh, SBN 218320
aparvaneh@madisonlawapc.com
Susanna F. Wiseman, SBN 281234
swiseman@madisonlawapc.com
Jacob A. Pace, SBN 351963
jpace@madisonlawapc.com
**MADISON LAW, APC**
17702 Mitchell North
Irvine, California 92614
Tel: 949-756-9050
Fax: 949-756-9060

Attorneys for Plaintiff
Los Angeles Emergency Preparedness
Foundation dba Community Brigade

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOS ANGELES EMERGENCY PREPAREDNESS FOUNDATION dba COMMUNITY BRIGADE, a California nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>MIKKE PIERSON, an individual; JASON DAX MILLER aka DAX MILLER, an individual; DANA WOLF PHILLIPS, an individual; KEEGAN GIBBS, an individual; TYLER HAUPTMAN, an individual; COMMUNITY BRIGADE, a California nonprofit corporation; and | Case No. 2:26-cv-02463-GW (DFMx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Hon. George H. Wu<br><br>Date: July 13, 2026<br>Time: 8:30 a.m.<br>Courtroom: 9D<br><br>Complaint Filed: March 6, 2026<br>FAC Filed: May 14, 2026 |

DOES 1 through 50, inclusive,

Defendants.

Plaintiff Los Angeles Emergency Preparedness Foundation dba Community Brigade ("Plaintiff" or "LAEPF") and Defendant Community Brigade ("Community Brigade" or the "Brigade"), by and through their respective counsel of record, having conferred pursuant to Federal Rule of Civil Procedure 26(f) on July 2 and July 6, 2026, and pursuant to Local Rule 26-1 and the Court's Order Setting Scheduling Conference, respectfully submit this Joint Rule 26(f) Report. The individually named defendants — Mikke Pierson, Jason Dax Miller, Dana Wolf Phillips, Keegan Gibbs, and Tyler Hauptman (the "Individual Defendants") have not been served, have not appeared in this action, and do not join in this Report.

**1. STATEMENT OF THE CASE**

**<u>Plaintiff's Statement:</u>**

Plaintiff is a registered non-profit organization that created a program, known as the LAEPF "Community Brigade". Plaintiff has used the name "Community Brigade" in commerce as early as May of 2021. Plaintiff has held a fictitious business name registration for "Community Brigade" in Los Angeles County since March 7, 2025. As of January 20, 2026, Plaintiff owns the trademark, "Community Brigade," which is registered with the United States Patent and Trademark Office ("USPTO"). Plaintiff also owns and has pending trademark applications for its "L.A. County Fire Dept. Community Brigade" logo.

In late-2025, a few volunteers with whom Plaintiff had a close relationship under Plaintiff's Community Brigade umbrella embarked on a campaign to commandeer Plaintiff's Community Brigade. They demanded that Plaintiff hand over all assets donated to Plaintiff's Community Brigade. They took Plaintiff's computer access and vehicles. They began soliciting donations under the name "Community Brigade" to deposit into a bank account that they created at Plaintiff's bank, under the

name "Community Brigade." Defendants Mikke Pierson, Jason Dax Miller aka Dax Miller, and Dana Wolf Phillps, and with assistance from Defendant Keegan Gibbs, incorporated an entity called "Community Brigade". Almost a year after Plaintiff filed its Fictious Business Name registration, Defendant filed a duplicate Fictious Business Name registration for the name "Community Brigade" with the Los Angeles County Registrar-Recorder/County Clerk.

Plaintiff brings this action to, among other things, enjoin Defendants from using/infringing on the "Community Brigade" mark, and obtain monetary and nonmonetary relief against Defendants.

**Defendant Community Brigade's Statement:**

This case concerns a Malibu-area, community-born wildfire-preparedness movement (the "Community Brigade" or "Brigade") and a formerly aligned 501c3 entity ("LAEPF") that is now using this baseless lawsuit to block the Brigade's independent operations going forward and keep nearly $2 million in donations the community gave to support the Brigade.

