ELLEN KAUFMAN WOLF (Cal. Bar No. 110686)
ewolf@wolfwallenstein.com
EVAN W. GRANT (Cal. Bar No. 234039)
egrant@wolfwallenstein.com
**WOLF WALLENSTEIN, PC**
11400 West Olympic Boulevard, Suite 700
Los Angeles, California 90064
Telephone: (310) 622-1000
Facsimile: (310) 457-9087

Attorneys for Defendant Community Brigade

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES EMERGENCY PREPAREDNESS FOUNDATION dba COMMUNITY BRIGADE, a California nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>MIKKE PIERSON, an individual; JASON DAX MILLER aka DAX MILLER, an individual; DANA WOLF PHILLIPS, an individual; KEEGAN GIBBS, an individual; TYLER HAUPTMAN, an individual; COMMUNITY BRIGADE, a California nonprofit corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:26-cv-02463-GW (DFMx)<br><br>**DEFENDANT COMMUNITY BRIGADE'S NOTICE OF MOTION AND MOTION TO DISMISS PORTIONS OF THE SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hon. George H. Wu<br><br>Date: August 20, 2026<br>Time: 8:30 a.m.<br>Courtroom: 9D<br><br>Complaint Filed: March 6, 2026<br>SAC Filed: July 8, 2026<br>Trial Date: None Set |

1

DEFENDANT COMMUNITY BRIGADE'S NOTICE OF MOTION AND MOTION TO DISMISS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on August 20, 2026 at 8:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 9D of the above-entitled Court, located at 350 West First Street, Los Angeles, California 90012, Defendant Community Brigade ("Defendant" or "Community Brigade"), a California nonprofit corporation, will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing the following portions of Plaintiff's Second Amended Complaint ("SAC"):

1. **The Sixth Cause of Action (Civil Theft, Cal. Penal Code § 496)**, in part, insofar as it is predicated on: (a) the alleged "misappropriation" of Plaintiff's goodwill, reputation, credibility, government associations, and "services" (SAC ¶¶ 106–107); (b) the alleged diversion of third-party donations (¶ 106); and (c) the alleged theft of unspecified "assets," "operating funds," and other tangible property not identified with particularity (¶ 106);

2. **The Fifth Cause of Action (Conversion)**, in part, insofar as it is predicated on unspecified "physical equipment," "assets," and property identified only by open-ended example (SAC ¶ 103);

3. **The Eighth Cause of Action (Cal. Bus. & Prof. Code § 17200), "unlawful" prong**, insofar as it borrows, as predicate violations, the foreclosed goodwill-conversion and diverted-donation theories; and

4. **The Ninth Cause of Action (Declaratory Relief)**, insofar as it seeks a declaration that Plaintiff owns "any and all monies … donated to the Community Brigade program" (SAC ¶¶ 126–127).

This Court has already decided most of these issues. Ruling on the First Amended Complaint, the Court held that a business's goodwill is not property that can be converted (i.e. "stolen"), and that third-party donations Plaintiff never received are a "lost donation opportunity or expectancy, not conversion of LAEPF's property." (Doc. 24 at 11–14.)  It dismissed both theories and gave Plaintiff leave to amend.

DEFENDANT COMMUNITY BRIGADE'S NOTICE OF MOTION AND MOTION TO DISMISS

Plaintiff did not fix those theories — it moved them. Community Brigade seeks dismissal of these portions **without leave to amend**. This Motion is brought solely on behalf of Defendant Community Brigade and does not raise, and should not be construed as raising, any defense on behalf of any other defendant. It does not disturb the portions of Counts Five, Six, and Eight on which this Court has already ruled.

This Motion is made following the conference of counsel required by Local Rule 7-3, which took place on July 22, 2026, and which did not resolve the issues raised herein. This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the Court's June 25, 2026 Order (Doc. 25) adopting its June 23, 2026 Tentative Ruling (Doc. 24), the records and files in this action, and any further argument the Court may permit.

Dated: July 22, 2026

WOLF WALLENSTEIN, PC

By: _____
Ellen Kaufman Wolf
Evan W. Grant
Attorneys for Defendant Community Brigade

DEFENDANT COMMUNITY BRIGADE'S NOTICE OF MOTION AND MOTION TO DISMISS

# TABLE OF CONTENTS

**I. INTRODUCTION** ........................................................................................... 7

**II. RELEVANT BACKGROUND** .................................................................... 9

**III. LEGAL STANDARD** ............................................................................. 10

**IV. ARGUMENT** .......................................................................................... 10

      A. What Cannot Be Converted Cannot Be Stolen: Goodwill, Reputation, Credibility, "Government Associations," and "Services" Are Not "Property" Under § 496 ......................................................................................... 10

      B. Count Six Fails To The Extent It Rests On Diverted Donations — An Expectancy, Not Stolen Property — And The Theory Is Not Pleaded With The Particularity Rule 9(b) Requires .......................................................... 16

      C. The Tangible-Property Basis Of Counts Six And Five Is Not Plausibly Pleaded: Plaintiff Alleges Only Conclusory, Open-Ended "Assets," No Specific Sum Of Money, And No Completed Taking ...................................... 18

      D. Count Eight's "Unlawful" Prong Fails To The Extent It Borrows The Foreclosed Goodwill And Donation Theories ................................................ 19

      E. Count Nine Fails To The Extent It Seeks A Declaration Of Ownership Over Diverted Donations ........................................................................................ 21

**V. DISMISSAL SHOULD BE WITHOUT LEAVE TO AMEND** ...................... 21

**VI. CONCLUSION** ......................................................................................... 22

DEFENDANT COMMUNITY BRIGADE'S NOTICE OF MOTION AND MOTION TO DISMISS

## TABLE OF AUTHORITIES

**Cases**

*Adkins v. Model Laundry Co.,*
    92 Cal. App. 575 (1928).................................................................... 12

