ELLEN KAUFMAN WOLF (Cal. Bar No. 110686)
ewolf@wolfwallenstein.com
EVAN W. GRANT (Cal. Bar No. 234039)
egrant@wolfwallenstein.com
**WOLF WALLENSTEIN, PC**
11400 West Olympic Boulevard, Suite 700
Los Angeles, California 90064
Telephone: (310) 622-1000
Facsimile: (310) 457-9087

Attorneys for Defendant Community Brigade

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LOS ANGELES EMERGENCY PREPAREDNESS FOUNDATION dba COMMUNITY BRIGADE, a California nonprofit corporation,

Plaintiff,

v.

MIKKE PIERSON, an individual; JASON DAX MILLER aka DAX MILLER, an individual; DANA WOLF PHILLIPS, an individual; KEEGAN GIBBS, an individual; TYLER HAUPTMAN, an individual; COMMUNITY BRIGADE, a California nonprofit corporation; and DOES 1 through 50, inclusive,

Defendants

Case No. 2:26-cv-02463-GW (DFMx)

**DECLARATION OF ELLEN KAUFMAN WOLF IN SUPPORT OF DEFENDANT COMMUNITY BRIGADE'S MOTION TO DISMISS PORTIONS OF THE SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Hon. George H. Wu

*[Filed concurrently with Motion to Dismiss Portions of the Second Amended Complaint]*

Date: August 20, 2026
Time: 8:30 a.m.
Courtroom: 9D

**DECLARATION OF ELLEN KAUFMAN WOLF**

I, Ellen Kaufman Wolf, declare as follows:

1. I am a member in good standing of the State Bar of California and a partner at the law firm of Wolf Wallenstein, PC, attorneys of record for Defendant Community Brigade, a California nonprofit corporation, in the above-captioned action. I have personal knowledge of the matters stated in this declaration, except where stated on information and belief, and as to those matters I believe them to be true. If called upon to testify to the matters stated herein, I could and would competently do so.

2. I submit this declaration in support of Defendant Community Brigade's concurrently filed Motion to Dismiss Portions of the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

3. On March 6, 2026, Plaintiff Los Angeles Emergency Preparedness Foundation dba Community Brigade ("Plaintiff" or "LAEPF") filed its initial Complaint in this action. (ECF No. 1.)

4. On April 17, 2026, my colleague Evan W. Grant and I transmitted a comprehensive written meet-and-confer letter to Ali Parvaneh, Susanna F. Wiseman, and Jacob A. Pace of Madison Law, APC, counsel for Plaintiff, identifying the pleading deficiencies that Defendant Community Brigade intended to raise by motion, including that Plaintiff's conversion cause of action improperly sought recovery for the alleged conversion of Plaintiff's goodwill and for the alleged diversion of third-party donations. On April 23, 2026, and again on April 30, 2026, Mr. Grant and I met and conferred telephonically with counsel for Plaintiff, including Jacob A. Pace, regarding those deficiencies. The goodwill and donation diversion issues in the Complaint that we discussed as to "conversion" are conceptually the same as now appear in the Second Amended Complaint as to "theft", as detailed below.

5. On May 21, 2026, Defendant Community Brigade filed its Motion to Dismiss the First Amended Complaint. On June 23, 2026, the Court issued a Tentative Ruling (ECF No. 24), which it adopted by Order entered June 25, 2026 (ECF No. 25).

The Court granted the motion in part as to the Fifth Cause of Action for Conversion, to the extent that cause of action was based on the alleged conversion of Plaintiff's goodwill and on diverted third-party donations, and granted Plaintiff leave to amend. As to goodwill, the Court held that goodwill is not property subject to conversion under California law. As to donations, the Court held that the allegations described a lost donation opportunity or expectancy, not the conversion of property that Plaintiff ever held. (ECF No. 24 at 11–14.)

6. On July 8, 2026, Plaintiff filed its Second Amended Complaint. (ECF No. 28.)

7. The Second Amended Complaint removed the goodwill and diverted-donation theories from the Fifth Cause of Action for Conversion, but re-pleaded those same theories elsewhere: in the Sixth Cause of Action for Civil Theft under California Penal Code section 496 (SAC ¶¶ 106–107), as a predicate for the "unlawful" prong of the Eighth Cause of Action under California Business and Professions Code section 17200 (SAC ¶ 118), and as the basis for the declaration of ownership sought in the Ninth Cause of Action (SAC ¶¶ 126–127). The Second Amended Complaint also continued to allege conversion and civil theft of unspecified "physical equipment," "assets," and "operating funds" identified only by open-ended example (SAC ¶¶ 103, 106).

