Ali Parvaneh, SBN 218320
aparvaneh@madisonlawapc.com
Jacob A. Pace, SBN 351963
jpace@madisonlawapc.com
**MADISON LAW, APC**
17702 Mitchell North
Irvine, California 92614
Tel: 949-756-9050
Fax: 949-756-9060

Attorneys for Plaintiff
Los Angeles Emergency Preparedness
Foundation dba Community Brigade

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LOS ANGELES EMERGENCY PREPAREDNESS FOUNDATION dba COMMUNITY BRIGADE, a California nonprofit corporation,

Plaintiff,

v.

MIKKE PIERSON, an individual; JASON DAX MILLER aka DAX MILLER, an individual; DANA WOLF PHILLIPS, an individual; KEEGAN GIBBS, an individual; TYLER HAUPTMAN, an individual; COMMUNITY BRIGADE, a California nonprofit corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No.: 2:26-cv-02463 GW (DFMx)
Assigned to: Honorable George H. Wu

**PLAINTIFF LOS ANGELES EMERGENCY PREPAREDNESS FOUNDATION dba COMMUNITY BRIGADE'S OPPOSITION TO DEFENDANT COMMUNITY BRIGADE'S MOTION TO DISMISS PORTIONS OF SECOND AMENDED COMPLAINT**

Hearing: August 20, 2026
Time: 8:30 a.m.
Courtroom: 9D

Complaint Filed: March 6, 2026
SAC Filed: July 8, 2026

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This is the second motion to dismiss filed by Defendant Community Brigade ("Defendant CB"). The Court granted in part, denied in part, and provided leave to amend. Plaintiff Los Angeles Emergency Preparedness Foundation dba Community Brigade ("Plaintiff" or "LAEPF") filed a Second Amended Complaint, which is the subject of the present motion.

Defendant CB moves to strike portions of four causes of action: Fifth (Conversion), Sixth (Civil Theft), Eighth (UCL § 17200), and Ninth (Declaratory Relief). Defendant's motion is taken in bad faith.

Defendant CB failed to meet and confer pursuant to Local Rule 7-3 as to any cause of action. Instead, Defendant CB's counsel sent an e-mail to Plaintiff's counsel just hours before filing this Motion, erroneously declaring that holding a 7-3 conference—or in other words, complying with this Court's rules—would be futile. Defendant supports this theory of futility by falsely arguing that "This Court has already decided most of these issues" and that "Plaintiff did not fix those theories – it moved them." Motion, Dkt. No. 36, pg. 2:24 & pg. 3:1. Plaintiff did not 'move' any of these allegations. Defendants and the Court are invited to compare the Sixth, Eighth, and Ninth causes of action. While the numbering of paragraphs changed (due to revisions earlier in the pleading), the substantive allegations of those causes of action are *identical* between the FAC and the SAC.

More troubling is that the Court has ruled on some of these issues before, but the Court ruled *in Plaintiff's favor*. As to the Fifth cause of action, Defendant specifies that the motion is brought "insofar as it is predicated on unspecified 'physical equipment', 'assets', and property identified only by open-end example." Motion, Dkt. No. 36, pg. 2:15-17. The Court has already ruled in Plaintiff's favor on this argument, and Defendant is improperly seeking for the Court to reconsider its earlier ruling. Ruling, Dkt. No. 24, pg. 11 ["The Court would conclude that the FAC sufficiently alleges conversion of

LAEPF's physical and digital property"]. As to the Ninth cause of action, Defendant specifies that the motion is brought "insofar as it seeks a declaration that Plaintiff owns 'any and all monies … donated to the Community Brigade program'." Motion, Dkt. 36, pg. 2:21-23. But the Court already identified that issue as specifically as an issue not otherwise encompassed by the other causes of action. Ruling, Dkt. No. 24, pg. 16.

Accordingly, what is before this Court is a motion where: (1) Defendant is seeking to re-litigate issues it already expressly lost; and (2) Defendant ignored local rules in a race to filing and made no effort to meet and confer. Also notable, is that this motion does not completely resolve any cause of action – it aims to narrow the scope of damages, only, rendering the impact of this motion nominal, as the parties will continue to fight the same theories, and only have an impact on the ultimate award. Combined, this motion appears to be plainly for the purposes of delay and an increase in litigation costs, and not brought in good faith.

Defendant CB should not be excused from complying with this Court's mandatory rules. Otherwise, Defendant CB would be rewarded for filing a motion that feels like gamesmanship. For the reasons stated herein, Plaintiff respectfully requests that the Court deny Defendant CB's Motion in its entirety.

