ELLEN KAUFMAN WOLF (Cal. Bar No. 110686)
ewolf@wolfwallenstein.com
EVAN W. GRANT (Cal. Bar No. 234039)
egrant@wolfwallenstein.com
**WOLF WALLENSTEIN, PC**
11400 West Olympic Boulevard, Suite 700
Los Angeles, California 90064
Telephone: (310) 622-1000
Facsimile: (310) 457-9087

Attorneys for Defendant Community Brigade

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LOS ANGELES EMERGENCY PREPAREDNESS FOUNDATION dba COMMUNITY BRIGADE, a California nonprofit corporation,

Plaintiff,

v.

MIKKE PIERSON, an individual; JASON DAX MILLER aka DAX MILLER, an individual; DANA WOLF PHILLIPS, an individual; KEEGAN GIBBS, an individual; TYLER HAUPTMAN, an individual; COMMUNITY BRIGADE, a California nonprofit corporation; and DOES 1 through 50, inclusive,

Defendants.

**Case No. 2:26-cv-02463-GW (DFMx)**

**DEFENDANT COMMUNITY BRIGADE'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PORTIONS OF THE SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Hon. George H. Wu

[Filed concurrently with Declaration of Evan W. Grant]

Date: August 20, 2026
Time: 8:30 a.m.
Courtroom: 9D

Complaint Filed: March 6, 2026
SAC Filed: July 8, 2026
Trial Date: None Set
L.R. 7-3 Conferences: Aug. 3, 4 & 6, 2026

## TABLE OF CONTENTS


I. INTRODUCTION .... 4

II. THE PARTIES HAVE CONFERRED, AND PLAINTIFF'S LOCAL RULE 7-3 OBJECTION IS NOW MOOT .... 6

III. PLAINTIFF DOES NOT DEFEND THE REST OF ITS PLEADING; THE UNANSWERED GROUNDS ARE ABANDONED .... 8

IV. THE COURT HAS NOT PREVIOUSLY DECIDED WHAT THIS MOTION PRESENTS .... 10

A. Count Five: the Court decided a group-pleading challenge, and said so .... 10

B. Count Six: Plaintiff quotes the sentence that answers its own argument .... 11

C. Count Nine: the ruling was discretionary, provisional, and about duplication. .... 11

D. A Rule 12(b)(6) motion directed at a new pleading is not a motion for reconsideration. .... 12

V. PLAINTIFF'S OWN PLEADING AND ITS OWN CONCESSION DISPOSE OF THE DONATION THEORY .... 12

A. Paragraph 105 carries the Court's conversion holdings into Count Six, and Plaintiff has now accepted that it does. .... 12

B. An expected donation is further from § 496 "property" than goodwill is, not closer. .... 14

C. The donation theory is also a fraud claim, and it is not pleaded as one. 15

D. Reputation, credibility, "government associations," and "services" are no longer claimed, and are not § 496 property in any event .... 16

E. Plaintiff's digital-property claim has now grown beyond the pleading, and the Court should hold it to what the SAC alleges. .... 17

F. Plaintiff answers none of the structural objections. ............................... 18
VI. LEAVE TO AMEND SHOULD BE DENIED .............................................. 19
VII. CONCLUSION ............................................................................................ 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Glazer Capital Mgmt., L.P. v. Forescout Techs., Inc.*,
63 F.4th 747 (9th Cir. 2023) ........ 15

*Neubronner v. Milken*,
6 F.3d 666 (9th Cir. 1993) ........ 15

*People v. Baker*,
88 Cal. App. 3d 115 (1978) ........ 17

*People v. Fisher*,
216 Cal. App. 4th 212 (2013) ........ 17

*People v. Kozlowski*,
96 Cal. App. 4th 853 (2002) ........ 17

*Siry Investment, L.P. v. Farkhondehpour*,
13 Cal. 5th 333 (2022) ........ 15, 16

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) ........ 15

*United Studios of Self Defense, Inc. v. Rinehart*,
2019 WL 1109682 (C.D. Cal. Feb. 22, 2019) ........ 18

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) ........ 15

*Walsh v. Nev. Dep't of Human Res.*,
471 F.3d 1033 (9th Cir. 2006) ........ 10

**Statutes**

Cal. Penal Code § 7 ........ 14

Cal. Penal Code § 484 ........ 13

Cal. Penal Code § 496(a) ........ 9, 14

Cal. Penal Code § 496(c) .......... 5, 9, 15, 18
Cal. Penal Code § 518 .......... 17
Cal. Penal Code § 520 .......... 17
Cal. Penal Code § 523 .......... 17