Certain Individual Defendants, who worked together to form Defendant Community Brigade, have long been known as the "Brigade" in Malibu. Fire readiness "Brigade" programs have existed in Malibu for more than ten years[1] before LAEPF involvement with the Malibu Brigades in the "Community Brigade Pilot Program" in October 2023. Years before LAEPF's involvement, Keegan Gibbs, Tyler Hauptmann and Mikke Pearson, who was a Malibu City Council member/ Mayor (Pro Tem) of Malibu at the time, held Brigade community meetings and started Brigade trainings on a regular schedule, developing strong relationships between these Brigades and local agencies, such as Division 7, LA County officials.

At the time, LAEPF was not part of these "Brigades" but was focused on

[1] Malibu West Fire Brigade – 2012 – with Defendant Mikke Pearson, and Point Dume Fire Brigade in 2019 after Woolsey Fire – founded by Keegan Gibbs and Tyler Hauptman, whose families had both lost their homes in the Woolsey Fire.

academics and delivering goods to first responders during and after incidents. The LAEPF Board of Directors was — and remains today — mostly academics, not from the community of Malibu.

In 2023, LAEPF agreed to serve as the Brigade's administrative arm — a "back office" type of arrangement. In that structure, the Brigade were the boots on the ground operators, while LAEPF undertook paperwork, finalizing contracts, insurance etc. Defendants Gibbs and Tyler were Brigade leadership that established and undertook the inner workings of the program including standardizing procedures, determining membership, media, managing community relationships, budgeting, grants, fundraising, culture and vision.

LAEPF would eventually hold Brigade donor funds, vehicles, and equipment donated by the community at the request of Brigade leaders (including Individual Defendants herein) and intended for use by the Brigade in Malibu. These donations were made after LAEPF's Brent Woodworth promised that LAEPF would provide to the Brigade transparency, accountability and governance of those assets and donations, which would be used as the Brigade and their donors intended. (Indeed LAEPF had also promised that Keegan Gibbs would be put on the Board of Directors of LAEPF, which also never occurred.)

When substantial amounts of donations were raised by Brigade leadership after the Franklin Fire and Palisades Fire – over $2 million - LAEPF started spending the money without adhering to promised protocols, one of which at the time was called the Advisory Council. Despite Brigade requests, LAEPF refused to provide the level of transparency, accountability, or distributed governance and adequate representation that had been promised to the Brigade. During 2025, meetings occurred to discuss these issues. In December, LAEPF's Brent Woodworth agreed to recommend that LAEPF's Board implement a specific new organizational structure including a combined Board of Directors with Brigade leaders; the terms were mutually agreed right down to the names of the new Boardmember. Within a very short time, Mr.

Type text here

Woodworth reversed course, apparently never even sharing the idea with the LAEPF Board of Directors for approval.

Thereafter, LAEPF embarked on an affront against the Brigade and the Individual Defendants, apparently hoping to replace Defendants with other volunteers/contractors and convince the rest of the volunteers that LAEPF was appropriately governed. Rather than work with the Brigade, the LAEPF wrongfully terminated Brigade leadership, locked the Brigade out of its storage, withheld personal protective equipment from the newly trained class of volunteers and continued to defame Brigade leadership.

Continuing its assault, LAEPF then filed this meritless action on March 6, 2026. Community Brigade contends that LAEPF knew that any pending lawsuit—regardless how baseless—would interfere with donations to Community Brigade for a time, which it has accomplished, and would interfere with Community Brigade obtaining a Memorandum of Agreement with the Los Angeles County Fire Department.

Defendant Community Brigade denies every "imposter" claim and any suggestion that it held itself out as LAEPF; The Brigade committed no "charity fraud," never pretended to be LAEPF, and diverted no donations; no donor believed the Brigade was "posing" as LAEPF. Total funds Defendant Community Brigade has received to date are very limited, and all generated directly from Community Brigade members with clear and prominent disclosure Brigade is unassociated with LAEPF. Community Brigade further contends that no donors believed LAEPF "was" the Community Brigade.