*Aleksick v. 7-Eleven, Inc.,*
    205 Cal. App. 4th 1176 (2012)......................................................... 20

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) .............................................................. 8, 10, 18, 19

*Baker v. Pratt,*
    176 Cal. App. 3d 370 (1986)............................................................ 14

*Bastanchury v. Times-Mirror Co.,*
    68 Cal. App. 2d 217 (1945) .............................................................. 19

*Bell v. Feibush,*
    212 Cal. App. 4th 1041 (2013).......................................................... 12

*Boon Rawd Trading Int'l Co. v. Paleewong Trading Co.,*
    688 F. Supp. 2d 940 (N.D. Cal. 2010) ............................................ 13

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,*
    20 Cal. 4th 163 (1999)...................................................................... 20

*Citizens of Humanity, LLC v. Costco Wholesale Corp.,*
    171 Cal. App. 4th 1 (2009)......................................................... 15, 20

*Davis v. HSBC Bank Nev., N.A.,*
    691 F.3d 1152 (9th Cir. 2012)......................................................... 20

*Depot, Inc. v. Caring for Montanans, Inc.,*
    915 F.3d 643 (9th Cir. 2019)........................................................... 17

*Farmers Ins. Exch. v. Zerin,*
    53 Cal. App. 4th 445 (1997)............................................................. 19

*Florey Inst. of Neuroscience & Mental Health v. Kleiner Perkins Caufield & Byers,*
    31 F. Supp. 3d 1034 (N.D. Cal. 2014) ............................................ 18

DEFENDANT COMMUNITY BRIGADE'S NOTICE OF MOTION AND MOTION TO DISMISS

*G.S. Rasmussen & Assocs. v. Kalitta Flying Serv.,*
> 958 F.2d 896 (9th Cir. 1992)................................................................ 13

*Harley-Davidson Motor Co. v. Custom Cycle Delight, Inc.,*
> 664 F.2d 1371 (9th Cir. 1981)............................................................. 17

*Hennessy v. Infinity Ins. Co.,*
> 358 F. Supp. 3d 1074 (C.D. Cal. 2019)......................................... 11, 12

*Holistic Supplements, LLC v. Stark,*
> 61 Cal. App. 5th 530 (2021)............................................................... 13

*Kearns v. Ford Motor Co.,*
> 567 F.3d 1120 (9th Cir. 2009)............................................................ 17

*Kremen v. Cohen,*
> 337 F.3d 1024 (9th Cir. 2003)............................................................ 13

*Kwikset Corp. v. Superior Court,*
> 51 Cal. 4th 310 (2011)....................................................................... 15

*Lacagnina v. Comprehend Systems, Inc.,*
> 25 Cal. App. 5th 955 (2018).......................................................... passim

*Lozano v. AT&T Wireless Servs., Inc.,*
> 504 F.3d 718 (9th Cir. 2007)............................................................. 20

*Mendiondo v. Centinela Hosp. Med. Ctr.,*
> 521 F.3d 1097 (9th Cir. 2008)............................................................ 10

*Metzler Inv. GMBH v. Corinthian Colls., Inc.,*
> 540 F.3d 1049 (9th Cir. 2008)............................................................ 21

*Miles, Inc. v. Scripps Clinic & Rsch. Found.,*
> 810 F. Supp. 1091 (S.D. Cal. 1993) .................................................. 13

*Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC,*
> 165 F. Supp. 3d 937 (S.D. Cal. 2016) ............................................... 20

*Olschewski v. Hudson,*
> 87 Cal. App. 282 (1927)..................................................................... 12

6

DEFENDANT COMMUNITY BRIGADE'S NOTICE OF MOTION AND MOTION TO DISMISS

*PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP,*
150 Cal. App. 4th 384 (2007).................................................................................. 19

*Pemberton v. Nationstar Mortg. LLC,*
331 F. Supp. 3d 1018 (S.D. Cal. 2018) .................................................................. 20

*People v. Farell,*
28 Cal. 4th 381 (2002).......................................................................................... 15

*People v. Grant,*
113 Cal. App. 4th 579 (2003)................................................................................. 16

*People v. Kozlowski,*
96 Cal. App. 4th 853 (2002).................................................................................. 15

*People v. Romanowski,*
2 Cal. 5th 903 (2017) ............................................................................................ 16

*Second Measure, Inc. v. Kim,*
143 F. Supp. 3d 961 (N.D. Cal. 2015) ................................................................... 14

*Siry Investment, L.P. v. Farkhondehpour,*
13 Cal. 5th 333 (2022).................................................................................... passim

*Swartz v. KPMG LLP,*
476 F.3d 756 (9th Cir. 2007).................................................................................. 17

*Switzer v. Wood,*
35 Cal. App. 5th 116 (2019)................................................................................... 11

*Sykes Lab'y, Inc. v. Kalvin,*
610 F. Supp. 849 (C.D. Cal. 1985)......................................................................... 20

*Thrifty-Tel, Inc. v. Bezenek,*
46 Cal. App. 4th 1559 (1996)................................................................................. 12

*United States v. Corinthian Colls.,*
655 F.3d 984 (9th Cir. 2011).................................................................................. 17

*Vega v. JPMorgan Chase Bank, N.A.,*
654 F. Supp. 2d 1104 (E.D. Cal. 2009).................................................................. 18

DEFENDANT COMMUNITY BRIGADE'S NOTICE OF MOTION AND MOTION TO DISMISS

*Vess v. Ciba-Geigy Corp. USA*,
 317 F.3d 1097 (9th Cir. 2003) ................................................................ 10, 17, 18

*Voris v. Lampert*,
 7 Cal. 5th 1141 (2019) ............................................................................. 19

*WMX Techs., Inc. v. Miller*,
 197 F.3d 367 (9th Cir. 1999) .................................................................... 13, 16