8. On July 22, 2026, I sent a written meet-and-confer communication by email to Plaintiff's counsel, Ali Parvaneh and Jacob A. Pace (with copies to Crystal Amaro and Evan W. Grant), identifying with particularity the specific portions of the Second Amended Complaint that Defendant Community Brigade intended to move to dismiss and the legal bases for the motion, including that this Court had already rejected the goodwill-conversion and diverted-donation theories. In that communication, I noted that the parties had already met and conferred on these same theories in connection with Defendant's Motion to Dismiss the First Amended Complaint, and I offered to confer further by telephone that same day. A true and

correct copy of my July 22, 2026 meet-and-confer email is attached hereto as **Exhibit A.**

9. The parties' meet-and-confer efforts have not resolved the issues raised in the Motion. Through the parties' prior conferences on these same theories and my July 22, 2026 communication, the conference of counsel required by Local Rule 7-3 has taken place, and the parties were unable to reach a resolution that would obviate the need for the Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 22, 2026, at Los Angeles, California.

Ellen Kaufman Wolf

# EXHIBIT A

**Nicole Carlson**

| | |
|---|---|
| **From:** | Ellen Wolf |
| **Sent:** | Wednesday, July 22, 2026 10:13 AM |
| **To:** | 'Ali Parvaneh'; Jacob Pace |
| **Cc:** | Crystal Amaro; Evan Grant |
| **Subject:** | RE: LAEPF v Brigade = MEET AND CONFER RE 12B6 MOTION |

Mr. Parvaneh and Mr. Pace,

There is also some ambiguity as to the date our 12b6 motion would be due. What date do you show for that?

We are seeking to dismiss the rest of the "donation diversion" and "goodwill theft" claims that the Court already disallowed in the conversion action. You didn't delete them; you just moved them and added them to other causes of action which fail under the same logic the court already articulated: a business's goodwill is not property that can be converted (i.e. "stolen"), and that third-party donations Plaintiff never received are a "lost donation opportunity or expectancy, not conversion (or, i.e. "theft") of LAEPF's property." (Doc. 24 at 11–14.)

We already met and conferred on the same issues in the previous 12b6 motion. I know there is no chance you are going to agree to it or change the complaint, so a further "meet and confer" should not be needed, but I am emailing this and am available for a quick call today if you wish to meet and confer further. My cell is 310 883-8239 and I am available after a court appearance ending at 12:30.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Community Brigade is going to move for an order dismissing the following portions of Plaintiff's Second Amended Complaint ("SAC"):

1. **The Sixth Cause of Action (Civil Theft, Cal. Penal Code § 496)**, in part, insofar as it is predicated on: (a) the alleged "misappropriation" of Plaintiff's goodwill, reputation, credibility, government associations, and "services" (SAC ¶¶ 106–107); (b) the alleged diversion of third-party donations (¶ 106); and (c) the alleged theft of unspecified "assets," "operating funds," and other tangible property not identified with particularity (¶ 106);

2. **The Fifth Cause of Action (Conversion)**, in part, insofar as it is predicated on unspecified "physical equipment," "assets," and property identified only by open-ended example (SAC ¶ 103);

3. **The Eighth Cause of Action (Cal. Bus. & Prof. Code § 17200), "unlawful" prong**, insofar as it borrows, as predicate violations, the foreclosed goodwill-conversion and diverted-donation theories; and

4. **The Ninth Cause of Action (Declaratory Relief)**, insofar as it seeks a declaration that Plaintiff owns "any and all monies ... donated to the Community Brigade program" (SAC ¶¶ 126–127).

Community Brigade seeks dismissal of these portions **without leave to amend**.

This Motion is not intended to disturb the portions of counts that this Court has already ruled upon.

Thanks very much,

Ellen Kaufman Wolf
WOLF WALLENSTEIN, PC
11400 West Olympic Blvd., Suite 700 | Los Angeles, CA 90064

# CERTIFICATE OF SERVICE

*Los Angeles Emergency Preparedness Foundation v. Mikke Pierson, et al.*
USDC Case No. 2:26-cv-02463

I am employed in the State of California, County of Los Angeles, over the age of eighteen years, and not a party to the within action. My business address is 11400 West Olympic Boulevard, Suite 700, Los Angeles, California 90064.

On July 22, 2026, I served the within documents:

**DECLARATION OF ELLEN KAUFMAN WOLF IN SUPPORT OF DEFENDANT COMMUNITY BRIGADE'S MOTION TO DISMISS PORTIONS OF THE SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

[ ] by placing **[ ] the original [ ] a true and correct copy** of the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

[ ] by causing messenger delivery by First Legal attorney service of **[ ] the original [ ] a true and correct copy** of the document(s) listed above to the person(s) at the address(es) set forth below.

[X] BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

[SEE ATTACHED SERVICE LIST]

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 22, 2026, at Los Angeles, California.

Nicole Carlson
Nicole Carlson

**SERVICE LIST**

*Los Angeles Emergency Preparedness Foundation v. Mikke Pierson, et al.*
USDC Case No. 2:26-cv-02463

| | |
|---|---|
| Ali Parvaneh<br>Susanna F. Wiseman<br>Jacob A. Pace<br>MADISON LAW, APC<br>17702 Mitchell North<br>Irvine, California 92614 | *Attorneys for Plaintiff Los Angeles Emergency Preparedness Foundation dba Community Brigade*<br><br>Telephone: 949-756-9050<br>Facsimile: 949-756-9060<br><br>Email:<br>aparvaneh@madisonlawapc.com<br>swiseman@madisonlawapc.com<br>jpace@madisonlawapc.com |