## II. <u>RELEVANT FACTS</u>

On May 14, 2026, Plaintiff filed its First Amended Complaint ("FAC"). FAC, Dkt. No. 15. On May 21, 2026, Defendant CB filed a Motion to Dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(6) ("MTD FAC"). FAC, Dkt. 18. On June 25, 2026, the Court denied the MTD FAC in its entirety except as to two narrow claims for relief within Count 5, which the Court granted with leave to amend. Tentative Ruling on MTD FAC, Dkt. Nos. 24; Order Adopting Tentative Ruling, Dkt. No. 25. On July 8, Plaintiff filed its Second Amended Complaint ("SAC") which removed Plaintiff's claims for relief based on goodwill and diverted donations under Count 5. SAC, Dkt. No. 28.

M MADISON LAW, APC 17702 Mitchell North, Irvine, CA 92614 Tel (949) 756-9050 . . . Fax (949) 756-9060

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

Plaintiff's SAC did not "move" the goodwill and diverted donations theories as Defendant CB deceptively claims. Instead, Plaintiff deleted those claims from its Conversion cause of action pursuant to the Court's ruling. *Compare* FAC, Dkt. No. 15, ¶¶ 101-108, *with* SAC, Dkt. No. 28, ¶¶ 101-103. Plaintiff's claim for Civil Theft (Count 6) as alleged in its FAC is *identical* to that alleged in its SAC. *Compare* FAC, Dkt. No. 15, ¶¶ 109-112 *with* SAC, Dkt. No. 28, ¶¶ 104-107. Defendant CB failed to take issue with Count 6 in this regard in its MTD FAC, which the Court noted. Dkt. No. 24, p. 11 ("As to Count 6, CB argues only that Count 6 should be dismissed because the FAC fails to specifically allege facts showing that CB itself received stolen property and contends that grouped allegations are insufficient. See Motion at 28.")

The Court has already ruled that Plaintiff's claims against Defendant CB for conversion of physical property are properly pleaded. Dkt. No. 24, p. 11 ("The Court would conclude that the FAC sufficiently alleges conversion of LAEPF's physical and digital property").

Defendant CB's counsel's purported "meet and confer" efforts with Plaintiff's counsel were nothing more than a hasty e-mail sent just hours before Defendant CB filed this Motion. *See* Decl. of Ellen Wolf ("Wolf Decl.), Dkt. No. 36-1, Ex. A. Defendant CB's counsel has **not** met and conferred with Plaintiff's counsel on the issues raised in this Motion. Declaration of Ali Parvaneh ("Parvaneh Decl."), ¶ 2.

## III. <u>LEGAL STANDARD</u>

Under Fed. R. Civ. P. 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A complaint need only allege a short and plain statement of the claim, not detailed factual allegations, showing the entitlement to relief. Fed. R. Civ. P. 8(a)(2); *Iqbal*, 550 U.S. at 678. A plaintiff's burden at the pleading stage is relatively light. *In re Tevis*

(B.A.P. 9th Cir. 2011) No. ADV. 08-2004, 2011 WL 7145712, at *8. "In practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.*, 562 (quoting *Car Carriers, Inc. v. Ford Motor Co*. (7th Cir. 1984) 745 F. 2d 1101, 1106.) "As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)).

## IV. LEGAL ARGUMENTS

### A. Defendant CB Woefully Failed to Comply with Local Rule 7-3

Defendant CB's counsel claims that it has already met and conferred with Plaintiff's on the issues raised in this Motion. Local Rule 7-3 requires the parties to meet and confer "in person, by telephone, or via video conference at least 7 days prior to the filing of the motion." No such conference took place. Parvaneh Decl., ¶ 2. As this Court recently noted in detail:

> Local Rule 7-3 sets forth a clear command: "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days before filing a motion. C.D. Cal. L.R. 7-3. "The purpose of Local Rule 7-3 is to foster the informal resolution of legal issues without court intervention and to permit the parties to brief whatever issues remain in a thoughtful, concise, and useful manner." *Stewart v. San Luis Ambul., Inc.*, No. 13-cv-09458-BRO-(SSx), 2015 U.S. Dist. LEXIS 186252, 2015 WL 12681650, at *1 (C.D. Cal. Aug. 7, 2015). As this Court has said before, the meet-and-confer requirement of Local Rule 7-3 is not suggestive — it is mandatory. *See, e.g., Goldberg v. Ruano*, No. 23-cv-2395-GW-(AGRx), 2023 U.S. Dist. LEXIS 212034, 2023 WL 8143521, at *4 (C.D. Cal. June 22, 2023). Indeed, the Court may decline to consider any motion that fails to satisfy the requirements commanded by Local Rule 7-3, *see* C.D. Cal. L.R. 7-4, which courts within this district have often done. *See Goldberg*, 2023 U.S. Dist. LEXIS 212034, 2023 WL 8143521, at *4 (collecting cases).