**Rules**

Fed. R. Civ. P. 9(b) .......... 5, 9, 15
Fed. R. Civ. P. 12(b)(6) .......... 12
C.D. Cal. L.R. 7-3 .......... passim

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Since Plaintiff filed its opposition, this motion has narrowed, and it narrowed again this week. Counsel conferred by telephone on August 3, 2026, again on August 4, 2026, and again on August 6, 2026, and exchanged written confirmations on August 4, August 5, and August 6, 2026. (Grant Decl. ¶¶ 12-21 & Ex. A.) Plaintiff agreed to withdraw its civil theft claim insofar as it rests on the alleged theft of Plaintiff's goodwill, together with the unfair competition and declaratory relief claims that flow from that theory, and agreed that Community Brigade could advise the Court of the agreement in this Reply.

Plaintiff's counsel then confirmed in writing, expressly so that the parties would be "on the same page with respect to any representations made to the Court in your Reply," that Plaintiff does not assert its conversion, civil theft, unfair competition, or declaratory relief claims as to reputation, credibility, "government associations," "services," "operating funds," or any collective or open-ended description of property such as "assets," "physical equipment," "money and physical assets," or "a vehicle"; and that Plaintiff does not assert conversion as to the allegedly diverted donations. (Grant Decl. ¶ 21 & Ex. A.) Community Brigade, for its part, no longer asks the Court to dismiss any claim for want of an itemization of the personal protective and fire response equipment alleged in SAC ¶ 103. (Grant Decl. ¶ 20 & Ex. A.) Two matters remain: the diverted-donation theory, and the scope of the digital property Plaintiff claims.

That agreement disposes of both arguments Plaintiff's opposition actually made. Its Local Rule 7-3 objection, which occupied roughly half the brief, has been overtaken by the conference itself. And its single merits argument — that goodwill is "property" capable of being stolen under Penal Code § 496 — is one Plaintiff no longer advances. (This argument was in error anyway, in that the parties had met

and conferred on the "donation" and "goodwill" theories previously and the Court had already given the parameters that should have applied. Moreover, Ms. Wolf had sought further meet and confer before filing the instant Motion.)

More than that, plaintiff's new agreement concedes the principle that decides the rest of the motion. Plaintiff's own pleading alleges that conversion and civil theft are "essentially co-extensive." (SAC ¶ 105.) That is why this Court's ruling on the First Amended Complaint governs the civil theft claim, and it is why Plaintiff has agreed the goodwill theory cannot survive in Count Six. But the Court's ruling dismissed *two* theories from the conversion count, not one: goodwill, at page 12, and the diversion of donations, at page 13 — both because Plaintiff was not in possession of the thing it says was taken. Plaintiff deleted both from its conversion count "pursuant to the Court's ruling" (Opp. at 4:2-3) and kept both in civil theft. Plaintiff cannot accept the transfer of the Court's logic for one (goodwill) and refuse it for the other (donation diversion).

The donation theory is in fact the weaker of the two. Goodwill at least belongs to Plaintiff. A donation that a third party chose to direct elsewhere never did belong to Plaintiff. This Court has already said so: <u>such donations are "a lost donation opportunity or expectancy, not conversion . . . of LAEPF's property," and Plaintiff has no "immediate possessory right in funds LAEPF never held</u>." (Doc. 24 at 13.) Plaintiff's own pleading agrees, alleging that Defendants acted "knowing that Plaintiff has an <u>expectation of future revenues from these donors</u>." (SAC ¶ 8.) An interest Plaintiff merely expected is certainly outside § 496.

Plaintiff leaves the remainder of the motion unanswered. It says nothing about Rule 9(b), though the donation theory would by its own terms be a theft accomplished by deceiving donors. Plaintiff says nothing about the absence of a completed "receipt" of stolen property; Nothing about the requirement of a specific, identifiable sum; Nothing about § 496(c)'s derivative character; Nothing about the

merits of the declaration it seeks over donations it never received; And nothing about what a third pleading could add. Those grounds stand unanswered and abandoned.

Nor has the Court decided what this motion presents, and Plaintiff's own brief proves it. Plaintiff quotes the sentence in which the Court explained that, as to Count Six, "CB argues only that Count 6 should be dismissed because the FAC fails to specifically allege facts showing that CB itself received stolen property and contends that grouped allegations are insufficient." (Opp. at 4:7-10, quoting Doc. 24 at 13.) The Court said the same of Count Five: "CB's only challenge to either theory rests on the same group-pleading argument addressed above." (Doc. 24 at 11.) Only the group-pleading argument. The grounds presented here were not presented then.