To the contrary, Community Brigade alleges that LAEPF is instead asserting ownership over donations and assets that donors intended for the group now operating as Defendant Community Brigade. Angry community donors have written to LAEPF and spoken at Malibu City Council meetings demanding that their Brigade-intended gifts be returned to the real Brigade; donor lawsuits against LAEPF are anticipated and will likely include claims of breach of fiduciary duty, donation misappropriation and

misuse, fraudulent inducement, and breach of contract including bad faith breach.

On the federal claims, "Community Brigade" is not a name LAEPF does or can own exclusively. The USPTO refused Principal Register registration as descriptive in all three classes, required LAEPF to disclaim any exclusive right to "BRIGADE," and granted only Supplemental Register registrations (which carry no presumption of validity or exclusivity); all three are in pending TTAB cancellation. The Brigade has used the name since 2019, and the Malibu Times referred to the "Point Dume Community Brigade" well before LAEPF's claimed first use.

LAEPF's other claims in this suit are similarly meritless. Brigade members at large have expressed shock and dismay at LAEPF's actions and lawsuit. 92 Brigade members have confirmed in writing that they are part of the Defendant Community Brigade and no longer support or trust the LAEPF to be part of Brigade leadership.

Community Brigade intends to assert affirmative claims against LAEPF and its Chief Executive Officer, Brent Woodworth and possibly other LAEPF board members and agents or contractors, for fraud, breach of fiduciary duty, conversion, accounting, intentional interference with prospective economic relations, defamation, and unfair competition. Further, the Brigade owns the federally registered copyright to the logo and reserves the right to enforce if LAEPF continues to ignore the Brigade's cease and desist demands.

**2. SUBJECT MATTER JURISDICTION**

The parties agree that the Court has federal-question subject matter jurisdiction over LAEPF's Lanham Act claims (Counts One and Two) under 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121, and that the Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367(a).

***Plaintiff's Position:***

This Court has subject matter jurisdiction because Plaintiff brings the Complaint for Trademark Infringement under the Lanham Act, §§ 1051, et seq. See 15 U.S.C. § 1121(a). This Court has supplemental jurisdiction over the claims alleged under state

law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from the same operative facts and circumstances.

***Defendant Community Brigade's Position:***

Community Brigade does not presently contest the Court's subject matter jurisdiction. Community Brigade reserves the right to contest the validity and protectability of the asserted marks and, in the event LAEPF's federal claims are resolved before trial, to ask the Court to decline to exercise supplemental jurisdiction over the remaining state-law claims under 28 U.S.C. § 1367(c).

**3. LEGAL ISSUES**

***Plaintiff's Position:***

Plaintiff alleges nine causes of action: (1) Trademark Infringement – Violation of 15 U.S.C. § 1114 against Defendant; (2) False Designation of Origin/Advertising – Violation of 15 U.S.C. 1125(a) against Defendant; (3) Common Law Trademark Infringement against Defendant; (4) Computer Crimes against all defendants; (5) Conversion against all defendants; (6) Civil Theft against all defendants; (7) Breach of Contract against Defendants Pierson, Miller, Phillips, Hauptman, and Gibbs; (8) Violation of Bus. & Prof. Code §§ 17200, et seq. against all defendants; and (9) Declaratory Relief.

***Defendant Community Brigade's Position:***

Defendant believes that most if not all of Plaintiff's claims will be defeated as a matter of law in the summary judgment context, because Plaintiff's allegations are not supported in facts or law.

Counterclaims are anticipated to be filed by various Defendants, for Federal claims including logo copyright infringement and for pendant state claims including fraudulent inducement, breach of fiduciary duty, bad faith breach of contract, defamation and other claims.