**Statutes**

Cal. Penal Code § 7 ....................................................................................... 12

Cal. Penal Code § 484 ................................................................................... 12, 13

Cal. Penal Code § 487 ................................................................................... 13

Cal. Penal Code § 496 ................................................................................... passim

Cal. Penal Code § 499c ................................................................................. 14, 15

Cal. Penal Code § 502 ................................................................................... 15

Cal. Bus. & Prof. Code § 14100 .................................................................... 16

Cal. Bus. & Prof. Code § 14102 .................................................................... 14

Cal. Bus. & Prof. Code § 17200 .................................................................... 20

**Rules**

Fed. R. Civ. P. 9(b) ...................................................................................... 8, 10, 17

Fed. R. Civ. P. 12(b)(6) ............................................................................... 7, 10

**Other Authorities**

Sen. Bill No. 1068; Stats. 1972, ch. 963, §§ 1, pp. 1739–1740 ................................. 15

Stats. 1967, ch. 132, § 1 ............................................................................... 15

DEFENDANT COMMUNITY BRIGADE'S NOTICE OF MOTION AND MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This Court has already decided the gist of the issue at hand, but Plaintiff seems to have decided to give it another try to see if the Court would change course.   Ruling on the First Amended Complaint, the Court held that a business's **goodwill** is not property that can be converted, and that **third-party donations** Plaintiff never received are a "lost donation opportunity or expectancy, not conversion of LAEPF's property." (Doc. 24 at 11–14.) It dismissed both theories and gave Plaintiff leave to amend.

Plaintiff did not remove those theories — it moved and re-used them:  The Second Amended Complaint ("SAC") drops goodwill and diverted donations from the conversion count and re-pleads them, <u>verbatim</u>, as **civil theft** under Penal Code § 496 (Count Six, ¶¶ 106–107), as predicates for the **unlawful** prong of the UCL (Count Eight), and as the basis for a **declaration of ownership** over donated monies (Count Nine).

A theory the Court has already held is not cognizable does not become cognizable when relabeled — least of all as civil theft, which is *narrower* than conversion and requires "property" that "has been stolen or … obtained in any manner constituting theft" (Cal. Penal Code § 496(a)).

Three independent defects run through the recycled theft and conversion theories, and each is a proper subject of a Rule 12(b)(6) motion:

- **Non-property.** Section 496 reaches only "property" as the Penal Code defines it. Goodwill, reputation, credibility, "government associations," and "services" are not property that can be stolen. The Court's goodwill ruling controls, and *Lacagnina v. Comprehend Systems, Inc.*, 25 Cal. App. 5th 955, 970 (2018) ("*Lacagnina*") forecloses the rest.

- **Fraud without particularity.** Plaintiff's donation theory is, by its own terms, theft by deceiving donors — i.e., theft by false pretense. Plaintiff's own lead authority

DEFENDANT COMMUNITY BRIGADE'S NOTICE OF MOTION AND MOTION TO DISMISS

says so: *Siry* holds § 496 "theft" includes "theft … by means of … false pretenses." A claim grounded in that fraudulent course of conduct must be pleaded with Rule 9(b) particularity — the who, what, when, and how — and the SAC pleads none of it, lumping all "Defendants" together as to unnamed donors.

- **No specific property, and no completed taking.** The tangible-property theory rests on conclusory references to Plaintiff's "assets," "physical equipment," "numerous items," and "operating funds," identified only by open-ended example. Under *Iqbal*, those conclusions are disregarded; a conversion or theft claim must identify the specific property taken, and money must be a "specific, identifiable sum." And the SAC pleads only that defendants made "efforts to seize" the equipment and "demand[ed]" that Plaintiff "hand [it] over" (¶¶ 55, 106) — i.e., that Plaintiff still holds it — which is neither a completed "receipt" of stolen property nor the wrongful dominion conversion requires.

This Motion does not re-argue here any of the procedural issues the Court decided in the first 12b6 Motion — procedural status of proving genericness, dealing with the group-pleading ruling, procedure as to Count Four, the digital-property theories or the UCL fraud prong the Court determined to be sufficiently pleaded to be litigated. This Motion is a "subsequent motion" the Court's reasoning contemplated. [1]

The identified portions of Counts Five, Six, Eight, and Nine should be dismissed, without leave, because the reasons for the dismissals are substantive as a matter of law and cannot be cured. Plaintiff has already had its chance to cure and would have stated other and different facts to support these claims if they could have. Instead, they clearly chose to try to simply move around, re-use and recycle conclusory

---

[1] As the Court knows, Community Brigade anticipates other motions on procedure and on the merits as well. The procedural nature of this 12b6 motion is emphasized here because Plaintiff has been publicizing and mischaracterizing the prior 12b6 ruling by the Court as Plaintiff's "victory" in the case and the Court's "agreement" with Plaintiff on the merits, neither of which are of course remotely true (but which Community Brigade can only surmise LAEPF hopes will confuse and weaken Community Brigade's supporters.)

DEFENDANT COMMUNITY BRIGADE'S NOTICE OF MOTION AND MOTION TO DISMISS

and illogical allegations which the Court has already determined to be unsustainable. The identified portions of Counts Five, Six, Eight, and Nine should be dismissed, without leave.

## II.    RELEVANT BACKGROUND

In the original Complaint, the diversion of goodwill and donations was alleged in the Fifth Count for Conversion.  On June 25, 2026 (Docket Doc. 24 and 25), the Court "GRANT[ED] IN PART … the Motion … as to Count 5 to the extent the conversion claim is based on goodwill and diverted donations". (Doc. 25.) As to **goodwill**, the Court held the theory "is not plausible under existing California law," that goodwill "is a highly abstract property interest that does not lend itself to the elements of conversion," and "declin[ed] to extend conversion under California law to the conversion of goodwill." (Doc. 24 at 11–12.)