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

*HFC Acceptance, LLC v. Rent*, No. CV 23-7744-GW-AGRx, 2025 U.S. Dist. LEXIS 86607, at *6 (C.D. Cal. Jan. 3, 2025). Defendant CB should not be excused from compliance. Indeed, Plaintiff's counsel believes that the parties could have resolved some of the issues raised in the Motion through a genuine videoconference or in-person discussion—the precise purpose of the rule. Parvaneh Decl., ¶ 3. Or at the very least, the parties could come before this Court earnestly representing that its intervention is required. Instead, Defendant CB's counsel sent an e-mail just a few hours before filing this Motion claiming that 'we've already discussed this.' *See* Wolf Decl., Dkt. No. 36-1, Ex. A. And callously asserting that "I know there is no chance you are going to agree to it or change the complaint…", which Plaintiff's counsel believes is a symptom of Defendant's counsel's erroneous and wrongful accusation that Plaintiff "moved" around allegations to undermine this Court's prior ruling. *See* Wolf Decl., Dkt. No. 36-1, Ex. A. Defendant CB's subversion of the most basic procedural prerequisite—a simple phone call seven days prior to filing the motion—reeks of scorched-earth litigation tactics that serve no party's best interest and waste judicial economy.

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

Defendant CB failed to meet and confer with Plaintiff regarding its issues with Count 5, Count 6, and Counts 8 and 9 (which are derivative of its issues with 5 and 6). Defendant CB has therefore failed to comply with this Court's mandatory rules. Plaintiff requests that the Court decline to consider Defendant CB's Motion for failure to comply with Local Rule 7-3, and order Defendant CB to Answer the SAC.

**B. The Court Already Held that Plaintiff Properly Pleads its Property Theft Claims**

Notwithstanding Plaintiff's dispositive argument above, Plaintiff notes that Defendant CB has repackaged and regurgitated arguments already raised in its MTD FAC. A second motion to dismiss is not a proper vehicle for a motion for relief from this Court's prior rulings.

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

Specifically, Defendant CB takes issue with Plaintiff's claims for conversion of personal property to the extent that Plaintiff does not list every single asset with absolute specificity. The Court already ruled on these matters in connection with the MTD FAC. As to Count 5, the Court held that "the FAC sufficiently alleges conversion of LAEPF's physical and digital property." Dkt. No. 24, p. 11.

As to Count 6, Defendant CB raised this argument in its MTD FAC (*see* MTD FAC, Dkt. No. 18, p. 28, lines 12-21), which the Court declined to entertain (*see* Dkt. No. 24, pp. 13-14, § E). In any event, Plaintiff need only "need only describe the property allegedly converted sufficiently that defendants can answer and develop a defense." *United Studios of Self Def., Inc. v. Rinehart* (C.D.Cal. Feb. 22, 2019, No. 8:18-CV-01048-DOC-DFM) 2019 U.S.Dist.LEXIS 37993, at *24-25.

Though the Court should not reach this issue for equitable and procedural reasons (as identified above), Plaintiff would further note that Defendant CB takes an unusual interpretation of property and the case law in describing the Civil Theft cause of action. Defendant CB cites to *Lacagnina* for the proposition that good will or reputation cannot be "property" subject to a theft. Motion, Dkt. 36, pg. 14:2-15. However, that entirely misstates the holding of the case. The ruling was principally based on a distinction between *labor* and other forms of personal property, both tangible and *intangible* – the latter of which the *Lacagnina* court acknowledged *could* be the subject of theft. *See, e.g.*, *Lacagnina v. Comprehend Systems, Inc*. (2018) 25 Cal.App.5th 955, 970 ("Lacagnina does not cite any reported case, nor have we been able to identify one, in which a court has deemed labor or services a form of 'property' that can be stolen, as distinct from personal property, whether tangible or intangible"). That also ignores the fact that *Lacagnina* is not likely to be good law after its hesitancy to permit the application of Penal Code § 496 was roundly rejected by the California Supreme Court, even if that latter court did not expressly address *Lacagnina*'s central premise. *See Siry Investment, L.P. v. Farkhondehpour* (2022) 13 Cal.5th 333, 352, fn. 14 ("We express no view concerning whether *Lacagnina* correctly distinguished between the theft of labor or

services and the theft of other intangible property"). Indeed, Defendant CB's argument largely undercuts its own point. Defendant CB attempts to point to Penal Code § 7 for the definition of "property", and argues that this definition is *different from* the definition that would apply to conversion claims generally. Plaintiff argued this exact point when the matter was raised in oral argument in the last hearing – that the definition of property is not the same between conversion claims and civil theft claims. As such, it appears that Defendant CB joins Plaintiff, and that there is no dispute, that the definition of what 'property' is within the scope of these two claims is not co-extensive, and may differ.