Community Brigade asks the Court to enter the dismissals and limitations the parties have agreed upon, and also to reach and dismiss the two matters that remain.

## II. THE PARTIES HAVE CONFERRED, AND PLAINTIFF'S LOCAL RULE 7-3 OBJECTION IS NOW MOOT

Plaintiff asked the Court to "decline to consider Defendant CB's Motion for failure to comply with Local Rule 7-3, and order Defendant CB to Answer the SAC." (Opp. at 6:19-20.) The premise of that request was in error, but in any event no longer exists. The parties conferred again on August 3, 2026, before this Reply and well before the hearing, and the conference produced exactly what the rule exists to produce: the informal resolution of part of the dispute without the Court's intervention. (Grant Decl. ¶¶ 12-15.) As Plaintiff itself explains, the rule's purpose is "to foster the informal resolution of legal issues without court intervention and to permit the parties to brief whatever issues remain in a thoughtful, concise, and useful manner." (Opp. at 5:19-22.) Counsel for both sides had met and conferred extensively previously on the issues, and the Court had already articulated its logic

as to potential diversion of donations and goodwill not constituting conversion. By extension, the same logic applies to theft. And yet, when counsel for plaintiff amended the Complaint, they simply moved the claims for potential diversion of donations and goodwill out of the cause of action for conversion and into the causes of action for theft and by derivation, the claim for unfair competition. Counsel for defendant had written and offered to meet and confer on that point, though stating the assumption that counsel for plaintiff would not change course because of course they already understood the Court's unmistakable logic and pleaded thusly regardless. After Defendant filed this motion, counsel for Plaintiff then took the position that there was no meet and confer. Counsel for Defendant then said "it's not too late, let's do it" and that is what has happened, and this Reply reflects it.

Community Brigade's counsel confirmed the substance of the conference to Mr. Pace in writing on August 4, 2026, identified the remaining theories Mr. Pace had asked him to specify, and invited Mr. Pace to state immediately if the account was inaccurate or incomplete in any material respect. Mr. Pace confirmed the substance of that account by telephone on August 4, 2026. (Grant Decl. ¶¶ 12-17 & Ex. A.)

The conference did not end there. Counsel exchanged further correspondence on August 5 and August 6, 2026 and spoke again by telephone on August 6, 2026. Plaintiff's counsel set out Plaintiff's positions in writing that afternoon, stating that he did so "so we're on the same page with respect to any representations made to the Court in your Reply." (Grant Decl. ¶ 21 & Ex. A.) The result is the narrowing described in the Introduction — reached without a single page of further briefing. That is what Local Rule 7-3 is for.

Community Brigade notes briefly, and only because Plaintiff's brief omits it, that a written conference preceded the motion as well. On July 22, 2026, Community Brigade's counsel wrote to Plaintiff's counsel and set out — in the

same four numbered paragraphs that appear in the Notice of Motion — every portion of the Second Amended Complaint ("SAC") this motion challenges and the reason for each; asked Plaintiff to withdraw or amend rather than litigate; and offered a conference that same day, giving her mobile number and her hours of availability: "I am emailing this and am available for a quick call today if you wish to meet and confer further. My cell is 310 883-8239 and I am available after a court appearance ending at 12:30." (Wolf Decl., Ex. A.) Plaintiff did not answer that offer. Mr. Parvaneh's declaration states that "[n]o such conference took place"; it does not state that Plaintiff was offered one and let the offer pass. And it concedes, in its operative sentence, that the parties had already conferred on the arguments Plaintiff calls duplicative: "Except with respect to certain duplicative arguments that Defendant CB already raised in its Motion to Dismiss Plaintiff's First Amended Complaint . . . ." (Parvaneh Decl. ¶ 2 (emphasis added).) Plaintiff cannot maintain both that the arguments are ones the parties already litigated and that the parties never discussed them.

Community Brigade also filed the declaration the rule requires. (Wolf Decl., Doc. 36-1.) The consequence Local Rule 7-3 specifies is addressed to the failure to file that declaration: "Failure to include such a declaration may result in the motion being denied." There was no such failure.

Whatever might once have been argued about the timing of the conference, a conference has now occurred, it narrowed the case, and the sanction Plaintiff requests — an order resolving the legal sufficiency of four causes of action by default, leaving in the case theories this Court has already held are not cognizable — would serve no purpose the rule protects.