Principal disputed legal issues, as presently understood, include (but are not

limited to):

(a) Anti-SLAPP: Whether LAEPF can demonstrate a probability of prevailing on the state law claims that Brigade contends to be baseless, and which arise from Defendants' protected speech or petitioning activity within the meaning of California Code of Civil Procedure § 425.16;

(b) Legal Status of Donations for Brigade**:**

a. Whether donations in 2025 to LAEPF for benefit of the Brigade were fraudulently induced by LAEPF's promises of transparency and accountability to, and governance by, Brigade leadership;

b. Beneficial ownership of, and the parties' respective rights to, the donor-restricted funds (estimated in excess of $2 million), vehicles, equipment, and other assets held by LAEPF for the Brigade;

c. Whether LAEPF is a constructive Trustee for the Brigade of donated funds and/or assets purchased with such funds;

(c) Brigade's Other Counterclaims. Community Brigade's anticipated affirmative claims against LAEPF, Brent Woodworth and others;

(d) False Designation of Origin/Advertising**:** Whether there is support in law or fact for LAEPF's claims that any donor confusion or donation diversion occurred as alleged in the First Amended Complaint.

(c) Trademark Claims: Whether LAEPF holds a protectable ownership interest in the asserted marks especially given their registration only on the Supplemental Register and the pending TTAB cancellation proceeding;

i. Whether the name "Community Brigade" is generic or merely descriptive and, if descriptive, whether it has acquired secondary meaning entitling it to protection;

ii. Whether Community Brigade's use of the name is likely to cause consumer confusion under the Lanham Act (Counts One and Two) and common law (Count Three);

(d) Logo Copyright Claims**:** Whether LAEPF has infringed on Community Brigade's copyright in the logo owned by Community Brigade, and if so, the amounts owed to Brigade;

(e) Penal Code**:** Whether there is support in law or fact for LAEPF claims under California Penal Code § 502 (Count Four), for conversion of physical and digital property (Count Five), and for civil theft under California Penal Code § 496 (Count Six), including the requisite knowledge, intent and specific-property elements;

(f) Claims Prior to Incorporation: Whether Community Brigade may be held liable for conduct alleged to have occurred before its September 2, 2025 incorporation, and the sufficiency of any agency, ratification, or alter-ego theory;

(g) LAEPF's UCL Claim: Whether there are any facts or law supporting LAEPF's UCL claim (Count Eight) and declaratory-relief claim (Count Nine), and whether same are duplicative of LAEPF's other claims;

(h) Availability of Damages: The availability of the categories of relief sought by each party, including restitution, punitive damages, injunctive relief, and attorneys' fees.

**4. DAMAGES**

***Plaintiff's Position:***

Plaintiff has suffered and continues to suffer harm consisting of diverted donations, loss of volunteers and monies paid to train those volunteers for Plaintiff's benefit, reputational damage, loss of personal property including equipment, vehicles, and digital accounts currently in Defendants' possession (and the loss of use and depreciation of that personal property). For pleading purposes, Plaintiff estimates it has suffered harm in the amount of $10,000,000 as a result of Defendants' past and continuing conduct.

///

***Defendant Community Brigade's Position:***

Community Brigade disputes that LAEPF is entitled to any damages and contends LAEPF has not sustained and cannot identify any cognizable, non-speculative harm caused by Community Brigade. Community Brigade further contends that it and other named Defendants are the parties damaged: it will seek recovery and delivery of the donor-restricted Brigade funds held by LAEPF (estimated in excess of $2 million), including donated vehicles and their titles, donated equipment and personal protective equipment, a full accounting of all Brigade-designated funds, and compensatory, consequential, and punitive damages arising from LAEPF's conduct. Community Brigade's damages will be quantified through discovery and, as appropriate, expert analysis.

**5. PARTIES AND EVIDENCE**

Defendant Community Brigade believes the matter will be disposed of, either in whole or substantial part, on summary judgment with just a small number of declarants and documents. If the matter proceeds beyond that, Plaintiff LAEPF and Defendant Brigade do not have dramatically different visions of key witnesses and documents.