As to **diverted donations**, the Court held that the allegations "describe a lost donation opportunity or expectancy, not conversion of LAEPF's property," because "[d]onor confusion cannot create an immediate possessory right in funds LAEPF never held and that were not allegedly entrusted to CB for LAEPF's benefit." (Doc. 24 at 13.)

In the Plaintiff's amendment, the SAC removes goodwill and donations from conversion (SAC ¶¶ 101–103) but contains both goodwill and donations in civil theft (SAC ¶ 106), the UCL (¶ 118), and declaratory relief (¶¶ 126–127). Count Six now predicates § 496 liability on "diverting donations …; Defendants' misappropriation of Plaintiff's digital accounts (including social media accounts), **services** and taking of data; Defendants' misappropriation of Plaintiff's **goodwill**; and Defendants' **efforts to seize control** of Plaintiff's **assets**, including a vehicle and numerous items of personal protective and fire response equipment, and **operating funds**." (SAC ¶ 106.)

Paragraph 107 adds that defendants sought to "convert the donations, **credibility**, and assets" with knowledge of Plaintiff's "assets, **reputation**, and **government associations**."

///

DEFENDANT COMMUNITY BRIGADE'S NOTICE OF MOTION AND MOTION TO DISMISS

## III.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts apply a "two-step" analysis: they first set aside legal conclusions and "conclusory statements," which "are not entitled to the assumption of truth," and then ask whether the remaining, non-conclusory factual allegations "plausibly give rise to an entitlement to relief." *Id.* at 678–79. A claim also fails where it "lacks a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). The Court may dismiss part of a claim, or a discrete theory within a claim, while allowing the remainder to proceed.

Where a claim "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim," it is "grounded in fraud" and "the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003). Averments of fraud that fail Rule 9(b) must be "disregard[ed]" or "strip[ped]" from the claim, and the court then tests what remains. *Id.* at 1105.

The Court has already analyzed the goodwill and diverted-donation theories on the merits in this case and found neither cognizable. (Doc. 24 at 11–14.) That reasoning is directly on point and should control the same theories wherever Plaintiff has now re-pleaded them.

## IV.   ARGUMENT

### A. What Cannot Be Converted Cannot Be Stolen: Goodwill, Reputation, Credibility, "Government Associations," And "Services" Are Not "Property" Under § 496.

The argument proceeds in four steps: (1) § 496(c) is a derivative remedy that

DEFENDANT COMMUNITY BRIGADE'S NOTICE OF MOTION AND MOTION TO DISMISS

requires a completed § 496(a)[2] **theft of cognizable "property"**; (2) goodwill and reputation are the paradigm of interests too amorphous to be possessed — and therefore cannot be converted *or* stolen — a limitation no California court has ever crossed; (3) the Court has already analyzed the goodwill and diverted-donation theories on the merits in this case and found neither cognizable to have been "converted" (i.e, stolen); and (4) the statute's history and structure confirm that only the Legislature, and only expressly, can extend theft law to such intangibles.

**1. Section 496(c) is a derivative civil remedy that attaches only to a completed theft of cognizable "property."** Section 496(c) creates no independent substantive wrong; it "articulates a right to special civil remedies when a violation of section 496(a) has occurred" (*Siry Investment, L.P. v. Farkhondehpour*, 13 Cal. 5th 333, 361 (2022)) — an "enhanced civil remedy in the event there has been a violation of the statute." *Switzer v. Wood*, 35 Cal. App. 5th 116, 126 (2019). A plaintiff must therefore establish an actual § 496(a) violation: "(i) property was stolen or obtained in a manner constituting theft, (ii) the defendant knew the property was so stolen or obtained, and (iii) the defendant received or had possession of the stolen property." *Id.*; *Lacagnina v. Comprehend Systems, Inc.*, 25 Cal. App. 5th 955, 970 (2018). Because the count is derivative, it is dismissed when the predicate § 496(a) violation is not adequately alleged. *Hennessy v. Infinity Ins. Co.*, 358 F. Supp. 3d 1074, 1085 (C.D. Cal. 2019) (dismissing § 496(c) claim as "derivative" where the statute "merely gives a plaintiff the right to seek triple damages … for a violation of Section 496(a) or (b)"). The threshold question in every § 496 case is thus whether cognizable "property" was stolen at all — and, as shown below, goodwill, reputation, "government

---

[2] Penal Code § 496(a) makes it a crime to:"Buy or receive any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained…"

associations," "services," and diverted donations are not.[3]

**2. Section 496 "property" is the Penal Code's defined term, and is no broader than what can be stolen.** "Property" in § 496 carries its Penal Code § 7 meaning — "money, goods, chattels, things in action, and evidences of debt" — and is not used "more broadly than the definition … already provided by the Penal Code." *Lacagnina*, 25 Cal. App. 5th at 969–70 (approved in *Siry*, 13 Cal. 5th at 361). The universe of § 496 "property" is bounded by, and no larger than, what can be the subject of a theft. *Bell v. Feibush*, 212 Cal. App. 4th 1041, 1048 (2013) ("[a]nything that could be the subject of a theft can also be property under section 496"). And it is if anything *narrower* than conversion's property concept: § 484 defines theft to include "labor," but § 496 does not, and "that labor may be the object of a 'theft' does not transform it into 'stolen property.'" *Lacagnina*, 25 Cal. App. 5th at 970.