The issue here is that Defendant CB has not actually researched or presented the cases that examine the scope of 'property' under Penal Code § 7. Defendant CB mistakes the non-exclusive list of items under Penal Code § 7 as an exhaustive list. That interpretation is expressly rejected by the courts. *People v. Kozlowski* (2002) 96 Cal.App.4th 853, 865, citing *Cal. Pen. Code* §§ 7(10) & (12), and *People v. Baker* (1978) 88 Cal. App. 3d 115, 119 ("The term 'property' as used in the Penal Code includes personal property such as money, goods, chattels, things in action and evidences of debt. [Citations]. By its terms, subdivision 12 of section 7 does not create an exclusive list of personal property limited to those specifically named".) Instead, for "theft based offenses", in interpreting the term 'property, "the term is all-embracing, including every intangible benefit and prerogative susceptible of possession or disposition". *Id.* And the reach of that statute is breathtaking. This includes PIN codes and other wholly intangible information. *Id.* It also includes *rights*. A striking example would be that 'property' under Penal Code § 7 includes a business owner's right to determine whom to employ. *See, e.g.*, *People v. Fisher* (2013) 216 Cal.App.4th 212, 218 ("We find persuasive the reasoning in *People v. Spatarella* (1974) 34 N.Y.2d 157…and conclude property for purposes of the extortion statute includes a business owner's right to determine whom to employ."). Likewise, rights to pursue an appeal or to file a protest with an alcohol licensing agency are property. *People v. Fisher* (2013) 216 Cal.App.4th 212, 217 (collecting cases). Accordingly, property under the Penal Code includes property rights

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

that are wholly intangible, and take the form of *rights* or interests in hypothetical matters or interests.

**C. In the Event that the Court Grants Any Part of Defendant CB's Motion, Plaintiff Requests Leave to Amend**

In the event that the Court is inclined to grant any part of Defendant CB's Motion, Plaintiff respectfully requests that the Court afford it leave to amend to cure any perceived deficiencies.

## V. CONCLUSION

For the reasons stated above, the Court should deny Defendant CB's Motion in its entirety.

Respectfully submitted on this 30th day of July, 2026:

MADISON LAW, APC

/s/ Ali Parvaneh

Ali Parvaneh,
Jacob A. Pace,
Attorneys for Plaintiff

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

**CERTIFICATE OF COMPLIANCE – LOCAL RULE 11-6.2**

The undersigned, counsel of record for Plaintiff Los Angeles Emergency Preparedness Foundation dba Community Brigade, certifies that this brief contains 2,586 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted on this 30th day of July, 2026:

MADISON LAW, APC

/s/ Ali Parvaneh

Ali Parvaneh,
Jacob A. Pace,
Attorneys for Plaintiff

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

**CERTIFICATE OF SERVICE**
*Los Angeles Emergency Preparedness Foundation v. Mikke Pierson, et al.*
USDC Case No.: 2:26-cv-02463 GW (DFMx)

I, Crystal Amaro, declare:

I am employed in the State of California, County of Orange, over the age of eighteen years, and not a party to the within action. My business address is 17702 Mitchell North, Irvine, California 92614.

On July 30, 2026, I served the foregoing document described as:

**PLAINTIFF LOS ANGELES EMERGENCY PREPAREDNESS FOUNDATION dba COMMUNITY BRIGADE'S OPPOSITION TO DEFENDANT COMMUNITY BRIGADE'S MOTION TO DISMISS PORTIONS OF SECOND AMENDED COMPLAINT**

on the interested parties in this action by placing a true and correct copy thereof as follows:

**[SEE ATTACHED SERVICE LIST]**

[X] **BY CM/ECF SYSTEM:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

[ ] **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above and placed the envelope for collection and mailing following ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing with the United States Postal Service.

[ ] **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressee.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 30, 2026, at Irvine, California.

CAmaro

Crystal Amaro

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

**SERVICE LIST**

*Los Angeles Emergency Preparedness Foundation v. Mikke Pierson, et al.*
USDC Case No.: 2:26-cv-02463 GW (DFMx)

Ellen Kaufman Wolf, Esq.
ewolf@wolfwallenstein.com
Evan W. Grant, Esq.
egrant@wolfwallenstein.com
**WOLF WALLENSTEIN, PC**
11400 West Olympic Boulevard, Suite 700
Los Angeles, CA 90064
*(Attorneys for Defendant Community Brigade)*