## III. PLAINTIFF DOES NOT DEFEND THE REST OF ITS PLEADING; THE UNANSWERED GROUNDS ARE ABANDONED

The motion raised the grounds below. Plaintiff's opposition responds to none

of them, and the narrowing described above reaches none of them.

**Rule 9(b).** Addressed above. The donation theory is a theft accomplished by deceiving donors, and it is not pleaded with particularity. Plaintiff does not mention Rule 9(b).

**No completed receipt.** Section 496(a) reaches one who "buys or receives" stolen property. The SAC alleges only "efforts to seize control" of the equipment (SAC ¶ 106) and demands that Plaintiff "hand over" property it concedes it still owns, maintains, and insures (¶ 55). Plaintiff does not address the point.

**No specific, identifiable sum.** "Operating funds" (SAC ¶ 106) is not a specific, identifiable sum, and Plaintiff elsewhere concedes it cannot state the amount of diverted donations. PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP, 150 Cal. App. 4th 384, 395 (2007); Voris v. Lampert, 7 Cal. 5th 1141, 1151 (2019). Plaintiff's opposition did not address the point, and Plaintiff has since confirmed that it does not assert these claims as to "operating funds" at all. (Grant Decl. ¶ 21 & Ex. A.)

**Section 496(c) is derivative.** Section 496(c) creates no substantive wrong; it supplies an enhanced civil remedy that attaches only to a completed § 496(a) violation. Switzer v. Wood, 35 Cal. App. 5th 116, 126 (2019); Hennessy v. Infinity Ins. Co., 358 F. Supp. 3d 1074, 1080-81, 1083 (C.D. Cal. 2019). Plaintiff does not address the point.

**The UCL's unlawful prong.** Plaintiff's entire response is that Counts Eight and Nine are "derivative of its issues with 5 and 6." (Opp. at 5:17.) That is Community Brigade's argument. An unlawful-prong claim borrows a predicate violation, and it fails with a predicate that fails as a matter of law. *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999); *Aleksick v. 7-Eleven, Inc.*, 205 Cal. App. 4th 1176, 1185 (2012). Plaintiff has agreed to withdraw this claim insofar as it borrows the theft-of-goodwill theory; it fails for the same

reason insofar as it borrows the donation theory.

**Count Nine on the merits.** Plaintiff says only that the Court "already identified that issue . . . as an issue not otherwise encompassed by the other causes of action." (Opp. at 3:4-5.) That was a ruling about duplicativeness, not about ownership. Plaintiff never explains how a court may declare it the owner of funds in which, as this Court held, it has no "immediate possessory right" because it "never held" them. (Doc. 24 at 13.)

**Leave to amend.** Plaintiff requests leave in a single sentence and identifies no fact it would add. (Opp. at 6:4-8.)

A plaintiff who "fails to raise the issue in response to a defendant's motion to dismiss . . . has effectively abandoned his claim, and cannot raise it on appeal." *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006). Plaintiff has had the motion since July 22 and the opposition deadline until July 30. Its silence on these grounds is not an oversight to be cured at argument.

## IV. THE COURT HAS NOT PREVIOUSLY DECIDED WHAT THIS MOTION PRESENTS

Plaintiff's charge that Community Brigade seeks reconsideration rests on reading the Court's ruling past the sentences that define it.

### A. <u>Count Five: the Court decided a group-pleading challenge, and said so.</u>

Plaintiff quotes the Court's conclusion and stops one sentence short. The ruling reads:

> The Court would conclude that the FAC sufficiently alleges conversion of LAEPF's physical and digital property. . . . CB's **only** challenge to either theory rests on the same group-pleading argument addressed above, and the Court rejects it for the same reasons. See Section IV.A, supra. Count 5 may therefore proceed to the extent it is based on alleged conversion of LAEPF's physical and digital property.

(Doc. 24 at 11 (emphasis added).) The Court identified the single ground

before it. This motion raises different ones: that beyond a Ford F-550 and "at least twelve Starlink terminals," the property is described only as Plaintiff's "assets," "multiple items," and "numerous items" of equipment (SAC ¶¶ 55, 103, 106); that "operating funds" is not an identifiable sum; and that a demand that Plaintiff "hand over" property it still holds is not the wrongful exercise of dominion conversion requires. None of that was argued on the FAC motion, and the Court did not pass on it.