***Plaintiff's Position:***

Plaintiff has named five defendants to this action: Defendants Community Brigade; Mikke Pierson; Jason Dax Miller aka Dax Miller; Dana Wolf Phillips; Keegan Gibbs; and Tyler Hauptman. Plaintiff anticipates no less than 15 percipient witnesses, which includes the parties, Plaintiff's and Defendant's agents, past and present volunteers of Plaintiff, and members of the Los Angeles County community with personal knowledge of the conduct alleged in the action. Key documentary evidence includes but is not limited to Plaintiff's and Defendant's filings with public officials; Plaintiff's agreements with public officials; Plaintiff's records discussing the "Community Brigade" tradename and logo; recordings of press conferences or other televised events wherein Plaintiff uses its tradename "Community Brigade"; news

articles and webpages noting Plaintiff's use of the tradename "Community Brigade"; Plaintiff's communications and agreements with the induvial Defendants, including numerous electronic communications with Defendant Keegan Gibbs; Defendant's internal corporate documents and bank statements; Defendants agreements with third parties; and Defendants' communications among themselves and with third parties, including the individual Defendants' electronic group chats.

***Defendant Community Brigade's Position:***

Defendant Community Brigade believes the matter will be disposed of, either in whole or substantial part, on summary judgment with just a small number of declarants and documents. If the matter proceeds beyond that, Defendant Brigade identifies as likely witnesses, among others, the Brigade, certain Individual Defendants; LAEPF, LAEPF's chief executive officer, Brent Woodworth; LAEPF's board members David Hertz, Steven Jensen and others, and Terri Pond, its administrator community volunteers and donors who supported the Community Brigade program,Community Brigade anticipates that key documentary evidence will include, without limitation, LAEPF's books and records including LAEPF's financial books, Board meeting records, communications between Boardmembers and others regarding the Brigade and the claims alleged, the parties' agreements and communications concerning their relationship; records of the solicitation, receipt, restriction, and accounting of donations, vehicles, and equipment purchased and held by LAEPF; the USPTO prosecution history and the pending TTAB cancellation records; evidence of third-party and predecessor use of the term "Community Brigade"; December 2025 restructuring communications and notes; vehicle titles and registration records; bank and financial records reflecting the donor-restricted funds. Community Brigade reserves the right to identify additional witnesses and evidence as discovery proceeds.
/s/

**6. INSURANCE**

***Plaintiff's Position:***

Plaintiff is not aware of any insurance policy, or reimbursement or indemnity

agreement, that in all reasonable possibility would be called upon to respond in whole or in part to the claims in this suit.

***Defendant Community Brigade's Position:***

Community Brigade has an insurance policy that could satisfy all or part of a judgment or indemnify or reimburse for payments made to satisfy a judgment; however, coverage has not been accepted by the insurance company.

**7. MOTIONS**

The Court has ruled on Community Brigade's Motion to Dismiss the First Amended Complaint (Dkt. 18), granting it in part (as to the conversion claim based on goodwill and diverted donations, with leave to amend) and otherwise denying it. LAEPF has advised that it will timely file a Second Amended Complaint pursuant to the Court's Order on Community Brigade's Motion to Dismiss, and does not anticipate any further amendments at this time.

***Plaintiff's Position:***

At this time, Plaintiff anticipates filing a Motion for Partial Summary Judgment as to its contractual and personal property claims. Plaintiff reserves the right to file a Motion to Dismiss should any Defendant file a counterclaim.

***Defendant Community Brigade's Position:***

Defendants anticipate the following motions:

***(a) Special Motion to Strike (Anti-SLAPP).*** Defendants intend to, file a special motion to strike LAEPF's state-law claims under California Code of Civil Procedure § 425.16, on the ground that those claims arise from Defendants' protected speech and petitioning activity in connection with a public issue — namely, communications with the media, donors, volunteers, community members, and the Los Angeles County Fire Department concerning wildfire preparedness and the governance of the Community Brigade program — and that LAEPF cannot demonstrate a probability of prevailing on those claims.