**3. Goodwill and reputation are the textbook examples of interests too amorphous to be converted — and the same reasoning bars treating them as stolen property.** Conversion is the civil counterpart of larceny, and "civil theft" under § 496 is California's statutory action for the same wrong. The two differ only in the *manner* of the wrong — theft (§ 484) also reaches property obtained by embezzlement or false pretenses — not in the *nature of the thing*: every form of theft, like conversion, presupposes a discrete, possessable *res* that can be "taken," "received," "concealed," or "withheld." An interest too indefinite to be possessed for purposes of conversion therefore cannot be "stolen" either. California has long refused to recognize conversion of "such indefinite, intangible and uncertain property rights as the mere goodwill of a business." *Olschewski v. Hudson*, 87 Cal. App. 282, 288 (1927); *Adkins v. Model Laundry Co.*, 92 Cal. App. 575, 583 (1928); *see also Thrifty-Tel, Inc. v. Bezenek*, 46 Cal. App. 4th 1559, 1565 (1996) (describing goodwill as the classic non-convertible

---

[3] To the extent the Court views § 496(c) as only a treble-damages remedy rather than an independent cause of action (*see Hennessy*, 358 F. Supp. 3d at 1085), Count Six fails for the same reason: the remedy cannot stand where, as here, no predicate § 496(a) violation is adequately alleged.

DEFENDANT COMMUNITY BRIGADE'S NOTICE OF MOTION AND MOTION TO DISMISS

intangible, though in dictum); *Miles, Inc. v. Scripps Clinic & Rsch. Found.*, 810 F. Supp. 1091, 1095–96 (S.D. Cal. 1993). To be convertible, an intangible must be "capable of precise definition," "of exclusive possession or control," and supported by "a legitimate claim to exclusivity." *G.S. Rasmussen & Assocs. v. Kalitta Flying Serv.*, 958 F.2d 896, 903 (9th Cir. 1992); *Kremen v. Cohen*, 337 F.3d 1024, 1030 (9th Cir. 2003); *Holistic Supplements, LLC v. Stark*, 61 Cal. App. 5th 530, 542–43 (2021). Goodwill has no independent existence apart from an ongoing business; it cannot be defined, exclusively possessed, or "taken." Reputation is even less tangible than goodwill, and no California authority treats it as property that can be possessed, taken, or converted. *Cf. WMX Techs., Inc. v. Miller*, 197 F.3d 367, 376 (9th Cir. 1999) (reputation alone insufficient to constitute a protected liberty or property interest). This Court has already held goodwill is not convertible here. (Doc. 24 at 11–12.)

The very features that disqualify goodwill and reputation from conversion — their amorphousness and the impossibility of exclusive possession — disqualify them under § 496 with even greater force. Section 496 requires that specific property "already have the character of having been stolen" when it "comes into the defendant's hands." *Lacagnina*, 25 Cal. App. 5th at 971. Goodwill and reputation present no definable *res* that can be "stolen" and then separately "received" or "withheld." And because § 496 "property" is no broader than conversion "property" (indeed narrower), an interest excluded from conversion necessarily fails § 496 *a fortiori*.

The absence of authority is itself telling. California's theft statutes and § 496's civil remedy have been in force for decades, yet **no published California decision — state or federal, civil or criminal — has ever recognized goodwill or reputation as property that can be "stolen" under §§ 484, 487, or 496, or converted.** To the contrary, every court to consider the question has rejected the theory. *Boon Rawd Trading Int'l Co. v. Paleewong Trading Co.*, 688 F. Supp. 2d 940, 955 (N.D. Cal. 2010) ("there are no published cases that have held that goodwill can be the subject of a claim for conversion, under even the more permissive modern line of cases"); *Second*

15

DEFENDANT COMMUNITY BRIGADE'S NOTICE OF MOTION AND MOTION TO DISMISS

*Measure, Inc. v. Kim*, 143 F. Supp. 3d 961, 976 (N.D. Cal. 2015) ("more abstract intangible property, such as business goodwill and business strategies are not proper subjects of conversion"). That a half-century-old statute has never once been read to reach these interests is powerful evidence it does not — especially where the Legislature knew how to reach intangibles expressly when it wished to (§§ 499c, 502). Nor does Plaintiff gain anything from the rule that goodwill is "property" for purposes of *sale or valuation* (Bus. & Prof. Code § 14102; *Baker v. Pratt*, 176 Cal. App. 3d 370, 377 (1986)); those authorities address the owner's right to recover for impairment of goodwill in dissolution and fiduciary contexts — not the *taking* of goodwill by theft or conversion, a theory no court has endorsed.

Plaintiff cannot rescue the theory by invoking Business and Professions Code § 14102 ("the good will of a business is property and is transferable"). That goodwill may be a saleable business asset in the abstract does not make it a discrete, possessable *res* that can be wrongfully "taken," "received," and "withheld"; the settled conversion authorities coexist with § 14102 and hold precisely the opposite. The same is true of "credibility" and "government associations" (SAC ¶ 107) — goodwill and reputation by other names — and of "services" (SAC ¶ 106), which *Lacagnina* squarely holds are not § 496 "property." 25 Cal. App. 5th at 970.[4]

**4. The statute's history and structure confirm the limit — and reading "property" to include goodwill and reputation for some claims but not others would be unworkable.** Three points reinforce that goodwill and reputation are not § 496 "property."

*Legislative purpose.* The § 496(c) civil treble-damages remedy was enacted in 1972 (Sen. Bill No. 1068; Stats. 1972, ch. 963, §§ 1, pp. 1739–1740) at the request of

---

[4] No California case has expressly declared the property element of conversion and of § 496 perfectly coextensive, or squarely addressed whether goodwill or reputation is § 496 "property"; Community Brigade argues from the statute's text, structure, purpose, and the settled conversion limits — their convergence and the *a fortiori* point that an interest excluded from the broader conversion concept cannot satisfy § 496's equal-or-narrower property requirement.

DEFENDANT COMMUNITY BRIGADE'S NOTICE OF MOTION AND MOTION TO DISMISS

the California Trucking Association, "with the goal of eliminating markets for stolen property, in order to substantially reduce the incentive to hijack cargo from common carriers" — that is, "to dry up the market for stolen goods." *Citizens of Humanity, LLC v. Costco Wholesale Corp.*, 171 Cal. App. 4th 1, 17–18 (2009) (disapproved on other grounds by *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011)). *Lacagnina* likewise doubted that applying § 496(c)'s treble-damages remedy to an intangible — there, unpaid commissions — could serve that anti-trafficking purpose. 25 Cal. App. 5th at 970–71. There is no "market" in stolen goodwill or reputation to dry up.