**B. <u>Count Six: Plaintiff quotes the sentence that answers its own argument.</u>**

At page 4 of its brief Plaintiff reproduces the Court's description of the FAC motion: "As to Count 6, CB argues **only** that Count 6 should be dismissed because the FAC fails to specifically allege facts showing that CB itself received stolen property and contends that grouped allegations are insufficient." (Opp. at 4:7-10, quoting Doc. 24 at 13.) Whether goodwill, reputation, credibility, "government associations," and "services" are "property" within Penal Code § 496 was not among those arguments. The Court had no occasion to decide it, and did not.

**C. <u>Count Nine: the ruling was discretionary, provisional, and about duplication.</u>**

The Court declined to dismiss Count Nine because it "seeks declaratory relief as to more than what is contained in its other claims," and it "exercise[d] its discretion in maintaining LAEPF's separate claim for declaratory relief, **at least for now.**" (Doc. 24 at 16 (emphasis added).) A holding that a claim is not duplicative is not a holding that the declaration sought is available. Community Brigade does not re-argue duplication. It argues that a court cannot declare Plaintiff the owner of donations Plaintiff never received — which is what the Court held eleven pages earlier. (Doc. 24 at 13.)

**D. <u>A Rule 12(b)(6) motion directed at a new pleading is not a motion for reconsideration.</u>**

The SAC is a new pleading, filed under the Court's grant of leave, and it is the SAC that Community Brigade challenges. A defendant "who omits a defense under Rule 12(b)(6) — failure to state a claim upon which relief can be granted — does not waive that defense." *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017). The Ninth Circuit has instructed that a reviewing court "should generally be forgiving of a district court's ruling on the merits of a late-filed Rule 12(b)(6) motion," because refusing to reach such motions "can produce unnecessary and costly delays, contrary to the direction of Rule 1." *Id.* at 318-19. Plaintiff cites no authority — and there is none — for the proposition that a defendant forfeits a legal defense to an amended pleading because it did not present that defense against an earlier one the Court dismissed in part.

At the June 25, 2026 hearing, the Court stated in substance that Community Brigade could raise, in a subsequent motion, whether the reasoning of its conversion ruling extends to Plaintiff's other causes of action. (Grant Decl. ¶ 8.) Plaintiff's counsel was advised of that on July 30, 2026 and has not disputed it. (*Id.*)

## V. PLAINTIFF'S OWN PLEADING AND ITS OWN CONCESSION DISPOSE OF THE DONATION THEORY

**A. <u>Paragraph 105 carries the Court's conversion holdings into Count Six, and Plaintiff has now accepted that it does.</u>**

The SAC alleges that California "has grossly expanded the remedies and liability for conversion, as such conduct now is essentially co-extensive with claims for Civil Theft." (SAC ¶ 105.) That allegation is Plaintiff's, not Community Brigade's, and it is the bridge between this Court's conversion ruling and Plaintiff's § 496 claim.

The ruling dismissed two theories from the conversion count. Goodwill went

out because it "is a highly abstract property interest that does not lend itself to the elements of conversion," and because "it is difficult to fathom how one could determine whether a defendant wrongfully interfered with the claimant's possession of such abstract property"; the Court "decline[d] to extend conversion under California law to the conversion of goodwill." (Doc. 24 at 12.) The diversion of donations went out one page later, because such donations are "a lost donation opportunity or expectancy, not conversion . . . of LAEPF's property," and because Plaintiff has no "immediate possessory right in funds LAEPF never held." (*Id.* at 13.) The two holdings rest on a single premise: Plaintiff did not possess what it says was taken.

Plaintiff removed both theories from its conversion count "pursuant to the Court's ruling" (Opp. at 4:2-3) and retained both in Count Six. On August 3, 2026, Plaintiff agreed to withdraw the goodwill theory from Count Six as well, and from the claims derived from it. That agreement is an acknowledgment that ¶ 105 means what it says — that the conversion holdings govern the civil theft claim. Having accepted that principle, Plaintiff cannot confine it to one of the two theories the ruling dismissed. Nothing distinguishes them. They appear in the same ruling, on adjacent pages, for the same reason.

Plaintiff's opposition attempted the opposite position, asserting that "there is no dispute[] that the definition of what 'property' is within the scope of these two claims is not co-extensive, and may differ." (Opp. at 8:6-8.) A complaint may not be amended by a brief in opposition to a motion to dismiss. *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). And the position is no longer one Plaintiff maintains.