*(b)* ***Motion for Summary Judgment.*** Defendants further intend to move for summary judgment or partial summary judgment at the earliest practicable date, on an expedited basis, including on the threshold issue of the protectability of the asserted "Community Brigade" mark (genericness / absence of secondary meaning and the effect of the Supplemental Register registrations), on ownership of the donor-restricted assets, "diverted donations", and on Community Brigade's non-liability for pre-incorporation conduct. Defendants respectfully request that the Court set a briefing schedule permitting this motion to be heard promptly, and Community Brigade will meet and confer with LAEPF under Local Rule 7-3 in advance of filing.

(c) ***Counterclaims / Joinder.*** Community Brigade also anticipates filing its Answer and asserting counterclaims against LAEPF (and seeking to add Brent Woodworth and possibly Terri Pond as a counter-defendant under Rules 13 and 20) for breach of fiduciary duty, conversion, accounting, fraud (fraudulent inducement), breach of contract, constructive trust, unfair competition under California Business and Professions Code section 17200, and declaratory relief.

(d) ***Motion to Dismiss the Second Amended Complaint.*** To the extent LAEPF files a Second Amended Complaint, Community Brigade anticipates moving under Federal Rule of Civil Procedure 12(b)(6) to dismiss it to the extent it fails to cure the deficiencies identified in the Court's order on the prior motion to dismiss.

The Individual Defendants — Mikke Pierson, Jason Dax Miller, Dana Wolf Phillips, Keegan Gibbs, and Tyler Hauptman — have not been served and have not appeared, do not join in this Report, and may assert additional motions, defenses, cross-claims, or other pleadings if and when they appear.

The parties do not otherwise presently anticipate motions to transfer venue or to

add other parties. The pending TTAB cancellation proceeding may also bear on the scheduling and scope of the trademark claims.

**8. MANUAL FOR COMPLEX LITIGATION**

The parties agree that this action is not a complex case and that the procedures of the Manual for Complex Litigation need not be utilized.

**9. STATUS OF DISCOVERY**

Discovery has not yet commenced. The parties conducted their Rule 26(f) conference on the date noted above and will exchange initial disclosures under Rule 26(a)(1) within fourteen (14) days thereafter, or on such date as the Court orders.

**10. DISCOVERY PLAN**

Pursuant to Rule 26(f)(3), the parties report as follows:

***Initial Disclosures.*** The parties will exchange Rule 26(a)(1) initial disclosures within fourteen (14) days of the Rule 26(f) conference. No changes to the form or requirement of initial disclosures are proposed at this time.

***Subjects of Discovery.*** Discovery is anticipated on, among other subjects: LAEPF's financial books and records; the relationship between LAEPF and the Brigade; the solicitation, receipt, restriction, and accounting of donations, vehicles, and equipment; the December 2025 restructuring discussions; access to and control of computer systems and accounts and the timing of any such conduct relative to Community Brigade's incorporation; the origin, use, and public understanding of the term "Community Brigade" (including third-party and predecessor use); secondary meaning and consumer confusion, including any survey evidence; the USPTO prosecution history and the TTAB cancellation proceeding; the other statements at issue in the parties' respective claims; and the parties' respective damages.

***Phasing.*** The parties do not presently propose that discovery be conducted in phases, and propose that fact and expert discovery proceed on the schedule set forth below, subject to any early motion practice described in Section 7. The parties will meet and confer regarding the sequencing of survey-related discovery.

***Electronically Stored Information.*** The parties will meet and confer regarding the preservation, form of production (proposing production of ESI in searchable PDF or single-page TIFF with load files and extracted text/metadata, and native format for spreadsheets and similar files), and search of ESI, and will endeavor to submit a stipulated ESI protocol. Each party has taken and will continue to take reasonable steps to preserve potentially relevant ESI.

***Privilege and Fed. R. Evid. 502.*** The parties will meet and confer regarding a protective order and will request entry of an order under Federal Rule of Evidence 502(d) providing that the inadvertent production of privileged or work-product material does not waive any privilege or protection. Privilege logs will be exchanged consistent with the Federal and Local Rules.