*The Legislature acts expressly when it wants theft law to reach an intangible.* When the Legislature has wished to make a particular intangible the subject of theft, it has said so expressly. It enacted Penal Code § 499c to declare that trade secrets "constitute goods, chattels, materials and property and can be the subject of criminal acts," Stats. 1967, ch. 132, § 1 — because, as *People v. Farell*, 28 Cal. 4th 381, 388 (2002), recognized, that express declaration was needed to bring an intangible within theft law. It enacted § 502 (the Comprehensive Computer Data Access and Fraud Act) to reach computer data. And intangibles are otherwise reached only when they fit a § 7 category. *People v. Kozlowski*, 96 Cal. App. 4th 853, 869 (2002) (treating a personal identification number as intangible property within the Penal Code's definition). The Legislature has never declared goodwill or reputation to be stealable property. Its silence is dispositive: *Siry* itself instructs that courts will not """rewrite [the] statute to posit an unexpressed intent""" or read "property" "more broadly than the … definition … already provided by the Penal Code." 13 Cal. 5th at 361–62 (quoting *Lacagnina*). The same command that forbade the *Court of Appeal* from *narrowing* § 496 forbids Plaintiff from *expanding* its defined term "property" by judicial implication.

*Administrability — no one could know whether such a thing was "stolen."* Section 496(a)'s operative verbs — "buys," "receives," "conceals," "sells," "withholds" — each presuppose a subject matter that can be possessed, transferred, identified, and valued. *See People v. Grant*, 113 Cal. App. 4th 579, 596 (2003). Goodwill — "the

DEFENDANT COMMUNITY BRIGADE'S NOTICE OF MOTION AND MOTION TO DISMISS

expectation of continued public patronage," Bus. & Prof. Code § 14100 — is "inseparable from the business as a whole" and has no free-standing market value (*cf. People v. Romanowski*, 2 Cal. 5th 903, 914 (2017) (measuring theft of stolen access-card information by its fair market value)); reputation is not a property interest at all (*WMX Techs.*, 197 F.3d at 376). Such interests cannot be handed over, concealed, or withheld in any way a defendant, court, or fact-finder could ascertain. Treating them as stealable "property" would make the offense standardless and would convert every competitive or reputational injury into a treble-damages theft claim — precisely the transformation of "'[o]rdinary commercial defaults'" into "theft" that *Siry* forbids. 13 Cal. 5th at 361–62. Unless the Legislature expressly provides otherwise, the settled limitation that bars conversion of goodwill and reputation applies equally here; the alternative — that the identical interest is non-property for conversion yet stealable property for civil theft and the UCL — is an incoherence the Legislature never authorized.

This is a partial dismissal. This procedural Motion does not challenge Count Six insofar as it rests on digital accounts and data, which the Court addressed as digital property. (Doc. 24 at 12.)

**B. Count Six Fails To The Extent It Rests On Diverted Donations — An Expectancy, Not Stolen Property — And The Theory Is Not Pleaded With The Particularity Rule 9(B) Requires.**

**1. Diverted donations are not Plaintiff's property.** Section 496 requires that "when the property in question comes into the defendant's hands, it must already have the character of having been stolen." *Lacagnina*, 25 Cal. App. 5th at 971 (internal quotation marks omitted). Donations third parties chose to give the alleged impostor never had that character as to Plaintiff, which never owned or possessed them. This Court so held in the conversion context: donor confusion "cannot create an immediate possessory right in funds LAEPF never held." (Doc. 24 at 13.) Plaintiff's own lead case confirms the point by contrast: *Siry Investment, L.P. v. Farkhondehpour*, 13 Cal. 5th

DEFENDANT COMMUNITY BRIGADE'S NOTICE OF MOTION AND MOTION TO DISMISS

333, 361–68 (2022) (SAC ¶ 105), sustained a § 496(c) claim because the plaintiff had a *pre-existing contractual ownership interest* — a 39.6% share of a defined pool of partnership distributions — in the specific funds diverted, while cautioning that "not all commercial or consumer disputes alleging that a defendant obtained money or property through fraud … will amount to a theft." *Id.* at 361.

**2. The Donation Theory Sounds In Fraud And Does Not Satisfy Rule 9(B).**

Part of Plaintiff's donation theory is, by its own terms, that defendants deceived and "confused" donors into giving to the impostor.  A §496 or conversion claim premised on such a "unified course of fraudulent conduct" is "grounded in fraud" and must satisfy Rule 9(b) in its entirety. *Vess*, 317 F.3d at 1103–05; *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 668 (9th Cir. 2019) (Rule 9(b) "is a federally imposed rule" applying to a state-law fraud-grounded claim); *see Harley-Davidson Motor Co. v. Custom Cycle Delight, Inc.*, 664 F.2d 1371, 1373–74 (9th Cir. 1981) (where personal property is "taken by fraud," the plaintiff proceeds on a fraud theory).

The SAC pleads none of the required particulars. It never identifies **which** donor was deceived, **which** defendant deceived that donor, **what** misrepresentation was made, or **when** — only that unnamed "Defendants" solicited donations through a generalized impersonation (SAC ¶¶ 53, 106). Rule 9(b) demands "the who, what, when, where, and how of the misconduct." *Kearns*, 567 F.3d at 1124.

And it forbids exactly the pleading the SAC uses: "Rule 9(b) does not allow a complaint to merely lump multiple defendants together"; it requires a plaintiff to differentiate its allegations as to each defendant. *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007); accord *United States v. Corinthian Colls.*, 655 F.3d 984, 997–98 (9th Cir. 2011).