The direction of any difference between the two concepts is settled in any event, and it runs against Plaintiff. Section 484 defines theft to include "labor"; § 496 does not; and "that labor may be the object of a 'theft' does not transform it

into 'stolen property.'" *Lacagnina v. Comprehend Sys., Inc.*, 25 Cal. App. 5th 955, 969 (2018). Section 496 is narrower than conversion, not broader. An interest excluded from the broader concept cannot satisfy the narrower one.

**B. An expected donation is further from § 496 "property" than goodwill is, not closer.**

Plaintiff has accepted that goodwill — an asset Plaintiff built, owns, and holds — is not property that can be stolen. A donation a third party chose to direct elsewhere is not Plaintiff's at all. Plaintiff does not allege that donors gave it money which Community Brigade then took; it alleges that donors who might have given to Plaintiff gave to someone else.

Plaintiff's own pleading characterizes the interest correctly. It alleges that Defendants acted "knowing that Plaintiff has an expectation of future revenues from these donors." (SAC ¶ 8.) An expectation of future revenue is the paradigm of what this Court called "a lost donation opportunity or expectancy." (Doc. 24 at 13.)

Plaintiff's own test confirms the result. Plaintiff argues that Penal Code § 7 is a non-exclusive list and that, for theft-based offenses, "the term is all-embracing, including every intangible benefit and prerogative susceptible of possession or disposition." (Opp. at 8:17-19.) Community Brigade accepts that formulation, because it is the formulation that decides this motion. A donation that was never made cannot be possessed and cannot be disposed of; there is nothing to possess. Section 496(a)'s operative verbs — buys, receives, conceals, sells, withholds — each presuppose a thing that can be held and passed from hand to hand. A gift a third party directed elsewhere was never in Plaintiff's hands, and so was never received from Plaintiff, concealed from Plaintiff, or withheld from Plaintiff.

Every administrability problem the Court identified as to goodwill is worse here. A court asked to try a stolen-donation claim would have to determine which donors would have given, how much, and when — and then find that Community

Brigade received those same dollars as stolen property.

### C. <u>The donation theory is also a fraud claim, and it is not pleaded as one.</u>

Plaintiff's theory is that donors were deceived into giving elsewhere. That is theft by false pretense, and Plaintiff's own lead authority so holds. *Siry Investment, L.P. v. Farkhondehpour*, 13 Cal. 5th 333, 350, 361 (2022) (§ 496(c) reaches property "obtained in any manner constituting theft," including theft by false pretenses). A claim resting on a unified course of fraudulent conduct must be pleaded with particularity as a whole, and deficient fraud averments are stripped from it. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-05 (9th Cir. 2003). The SAC never identifies which donor was deceived, by which defendant, by what statement, or when, and it lumps all "Defendants" together. *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007). *See also Glazer Capital Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 765 (9th Cir. 2023) (a complaint sounding in fraud "must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity" (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993))). Plaintiff's opposition does not mention Rule 9(b). Now that the donation theory is the whole of Plaintiff's contested civil theft claim, that silence is dispositive.

*Siry* itself cuts against Plaintiff on the governing question. It declined to "rewrite [the] statute to posit an unexpressed intent," *id.* at 366, and it cautioned that "not all commercial or consumer disputes alleging that a defendant obtained money or property through fraud . . . will amount to a theft," *id.* at 361-62. The same command that barred narrowing § 496 bars judicially expanding its defined term "property" to reach a donation that was never given.

///

///

Plaintiff argues *Lacagnina* is "not likely to be good law" after *Siry*, then quotes the footnote that refutes the argument: "We express no view concerning whether *Lacagnina* correctly distinguished between the theft of labor or services and the theft of other intangible property." (Opp. at 7:24-28, quoting *Siry*, 13 Cal. 5th at 352 n.14.) Expressing no view is not disapproval.

**D. <u>Reputation, credibility, "government associations," and "services" are no longer claimed, and are not § 496 property in any event.</u>**

Plaintiff has now confirmed in writing that it does not assert any of these four interests under the Fifth, Sixth, Eighth, or Ninth Causes of Action. (Grant Decl. ¶ 21 & Ex. A.) Community Brigade asks the Court to enter that limitation as part of its order. It asks this because the SAC pleads these interests by incorporation in four separate places (SAC ¶¶ 101, 104, 118, 123), so a representation that does not appear in an order leaves them pleaded; and because each of the four also fails twice over on the merits, as follows.