***Changes to Discovery Limitations.*** The parties do not presently propose changes to the limitations on discovery imposed by the Federal Rules or Local Rules, and reserve the right to seek modification for good cause.

***Other Orders.*** Apart from a stipulated protective order and Rule 502(d) order, the parties do not presently request other orders under Rule 26(c) or Rule 16(b)–(c).

**11. DISCOVERY CUT-OFF**

The parties' proposed non-expert (fact) discovery cut-off and expert discovery cut-off are set forth in the Schedule of Pretrial and Trial Dates below. "Cut-off" means the last day by which all discovery, including responses to written discovery and the resolution of any discovery motions, must be completed.

**12. EXPERT DISCOVERY**

The parties anticipate expert testimony on subjects that may include consumer perception and secondary-meaning survey evidence, likelihood of confusion, trademark valuation, nonprofit accounting and the tracing of donor-restricted funds, and damages. The parties propose the expert-disclosure and expert-discovery dates set forth in the schedule below, in accordance with Rule 26(a)(2).

Type text here

///

**13. DISPOSITIVE MOTIONS**

***Plaintiff's Position:***

At this time, Plaintiff anticipates filing a Motion for Partial Summary Judgment as to its contractual and personal property claims. Plaintiff proposes a dispositive motion cutoff date of April 9, 2027.

***Defendant Community Brigade's Position:***

As stated in Section 7, Community Brigade intends to move for summary judgment or partial summary judgment on an expedited basis and, following the close of fact discovery, as appropriate. The parties propose the dispositive-motion hearing cut-off set forth in the schedule below, without prejudice to Defendants' request for an earlier hearing on their anticipated early motion.

**14. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION**

The parties have engaged in preliminary settlement communications but have not resolved the dispute.

***Plaintiff's Position:***

Plaintiff is agreeable to ADR Procedure Nos. 1, and 3, however, prefers that the parties select ADR Procedure No. 1 prior to engaging a private mediator.

***Defendant Community Brigade's Position:***

Pursuant to Local Rule 16-15.4, Community Brigade requests ADR Procedure No. 1 or 3 (referral to a private mediator or a neutral selected from the Court's Mediation Panel). Community Brigade believes a private mediation before a mediator experienced in trademark and nonprofit/charitable-trust disputes, after an initial exchange of key financial and accounting records, offers the best prospect of resolution.

**15. TRIAL ESTIMATE**

/s/ Ali Parvaneh, SBN 218320
aparvaneh@madisonlawapc.com
Susanna F. Wiseman, SBN 281234
swiseman@madisonlawapc.com
Jacob A. Pace, SBN 351963
jpace@madisonlawapc.com
MADISON LAW, APC
17702 Mitchell North
Irvine, California 92614
Tel: 949-756-9050
Fax: 949-756-9060

***Plaintiff's Position:***

Plaintiff has requested a jury trial and estimates that it will last 10-15 days.

***Defendant Community Brigade's Position:***

Community Brigade estimates that trial will require approximately 10-15 court days. The parties will refine this estimate as discovery progresses.

**16. TRIAL COUNSEL**

***For Plaintiff LAEPF:***

Ali Parvaneh, Esq. and Susanna F. Wiseman, Esq., of Madison Law, APC, will be trial counsel for Plaintiff.

***For Defendant Community Brigade:***

Ellen Kaufman Wolf and Evan W. Grant of Wolf Wallenstein, PC.

**17. INDEPENDENT EXPERT OR MASTER**

The parties do not believe the appointment of an independent expert or special master under Federal Rule of Evidence 706 or Federal Rule of Civil Procedure 53 is necessary at this time.

**18. OTHER ISSUES**

The pending TTAB cancellation proceeding concerning the asserted "Community Brigade" registrations may affect the scope or sequencing of the trademark claims, and the parties will advise the Court of any material developments. Because both organizations solicit and hold charitable donations, the parties note that the California Attorney General's Registry of Charitable Trusts may have a regulatory interest in the disposition of the donor-restricted assets at issue. The parties otherwise know of no unusually complicated legal or factual issues requiring special attention at this time.