Stripping the insufficiently pleaded fraud averments from the donation theory,

DEFENDANT COMMUNITY BRIGADE'S NOTICE OF MOTION AND MOTION TO DISMISS

*Vess*, 317 F.3d at 1105, leaves nothing to support it.[5]

**C. The Tangible-Property Basis Of Counts Six And Five Is Not Plausibly Pleaded: Plaintiff Alleges Only Conclusory, Open-Ended "Assets," No Specific Sum Of Money, And No Completed Taking.**

**1. Conclusory, Open-Ended Property Allegations Are Disregarded.** A conversion or § 496 claim must identify the specific property allegedly taken; vague references to a plaintiff's "property" or "assets" do not state a claim. *Vega v. JPMorgan Chase Bank, N.A.*, 654 F. Supp. 2d 1104, 1121 (E.D. Cal. 2009) (dismissing conversion claim that alleged only "damages to PROPERTY" without identifying the property or plaintiff's ownership; "[t]he conversion claim lacks facts to support the tort and fails"); *Florey Inst. of Neuroscience & Mental Health v. Kleiner Perkins Caufield & Byers*, 31 F. Supp. 3d 1034, 1044 (N.D. Cal. 2014) ("impermissibly vague" and "impermissibly conclusory").

The SAC identifies with particularity only a Ford F-550 truck and "at least twelve Starlink terminals" (SAC ¶ 103). The remainder is conclusory placeholder: "multiple items of personal protective and fire response equipment," "numerous items," Plaintiff's "assets," its "money and physical assets," and "operating funds" (SAC ¶¶ 55, 103, 106). Those conclusions — and the open-ended "including" and "at least" framing that gestures at unspecified additional property — are disregarded under *Iqbal*, and the catch-all adds nothing to the claim's plausibility. Likewise, the bare assertion that the equipment is "owned by Plaintiff" (¶ 103) is a legal conclusion not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678–79.

**2. "Operating Funds" Fails The Specific-Sum Requirement.** "Money cannot be the subject of a cause of action for conversion unless there is a specific, identifiable sum involved," and "[a] generalized claim for money [is] not actionable as conversion." *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro,*

---

[5] This argument is directed at the donation-diversion theory in Count Six (and, as set out below, the conversion count).

DEFENDANT COMMUNITY BRIGADE'S NOTICE OF MOTION AND MOTION TO DISMISS

*LLP*, 150 Cal. App. 4th 384, 395 (2007); accord *Voris v. Lampert*, 7 Cal. 5th 1141, 1151 (2019); *Farmers Ins. Exch. v. Zerin*, 53 Cal. App. 4th 445, 452 (1997). The same logic applies to allegations of "theft."  The SAC pleads no sum for the "operating funds" (¶ 106) and elsewhere concedes it "is presently unable to state with specificity the amount of diverted donations." An unspecified, unascertained amount is not actionable in conversion. *PCO*, 150 Cal. App. 4th at 395; *Voris*, 7 Cal. 5th at 1151.

**3. No Completed Taking Or "Receipt."** Section 496 requires that a defendant "buys or receives" stolen property. The SAC alleges only that defendants made "<u>efforts to seize</u> control" of the equipment (¶ 106) and "demand[ed]" that Plaintiff "<u>hand [it] over</u>" (¶ 55) — and affirmatively alleges that Plaintiff remains the "sole owner" that "maintain[s] and insure[s]" the equipment and vehicles (¶ 55).

An attempt or demand is not "receipt" of stolen property. For the same reason, the conversion theory fails as to those items: conversion requires the "wrongful exercise of dominion," and the plaintiff must have been "entitled to immediate possession **at the time of** conversion" — not merely be the target of a demand. (Doc. 24 at 12 (quoting *Bastanchury v. Times-Mirror Co.*, 68 Cal. App. 2d 217, 236 (1945)).)

The defects raised here — failure to identify specific property, absence of a specific sum, and the pleading of a mere demand or attempt rather than a completed taking or receipt — go to the elements and to *Iqbal* plausibility, were not the subject of the prior ruling, and apply directly to the § 496 count. To the extent the Court sustains conversion of the two specifically identified items, Count Five should at minimum be confined to those items and Count Six dismissed as to the tangible property for want of a completed "receipt."

**D. Count Eight's "Unlawful" Prong Fails To The Extent It Borrows The Foreclosed Goodwill And Donation Theories.**

The UCL's "unlawful" prong "'borrows'' violations of other laws and treats them as unlawful practices" independently actionable under § 17200. *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). It follows that "[w]hen a

DEFENDANT COMMUNITY BRIGADE'S NOTICE OF MOTION AND MOTION TO DISMISS

statutory claim fails, a derivative UCL claim also fails," *Aleksick v. 7-Eleven, Inc.*, 205 Cal. App. 4th 1176, 1185 (2012), and that an unlawful-prong claim "is not plausible when it is premised on conduct that does not violate the borrowed law," *Pemberton v. Nationstar Mortg. LLC*, 331 F. Supp. 3d 1018, 1049 (S.D. Cal. 2018); accord *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152 (9th Cir. 2012); *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 165 F. Supp. 3d 937, 953 (S.D. Cal. 2016) ("when [the] basis of [a] UCL claim fails, the derivative UCL claim also fails"). Because goodwill and reputation cannot be converted or stolen (§ IV.A, *supra*), a UCL "unlawful" prong predicated on their "conversion" or "theft" has no borrowed violation to rest on and fails with the predicate. Each UCL prong is "a separate and distinct theory of liability" and an independent basis for relief, *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007), so this is a partial dismissal only.