First, three of them are not pleaded as property received at all. Paragraph 106 is the allegation of what Defendants took, and reputation, credibility, and "government associations" appear nowhere in it. They appear only in ¶ 107, Plaintiff's prayer for punitive damages. A prayer for damages does not plead an element, and Plaintiff cannot establish a § 496 violation as to property its liability allegation never identifies.

Second, each fails on the merits for the reasons that carried goodwill. Reputation and credibility cannot be held, transferred, surrendered, concealed, or withheld; like goodwill, they have no existence apart from the enterprise to which they attach. "Government associations" are relationships with third parties, which Plaintiff no more owns than it owns a donor's decision where to give. And "services" are defined by Plaintiff's own pleading as those "being contributed by well-meaning citizens" (SAC ¶ 11(b)) — that is, volunteer labor, which *Lacagnina*

squarely excludes. Plaintiff does not dispute the point.

Plaintiff's expansive reading, moreover, is drawn entirely from cases construing "property" under California's extortion statutes. *People v. Fisher*, 216 Cal. App. 4th 212, 218-19 (2013), construes Penal Code § 523 and holds that a demand for a job is a demand for property — "part of the intangible benefit and prerogative of being able to control whom to employ in one's business." *People v. Kozlowski*, 96 Cal. App. 4th 853, 867 (2002), construes § 518 in the context of kidnapping for extortion and holds that a personal identification number is property. *People v. Baker*, 88 Cal. App. 3d 115, 119 (1978), construes §§ 520 and 523 and holds that the right to file a protest with the Alcoholic Beverage Control board is "other property." (Opp. at 8:21-28.) Not one construes § 496. The SAC pleads no extortion of anyone; it pleads that Defendants received, misappropriated, and withheld Plaintiff's property. Whatever the outer reach of "property" in an extortion prosecution, it does not relieve Plaintiff of pleading a thing capable of being stolen, received, and withheld.

### E. <u>Plaintiff's digital-property claim has now grown beyond the pleading, and the Court should hold it to what the SAC alleges.</u>

Count Five alleges the conversion of Plaintiff's "access information and credentials for various computer systems, including using the Spectora software under Plaintiff's Spectora subscription, paid for by Plaintiff LAEPF." (SAC ¶ 102.) It says nothing about accounts, and nothing about data. The words "digital accounts," "social media accounts," and "data" appear in ¶ 106 alone.

On August 6, 2026, Plaintiff's counsel advised that Plaintiff reads the credentials and "the accounts themselves (and data therein)" to be "one and the same," and that Plaintiff asserts all four causes of action as to "its digital accounts (Spectora, Instagram, Facebook, any other web or social media accounts that were created by an agent of LAEPF in connection with their services provided to

LAEPF), and the data in those accounts," with "specific information about each account" to be supplied "when appropriate during fact discovery." (Grant Decl. ¶ 21 & Ex. A.)

That is not what the SAC pleads. A credential is the means of access; an account and the data within it are not the same thing, and Count Five alleges only the former. A complaint may not be enlarged by counsel's correspondence any more than by a brief. *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). The category Plaintiff now describes is also open-ended by construction: "any other web or social media accounts that were created by an agent of LAEPF in connection with their services provided to LAEPF" names nothing, is bounded only by discovery not yet taken, and reintroduces the very "services" Plaintiff has just confirmed it does not claim. Community Brigade cannot answer, or develop a defense to, an account no one has identified.

**F. <u>Plaintiff answers none of the structural objections.</u>**

Plaintiff does not respond to the legislative history of § 496(c), enacted in 1972 to dry up the market for stolen goods — a purpose no theory of a stolen donation opportunity can serve. It does not respond to the point that the Legislature acts expressly when it wants theft law to reach an intangible, as it did for trade secrets and computer data, and has never done for goodwill, reputation, or an expected gift. And it does not respond to the administrability objection at all.

Community Brigade acknowledges, as it did in the motion, that no California decision expressly holds the two property concepts identical, or squarely addresses a diverted donation under § 496. The argument is one of convergence and *a fortiori* reasoning from text, structure, and purpose — reinforced here by Plaintiff's own allegation of co-extensiveness and its own withdrawal of the parallel theory. Plaintiff has offered nothing on the other side. It cites no case, from any court, in which an expected donation was held to be property that could be stolen. Neither

has Community Brigade found one, in a statute in force for more than fifty years.