**19. PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES**

***Plaintiff's Position:***

Plaintiff proposes the following dates where different from Community Brigade's proposal: Rule 26(a)(1) Initial Disclosures — September 3, 2026; Non-Expert (Fact) Discovery Cut-Off — December 15, 2026; Initial Expert Disclosures — January 15, 2027; Rebuttal Expert Disclosures — February 15, 2027; and Dispositive

Motion Cut-Off — April 9, 2027.

***Defendant Community Brigade's Position:***

Community Brigade proposes the following schedule (subject to the Court's calendar) on a standard track:

| **Matter** | **Proposed Date** |
|---|---|
| Rule 26(a)(1) Initial Disclosures | [14 days after 26(f) conf.] |
| Defendant's Special Motion to Strike (Anti-SLAPP) — Filed | August 1, 2026 |
| Defendant's (Early) Motion for Summary Judgment — Heard | [Expedited — at Court's earliest available date] |
| Last Day to Amend Pleadings / Add Parties | November 20, 2026 |
| Non-Expert (Fact) Discovery Cut-Off | April 2, 2027 |
| Initial Expert Disclosures | April 16, 2027 |
| Rebuttal Expert Disclosures | May 7, 2027 |
| Expert Discovery Cut-Off | June 4, 2027 |
| Last Day to Hear Dispositive Motions | June 25, 2027 |
| Deadline to Complete Mediation / ADR | July 16, 2027 |
| Final Pretrial Conference | August 30, 2027 |
| Jury Trial | September 14, 2027 |

Dated: July 6, 2026

WOLF WALLENSTEIN, PC

By: /s/ Ellen Kaufman Wolf
Ellen Kaufman Wolf
Evan W. Grant
Attorneys for Defendant Community Brigade

Dated: July 6, 2026

MADISON LAW, APC

By: /s/Ali Parvaneh
Ali Parvaneh,
Susanna F. Wiseman,
Jacob A. Pace,
Attorneys for Plaintiff

## ATTESTATION

I, Ellen Wolf, am the ECF user whose identification and password are being used to file this Joint Rule 26(f) Report. Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated on this 6th day of July, 2026:

WOLF WALLENSTEIN, PC

/s/ Ellen Wolf

Ellen Wolf

**CERTIFICATE OF SERVICE**

*Los Angeles Emergency Preparedness Foundation v. Mikke Pierson, et al.*
USDC Case No. 2:26-cv-02463

I am employed in the State of California, County of Los Angeles, over the age of eighteen years, and not a party to the within action. My business address is 11400 West Olympic Boulevard, Suite 700, Los Angeles, California 90064.

On July 6, 2026, I served the within documents:

**JOINT RULE 26(f) REPORT**

[ ] by placing **[ ] the original [ ] a true and correct copy** of the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

[ ] by causing messenger delivery by First Legal attorney service of **[ ] the original [ ] a true and correct copy** of the document(s) listed above to the person(s) at the address(es) set forth below.

[X] BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

[SEE ATTACHED SERVICE LIST]

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 6, 2026, at Los Angeles, California.

Nicole Carlson
Nicole Carlson

**SERVICE LIST**

*Los Angeles Emergency Preparedness Foundation v. Mikke Pierson, et al.*
USDC Case No. 2:26-cv-02463

| | |
|---|---|
| Ali Parvaneh<br>Susanna F. Wiseman<br>Jacob A. Pace<br>MADISON LAW, APC<br>17702 Mitchell North<br>Irvine, California 92614 | *Attorneys for Plaintiff Los Angeles Emergency Preparedness Foundation dba Community Brigade*<br><br>Telephone: 949-756-9050<br>Facsimile: 949-756-9060<br><br>Email:<br>aparvaneh@madisonlawapc.com<br>swiseman@madisonlawapc.com<br>jpace@madisonlawapc.com |