Nor is there any freestanding UCL theory that Community Brigade "misappropriated" goodwill or reputation tethered to a protectable right: the "unfair" prong in a competitor case must be "tethered to some legislatively declared policy," *Cel-Tech*, 20 Cal. 4th at 186–87, and the misappropriation theory does not extend to "the 'taking' of the goodwill enveloped in a trademark" absent a likelihood of confusion or deception, *Sykes Lab'y, Inc. v. Kalvin*, 610 F. Supp. 849, 855 (C.D. Cal. 1985). This Motion does not seek dismissal of Count Eight's fraudulent or unfair prongs to the extent they rest on the alleged impersonation and consumer confusion the Court already reviews (Doc. 24 at 14–15); it asks only that the "goodwill" and "donation"-based theories not travel through the unlawful prong.[6]

///

///

---

[6] The point also has a remedial dimension Community Brigade reserves for summary judgment: harm to a company's goodwill is not a loss of "money or property" eligible for a restitution order under the UCL. *Citizens of Humanity, LLC v. Costco Wholesale Corp.*, 171 Cal. App. 4th 1, 22 (2009); *see Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (2003); *Lee v. Luxottica Retail N. Am., Inc.*, 65 Cal. App. 5th 793, 805 (2021).

DEFENDANT COMMUNITY BRIGADE'S NOTICE OF MOTION AND MOTION TO DISMISS

**E. Count Nine Fails To The Extent It Seeks A Declaration Of Ownership Over Diverted Donations.**

The Court declined to dismiss Count Nine as duplicative, relying on its request for a declaration of ownership over "monies … donated." (Doc. 24 at 16.) This Motion does not re-argue duplicativeness. It challenges the *merits* of that request: A court cannot declare Plaintiff the "owner" of third-party donations in which — as the Court has held — Plaintiff has no "immediate possessory right" because it "never held" them. (Doc. 24 at 13.)

A declaratory-relief claim cannot manufacture a property interest substantive law does not recognize. To the extent Count Nine (SAC ¶¶ 126–127) seeks a declaration that Plaintiff owns the diverted donations, it should be dismissed.

## V.   DISMISSAL SHOULD BE WITHOUT LEAVE TO AMEND

In the prior 12b6 Motion, the Court identified the goodwill and donation defects, dismissed those theories, and granted leave to amend. (Doc. 24 at 12–14.) Plaintiff's response was to relocate the identical theories into other counts based on the same "theft" type logic as the Court dismissed in the conversion claim — first pleading goodwill in the FAC's conversion count (FAC ¶ 108), and, after dismissal, re-pleading the same goodwill theory in the SAC's civil-theft count (SAC ¶ 106).

Leave may be denied where a plaintiff has already amended and the defects are legal rather than factual. *In re Read-Rite Corp.*, 335 F.3d 843, 845 (9th Cir. 2003) (discretion "particularly broad where plaintiff has previously amended"); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008).

These defects are incurable: goodwill, reputation, credibility, "government associations," and "services" are categorically outside § 496's definition of "property"; donations Plaintiff never received are categorically not Plaintiff's property; and no additional label can convert an "effort to seize" into a completed theft. The identified portions of Counts Five, Six, Eight, and Nine should be dismissed without leave.

///

DEFENDANT COMMUNITY BRIGADE'S NOTICE OF MOTION AND MOTION TO DISMISS

## VI.  CONCLUSION

For the foregoing reasons, Community Brigade respectfully requests that the Court dismiss, without leave to amend: (1) Count Six insofar as it rests on goodwill, reputation, credibility, government associations, "services," diverted donations, and unspecified tangible property; (2) Count Five insofar as it rests on property not identified with particularity; (3) the "unlawful" prong of Count Eight insofar as it borrows the goodwill and donation theories; and (4) Count Nine insofar as it seeks a declaration of ownership over diverted donations.

Dated: July 22, 2026

WOLF WALLENSTEIN, PC

By: _____
Ellen Kaufman Wolf
Evan W. Grant
Attorneys for Defendant Community Brigade

DEFENDANT COMMUNITY BRIGADE'S NOTICE OF MOTION AND MOTION TO DISMISS

# CERTIFICATE OF SERVICE

*Los Angeles Emergency Preparedness Foundation v. Mikke Pierson, et al.*
USDC Case No. 2:26-cv-02463

I am employed in the State of California, County of Los Angeles, over the age of eighteen years, and not a party to the within action.  My business address is 11400 West Olympic Boulevard, Suite 700, Los Angeles, California 90064.

On July 22, 2026, I served the within documents:

**DEFENDANT COMMUNITY BRIGADE'S NOTICE OF MOTION AND MOTION TO DISMISS PORTIONS OF THE SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

[ ]     by placing **[  ] the original [  ] a true and correct copy** of the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

[ ]     by causing messenger delivery by First Legal attorney service of **[  ] the original [  ] a true and correct copy** of the document(s) listed above to the person(s) at the address(es) set forth below.

[X]     BY CM/ECF NOTICE OF ELECTRONIC FILING:  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

[SEE ATTACHED SERVICE LIST]

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 22, 2026, at Los Angeles, California.

*Nicole Carlson*
Nicole Carlson

DEFENDANT COMMUNITY BRIGADE'S NOTICE OF MOTION AND MOTION TO DISMISS

## <u>SERVICE LIST</u>

*Los Angeles Emergency Preparedness Foundation v. Mikke Pierson, et al.*
USDC Case No. 2:26-cv-02463

| | |
|---|---|
| Ali Parvaneh<br>Susanna F. Wiseman<br>Jacob A. Pace<br>MADISON LAW, APC<br>17702 Mitchell North<br>Irvine, California 92614 | *Attorneys for Plaintiff Los Angeles Emergency Preparedness Foundation dba Community Brigade*<br><br>Telephone: 949-756-9050<br>Facsimile: 949-756-9060<br><br>Email:<br>aparvaneh@madisonlawapc.com<br>swiseman@madisonlawapc.com<br>jpace@madisonlawapc.com |

DEFENDANT COMMUNITY BRIGADE'S NOTICE OF MOTION AND MOTION TO DISMISS