Plaintiff's remaining authority does not help it. *United Studios of Self Defense, Inc. v. Rinehart*, No. 8:18-cv-01048-DOC-DFM, 2019 WL 1109682, at *9 (C.D. Cal. Feb. 22, 2019), is an unreported district court decision, and the standard it states is that a pleader "need only describe the property allegedly converted sufficiently that defendants can answer and develop a defense." Community Brigade accepts that standard. Plaintiff's written confirmations have now removed most of the property the SAC described only by category. What is left is the class of unnamed "web or social media accounts" described above, which no defendant could answer, and the diverted donations, which were never Plaintiff's property at all.

## VI. LEAVE TO AMEND SHOULD BE DENIED

Plaintiff has amended twice. The Court identified the goodwill and diverted-donation defects, dismissed both theories from the conversion count, and granted leave to amend. Plaintiff's response was to relocate the identical theories into other counts. It has now withdrawn the goodwill theories rather than defend them. As to what remains it asks for leave again, in one sentence, without identifying a single fact it would add. (Opp. at 6:4-8.) On August 3, 2026 Plaintiff's counsel repeated that Plaintiff would seek leave to plead "additional facts" if the motion were granted, and again identified none. (Grant Decl. ¶ 14.) A district court's discretion to deny leave is "particularly broad where plaintiff has previously amended." In re Read-Rite Corp., 335 F.3d 843, 845 (9th Cir. 2003) (quoting In re Vantive Corp. Sec. Litig., 283 F.3d 1079, 1097-98 (9th Cir. 2002)); see Metzler Inv. GMBH v. Corinthian Colls., Inc., 540 F.3d 1049, 1072 (9th Cir. 2008). On August 6, 2026 Plaintiff's counsel again reserved the right to seek leave to amend, and again identified no fact Plaintiff would plead. (Grant Decl. ¶ 21 & Ex. A.)

The defects are legal, not factual. Donations Plaintiff never received are

categorically not Plaintiff's property. Reputation, credibility, "government associations," and "services" are categorically outside § 496's definition of "property," and three of them are not pleaded as property taken at all. And no additional allegation can turn an "effort to seize" property Plaintiff still holds into a completed theft. No amendment can cure any of it.

## VII. CONCLUSION

The parties conferred on August 3, 4, and 6, 2026, and those conferences did what Local Rule 7-3 exists to do: they removed the goodwill theories from this case, fixed the limits of the property Plaintiff claims, and narrowed Community Brigade's own motion — all without the Court's intervention. Plaintiff's procedural objection has been answered by events, and its single merits argument has been withdrawn. What Plaintiff conceded in withdrawing it — that ¶ 105 carries this Court's conversion holdings into Count Six — disposes of the theory it still presses.

Community Brigade respectfully requests that the Court (1) dismiss, consistent with the parties' agreement, Count Six insofar as it rests on the alleged theft of Plaintiff's goodwill, and Counts Eight and Nine insofar as they rest on that theory, wherever alleged and including by incorporation; (2) enter an order confirming, consistent with Plaintiff's written representations, that Counts Five, Six, Eight, and Nine are not asserted as to reputation, credibility, "government associations," "services," "operating funds," or any collective or open-ended description of property, wherever alleged and including by incorporation, and that Count Five is not asserted as to the allegedly diverted donations; and dismiss, without leave to amend, (3) Count Six insofar as it rests on the allegedly diverted donations; (4) Counts Five and Six insofar as they rest on digital accounts or account data beyond the access information and credentials alleged in SAC ¶ 102; (5) the "unlawful" prong of Count Eight insofar as it borrows the diverted-donation theory; and (6) Count Nine insofar as it seeks a declaration that Plaintiff owns the

allegedly diverted donations.

DATED: August 6, 2026

**WOLF WALLENSTEIN, PC**

By: ______________________________
Ellen Kaufman Wolf
Evan W. Grant
Attorneys for Defendant Community Brigade

**CERTIFICATE OF COMPLIANCE (L.R. 11-6.2)**

The undersigned, counsel of record for Defendant Community Brigade, certifies that this brief contains 5,478 words, which complies with the word limit of L.R. 11-6.1.

DATED: August 6, 2026 **WOLF WALLENSTEIN, PC**

By: ______________________________
Ellen Kaufman Wolf
Evan W. Grant
Attorneys for Defendant Community Brigade

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic notice in this action, including the following counsel for Plaintiff:

Ali Parvaneh (aparvaneh@madisonlawapc.com)
Jacob A. Pace (jpace@madisonlawapc.com)
MADISON LAW, APC
17702 Mitchell North
Irvine, California 92614

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 6, 2026, at Los Angeles, California.

Nicole Carlson
Nicole Carlson