ELLEN KAUFMAN WOLF (Cal. Bar No. 110686)
ewolf@wolfwallenstein.com
EVAN W. GRANT (Cal. Bar No. 234039)
egrant@wolfwallenstein.com
**WOLF WALLENSTEIN, PC**
11400 West Olympic Boulevard, Suite 700
Los Angeles, California 90064
Telephone: (310) 622-1000
Facsimile: (310) 457-9087

Attorneys for Defendant Community Brigade

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOS ANGELES EMERGENCY PREPAREDNESS FOUNDATION dba COMMUNITY BRIGADE, a California nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>MIKKE PIERSON, an individual; JASON DAX MILLER aka DAX MILLER, an individual; DANA WOLF PHILLIPS, an individual; KEEGAN GIBBS, an individual; TYLER HAUPTMAN, an individual; COMMUNITY BRIGADE, a California nonprofit corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | **Case No. 2:26-cv-02463-GW (DFMx)**<br><br>**DECLARATION OF EVAN W. GRANT IN SUPPORT OF DEFENDANT COMMUNITY BRIGADE'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PORTIONS OF THE SECOND AMENDED COMPLAINT**<br><br>Hon. George H. Wu<br><br>Date: August 20, 2026<br>Time: 8:30 a.m.<br>Courtroom: 9D<br><br>Complaint Filed: March 6, 2026<br>SAC Filed: July 8, 2026<br>Trial Date: None Set |

# DECLARATION OF EVAN W. GRANT

I, Evan W. Grant, declare as follows:

1. I am an attorney licensed to practice before this Court and a member in good standing of the State Bar of California. I am one of the attorneys of record for Defendant Community Brigade in this action. I have personal knowledge of the matters stated below and, if called as a witness, I could and would testify competently to them.

2. I submit this declaration in support of Community Brigade's Reply in support of its Motion to Dismiss Portions of the Second Amended Complaint.

3. On April 23, 2026, my colleague Ellen Kaufman Wolf and I, on behalf of Community Brigade, conferred telephonically with Ali Parvaneh, Susanna F. Wiseman, and Jacob A. Pace of Madison Law, APC, counsel for Plaintiff, pursuant to Local Rule 7-3, regarding the pleading deficiencies Community Brigade intended to raise by motion. In connection with that conference Ms. Wolf transmitted a written meet-and-confer letter identifying those deficiencies, including the deficiencies in Plaintiff's conversion and civil theft allegations. A true and correct copy of that letter is attached as Exhibit A to the Declaration of Ellen Kaufman Wolf filed in support of Community Brigade's motion to dismiss the First Amended Complaint.

4. On April 30, 2026, the parties conferred a second time regarding the deficiencies identified in that letter. Plaintiff agreed, in lieu of opposing Community Brigade's anticipated motion to dismiss, to file a First Amended Complaint addressing them. The parties memorialized that agreement in a stipulation filed with the Court (Doc. 14), paragraph 7 of which enumerated the categories Plaintiff agreed to address. The Court entered an order granting that stipulation on May 6, 2026.

5. Plaintiff filed its First Amended Complaint on May 14, 2026, and it was served on Community Brigade through CM/ECF the same day. Community Brigade filed its motion to dismiss the First Amended Complaint on May 21, 2026.

6. Before filing that motion, the parties had conferred at length on the same theories on April 23 and April 30, 2026, and Plaintiff had declined to abandon them.

7. Plaintiff filed its opposition to that motion on May 28, 2026 (Doc. 20). The Court issued its Tentative Ruling on June 23, 2026 (Doc. 24) and adopted it as its Final Ruling on June 25, 2026 (Doc. 25).

8. I appeared for Community Brigade at the hearing on that motion on June 25, 2026. Brett K. Wiseman of Madison Law, APC appeared for Plaintiff. At that hearing the Court considered whether to extend the reasoning of its conversion ruling to Plaintiff's other causes of action. Plaintiff's counsel objected that the issue had not been briefed. The Court stated in substance that it would therefore keep its tentative ruling as issued, and that Community Brigade could raise that issue in a later motion. I state this from my own recollection as the attorney who appeared, and I do not purport to quote the Court's words. Community Brigade has not ordered a transcript of the hearing.

9. On July 22, 2026 at approximately 10:13 a.m., Ms. Wolf sent an e-mail to Mr. Parvaneh and Mr. Pace, on which I was copied, concerning the motion Community Brigade intended to file. That e-mail set out each of the four portions of the Second Amended Complaint that the motion challenges, in four numbered paragraphs, together with the legal basis for each and a request that Plaintiff withdraw or amend those theories. Among the theories the e-mail identified by name were the alleged misappropriation of Plaintiff's goodwill, reputation, credibility, government associations, and "services," and the alleged diversion of third-party donations. The e-mail further stated: "We already met and conferred on the same issues in the previous 12b6 motion. I know there is no chance you are going to agree to it or change the complaint, so a further 'meet and confer' should not be needed, but I am emailing this and am available for a quick call today if you wish to meet and confer further. My cell is 310 883-8239 and I am available after a court appearance ending at 12:30." A true and correct copy of that e-mail is attached as Exhibit A to the Declaration of Ellen

Kaufman Wolf filed in support of the motion. (Doc. 36-1 at 5-8.)

10. I have searched the firm's e-mail records for the period from July 22, 2026 through July 30, 2026. Neither Mr. Parvaneh, Mr. Pace, nor any other attorney at Madison Law, APC responded to the July 22, 2026 e-mail during that period, and no attorney at Madison Law, APC proposed an alternative time for a conference or otherwise communicated with us regarding its subject before Plaintiff filed its opposition on July 30, 2026. Neither did any attorney at Madison Law, APC telephone me or leave me a voice message concerning that e-mail during that period.

11. On July 30, 2026, after receiving Plaintiff's opposition, I wrote to Plaintiff's counsel and again requested a conference. Mr. Pace responded on July 31, 2026, stating that he and Mr. Parvaneh were "largely available for a phone call or videoconference after 11:00am" on Monday, August 3, 2026.

12. On August 3, 2026 at approximately 4:30 p.m., I conferred by telephone with Mr. Pace regarding the issues raised in Community Brigade's motion. Mr. Pace and I were the only participants in that conference. The conference lasted approximately thirty minutes.

13. During that conference, Mr. Pace advised me on Plaintiff's behalf that Plaintiff will agree to withdraw its claim for civil theft of goodwill (Sixth Cause of Action), as well as the derivative unfair competition claim under Business and Professions Code § 17200 (Eighth Cause of Action) and the declaratory relief claim (Ninth Cause of Action) to the extent those claims are based on the alleged theft of goodwill. Mr. Pace further agreed that Community Brigade could advise the Court of that agreement in this Reply.

14. Mr. Pace also advised that at this time Plaintiff will proceed with its civil theft of expected donations theory — the donation diversion claim — and the claims derived from it, and that if the Court grants the motion Plaintiff will seek leave to amend to plead additional facts. Mr. Pace did not identify any additional fact that Plaintiff would plead.

15. Mr. Pace asked me to identify with specificity the other items for which Plaintiff claims civil theft and derivative relief, and I agreed to do so.

16. On August 4, 2026 at 12:07 p.m., I sent an e-mail to Mr. Pace, copying Mr. Parvaneh, Crystal Amaro, and Ms. Wolf, confirming the substance of the August 3, 2026 conference as described in paragraphs 12 through 15 above, and identifying the additional items Mr. Pace had asked me to specify. In that e-mail I asked Mr. Pace to let me know immediately if he believed my recollection of the conversation was inaccurate or incomplete in any material respect. A true and correct copy of that e-mail, together with the complete chain of correspondence between counsel of which it forms a part — running from July 30, 2026 through August 6, 2026 and including each e-mail described in paragraphs 18 through 21 below — is attached hereto as Exhibit A. I also telephoned Mr. Pace that day and left a voice message asking him to return my call.

17. Later in the afternoon of August 4, 2026, Mr. Pace and I spoke briefly by telephone. Mr. Pace confirmed the substance of my August 4, 2026 e-mail as it concerns the parties' agreement described in paragraph 13 above. As to the additional items identified in that e-mail, Mr. Pace stated that he would respond further. Mr. Pace stated Plaintiff's position on those additional items in writing on August 6, 2026, as described in paragraphs 19 and 21 below.

18. On August 5, 2026 at approximately 10:51 a.m., I sent an e-mail to Mr. Pace, copying Mr. Parvaneh, Ms. Amaro, and Ms. Wolf, setting out Community Brigade's position on the property allegations in Counts Five and Six. In that e-mail I identified the items alleged in SAC ¶¶ 102 and 103 that Community Brigade does not ask the Court to dismiss, and identified the two matters Community Brigade does challenge. That e-mail is included in **Exhibit A**.

19. On August 6, 2026 at approximately 9:48 a.m., Mr. Pace responded in writing. He confirmed that Plaintiff agrees to withdraw its claim for civil theft of goodwill (Sixth Cause of Action), and that this "should resolve any argument that

Plaintiff's claims under the UCL (COA 8) and for Declaratory Relief (COA 9) are derivatively based on this claim"; that Plaintiff "intends to proceed with its claim for Civil Theft of donations"; and that Plaintiff "does not specifically allege Civil Theft of reputation, credibility, government associations, or services," which he stated "are plead as supporting facts." That e-mail is included in **Exhibit A**.

20. Mr. Pace and I spoke again by telephone on August 6, 2026. Following that call, at approximately 10:59 a.m., I sent Mr. Pace an e-mail, copying Mr. Parvaneh, Ms. Amaro, and Ms. Wolf, proposing specific language confirming the property as to which Plaintiff asserts and does not assert its Fifth, Sixth, Eighth, and Ninth Causes of Action. In that e-mail I stated that Community Brigade does not ask the Court to require Plaintiff to itemize the personal protective and fire response equipment alleged in SAC ¶ 103, and that Community Brigade would withdraw the corresponding portions of its motion on that basis. That e-mail is included in **Exhibit A.**

21. On August 6, 2026 at approximately 3:33 p.m., Mr. Pace responded in writing, quoting portions of my e-mail and answering each in turn. Mr. Pace stated that he provided his responses "so we're on the same page with respect to any representations made to the Court in your Reply," that they were "not intended to substitute for a mutually drafted or binding stipulation," and that as to anything he did not specifically address, his silence was "not intended to constitute any implied agreement, concession, or waiver." Mr. Pace confirmed as "an accurate representation of our mutual understanding" the paragraph of my e-mail stating that Plaintiff withdraws any claim under the Sixth, Eighth, and Ninth Causes of Action premised on the alleged theft or misappropriation of Plaintiff's goodwill, wherever alleged in the SAC and including by incorporation. He gave the same confirmation, in each instance "subject to" the qualification described below, to the paragraphs stating that Plaintiff asserts its Fifth, Sixth, Eighth, and Ninth Causes of Action only as to the items identified in SAC ¶¶ 102 and 103; that the categorical descriptions of property in the

SAC are asserted only as to those items; and, as to subparagraphs (a), (b), (c), and (e) of the paragraph listing what Plaintiff does not claim, that Plaintiff does not assert those causes of action as to "reputation," "credibility," "government associations," "services," "operating funds," or as to "assets," "physical equipment," "money and physical assets," "digital property, computer systems, and accounts," "a vehicle," or any other collective, indefinite, or open-ended description of property. Mr. Pace also confirmed that Plaintiff does not assert conversion as to the allegedly diverted donations, while stating that Plaintiff "does not waive any right it may have to seek leave to amend its Conversion cause of action, or any cause of action, should the facts so permit." He identified no additional fact Plaintiff would plead. Mr. Pace did not confirm subparagraph (d). As to that subparagraph he stated that Plaintiff's position is that "the credentials/access information and the accounts themselves (and data therein) are one and the same such that the accounts and data are intended to be part of the converted/stolen digital assets"; that Plaintiff "is pursuing claims under COA 5, 6, 8, and 9 relating to its digital accounts (Spectora, Instagram, Facebook, any other web or social media accounts that were created by an agent of LAEPF in connection with their services provided to LAEPF), and the data in those accounts"; and that Plaintiff "will provide specific information about each account when appropriate during fact discovery." Mr. Pace did not address the remaining paragraphs of my proposal, which concerned the identification of equipment in discovery, the matters remaining for the Court, and the parties' reservations of rights. That e-mail is included in Exhibit A.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and this declaration was executed on August 6, 2026.

Evan W. Grant

# EXHIBIT A

**Subject:** RE: LAEPF v. Community Brigade - Request to Meet and Confer re Motion to Dismiss SAC Based on Mr. Parvaneh's Believe One or More Issues Can be Resolved
**Date:** Thursday, August 6, 2026 at 3:33:20 PM Pacific Daylight Time
**From:** Jacob Pace <jpace@madisonlawapc.com>
**To:** Evan Grant <egrant@wolfwallenstein.com>
**CC:** Crystal Amaro <camaro@madisonlawapc.com>, Ellen Wolf <ewolf@wolfwallenstein.com>, Ali Parvaneh <aparvaneh@madisonlawapc.com>

Hi Evan,

Thanks for your e-mail. I've extracted a few portions below and included our responses in red font. Our responses are not intended to substitute for a mutually drafted or binding stipulation. We're simply providing clarity on Plaintiff's position so we're on the same page with respect to any representations made to the Court in your Reply. Should the need arise to enter into a written stipulation, we'd be happy to discuss. Separately, if there is something I do specifically not address below, it is not intended to constitute any implied agreement, concession, or waiver.

"Let me start with where I think we agree. Plaintiff withdraws the goodwill theory from Count Six and the derivative UCL and declaratory relief claims. Plaintiff does not allege civil theft of reputation, credibility, government associations, or services, and treats those as supporting facts. Plaintiff is not pursuing claims for unidentified or abstract assets. And Plaintiff will proceed on the diverted-donation theory under Counts Six, Eight, and Nine — not under the conversion count, which Plaintiff amended pursuant to the Court's ruling on the First Amended Complaint. If that is a fair statement, we are in the same place on everything but the donations."

- This is an accurate representation of our mutual understanding regarding the matters discussed in this paragraph, except that Plaintiff does not waive any right it may have to seek leave to amend its Conversion cause of action, or any cause of action, should the facts so permit.

"**1. Goodwill.** Plaintiff withdraws any claim under the Sixth, Eighth, and Ninth Causes of Action premised on the alleged theft or misappropriation of Plaintiff's goodwill, wherever alleged in the SAC, including by incorporation."

- This is an accurate representation of our mutual understanding.

**"2. The property Plaintiff is claiming.**
**a. Fifth Cause of Action (Conversion).** Plaintiff asserts conversion as to, and only as to: (i) the "access information and credentials for various computer systems, including using the Spectora software under Plaintiff's Spectora subscription, paid for by Plaintiff LAEPF" alleged in ¶ 102; (ii) the Ford F-550 Super Duty outfitted truck; (iii) the chainsaws and firefighting equipment; (iv) the twelve Starlink terminals; and (v) the personal protective and fire response equipment described as "multiple items" — items (ii) through (v) as alleged in ¶ 103, and item (v) subject to paragraph 5 below. Plaintiff does not assert conversion as to the allegedly diverted donations, having removed that theory from its conversion count "pursuant to the Court's ruling.""

- This is an accurate representation of our mutual understanding with one qualification that we discussed on the phone—Plaintiff's position is that the credentials/access information and the accounts themselves (and data therein) are one and the same such that the accounts

and data are intended to be part of the converted/stolen digital assets.

**"b. Sixth Cause of Action (Civil Theft).** Plaintiff asserts civil theft as to, and only as to: (i) the items identified in paragraph 2.a above, however described in ¶ 106; and (ii) the allegedly diverted donations alleged in ¶ 106."

- This is an accurate representation of our mutual understanding, subject to the qualifying comment to paragraph 2.a. above.

**"c. Eighth and Ninth Causes of Action.** Plaintiff asserts these claims, insofar as they concern property, only as to the items identified in paragraphs 2.a and 2.b. Nothing here affects the portion of the Ninth Cause of Action concerning the "Community Brigade" mark, tradename, and logo."

- This is an accurate representation of our mutual understanding, subject to the qualifying comments above.

**"3. These items are the complete set, and the SAC's general descriptions do not enlarge it.** Plaintiff confirms that the categorical descriptions of property in the SAC — including "physical equipment" (¶ 103), "digital property, computer systems, and accounts" (¶ 11(c)), "money and physical assets" (¶ 11(b)), and "assets" (¶¶ 55, 106) — are asserted in these causes of action only as to the items identified in paragraph 2 above, and that the word "including" in SAC ¶¶ 102, 103, and 106 reaches nothing beyond them."

- This is an accurate representation of our mutual understanding, subject to the qualifying comments above.

**"4. What Plaintiff is not claiming.** Plaintiff does not assert the Fifth, Sixth, Eighth, or Ninth Causes of Action as to any of the following, wherever alleged in the SAC, including by incorporation, and including by way of the incorporation paragraphs at ¶¶ 101, 104, 118, and 123:
a. "reputation," "credibility," or "government associations" (¶ 107);
b. "services," including "services being contributed by well-meaning citizens" (¶ 11(b));
c. "operating funds" (¶ 106);
d. "data" (¶ 106) and "digital accounts (including social media accounts)" (¶ 106), except the access information and credentials identified in paragraph 2.a(i); and
e. "assets," "physical equipment," "money and physical assets," "digital property, computer systems, and accounts," "a vehicle," or any other collective, indefinite, or open-ended description of property, except an item identified in paragraph 2."

- As to (a), (b), (c), and (e), this is an accurate representation of our mutual understanding, subject to the qualifying comments above. As to (d), Plaintiff is pursuing claims under COA 5, 6, 8, and 9 relating to its digital accounts (Spectora, Instagram, Facebook, any other web or social media accounts that were created by an agent of LAEPF in connection with their services provided to LAEPF), and the data in those accounts. Plaintiff will provide specific information about each account when appropriate during fact discovery.

Thanks Evan.

Jacob A. Pace | *Attorney at Law*
MADISON LAW, APC
17702 Mitchell N, Irvine, CA 92614

jpace@madisonlawapc.com | madisonlawapc.com
Phone: 949.756.9050 | Fax: 949.756.9060

CONFIDENTIALITY NOTICE: This email and any attachments may contain privileged, confidential, or otherwise legally protected information intended solely for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, please notify the sender immediately by replying to this email and permanently delete the original message and any copies. Any unauthorized review, use, disclosure, or distribution is strictly prohibited and may be unlawful.
*California Debt Collector License Number.: 11617-99/Número de Licencia de Cobrador de Deudas de California: 11617-99*

---

**From:** Evan Grant <egrant@wolfwallenstein.com>
**Sent:** Thursday, August 6, 2026 10:59 AM
**To:** Jacob Pace <jpace@madisonlawapc.com>
**Cc:** Crystal Amaro <camaro@madisonlawapc.com>; Ellen Wolf <ewolf@wolfwallenstein.com>; Ali Parvaneh <aparvaneh@madisonlawapc.com>
**Subject:** Re: LAEPF v. Community Brigade - Request to Meet and Confer re Motion to Dismiss SAC Based on Mr. Parvaneh's Believe One or More Issues Can be Resolved

Jacob,

Thank you for your below email and for the call shortly thereafter. As we both agreed on the phone, I think we are close enough to take most of this motion off the Court's plate, and I want to get it done today before your noon meeting.

Let me start with where I think we agree. Plaintiff withdraws the goodwill theory from Count Six and the derivative UCL and declaratory relief claims. Plaintiff does not allege civil theft of reputation, credibility, government associations, or services, and treats those as supporting facts. Plaintiff is not pursuing claims for unidentified or abstract assets. And Plaintiff will proceed on the diverted-donation theory under Counts Six, Eight, and Nine — not under the conversion count, which Plaintiff amended pursuant to the Court's ruling on the First Amended Complaint. If that is a fair statement, we are in the same place on everything but the donations.

I also want to meet you directly on the point you raised. **You are right that Plaintiff should not have to itemize every piece of personal protective and fire response equipment in a pleading, and we will not ask the Court to make it.** We are prepared to withdraw items 1 and 2 of the motion on that basis. What we do need is a clear record of what is and is not at issue, so that neither of us is litigating a moving target and the Court is not asked to decide a question the parties have already answered.

Here is the language I propose. It is drafted to track the SAC's own words, count by count, rather than to characterize them.

**Plaintiff confirms, and Community Brigade will so advise the Court in its reply, that:**

**1. Goodwill.** Plaintiff withdraws any claim under the Sixth, Eighth, and Ninth Causes of Action premised on the alleged theft or misappropriation of Plaintiff's goodwill, wherever alleged in the SAC, including by incorporation.

**2. The property Plaintiff is claiming.**

**a. Fifth Cause of Action (Conversion).** Plaintiff asserts conversion as to, and only as to: (i) the "access information and credentials for various computer systems, including using the Spectora software under Plaintiff's Spectora subscription, paid for by Plaintiff LAEPF" alleged in ¶ 102; (ii) the Ford F-550 Super Duty outfitted truck; (iii) the chainsaws and firefighting equipment; (iv) the twelve Starlink terminals; and (v) the personal protective and fire response equipment described as "multiple items" — items (ii) through (v) as alleged in ¶ 103, and item (v) subject to paragraph 5 below. Plaintiff does not assert conversion as to the allegedly diverted donations, having removed that theory from its conversion count "pursuant to the Court's ruling."

**b. Sixth Cause of Action (Civil Theft).** Plaintiff asserts civil theft as to, and only as to: (i) the items identified in paragraph 2.a above, however described in ¶ 106; and (ii) the allegedly diverted donations alleged in ¶ 106.

**c. Eighth and Ninth Causes of Action.** Plaintiff asserts these claims, insofar as they concern property, only as to the items identified in paragraphs 2.a and 2.b. Nothing here affects the portion of the Ninth Cause of Action concerning the "Community Brigade" mark, tradename, and logo.

**3. These items are the complete set, and the SAC's general descriptions do not enlarge it.** Plaintiff confirms that the categorical descriptions of property in the SAC — including "physical equipment" (¶ 103), "digital property, computer systems, and accounts" (¶ 11(c)), "money and physical assets" (¶ 11(b)), and "assets" (¶¶ 55, 106) — are asserted in these causes of action only as to the items identified in paragraph 2 above, and that the word "including" in SAC ¶¶ 102, 103, and 106 reaches nothing beyond them.

**4. What Plaintiff is not claiming.** Plaintiff does not assert the Fifth, Sixth, Eighth, or Ninth Causes of Action as to any of the following, wherever alleged in the SAC, including by incorporation, and including by way of the incorporation paragraphs at ¶¶ 101, 104, 118, and 123:

a. "reputation," "credibility," or "government associations" (¶ 107);

b. "services," including "services being contributed by well-meaning citizens" (¶ 11(b));

c. "operating funds" (¶ 106);

d. "data" (¶ 106) and "digital accounts (including social media accounts)" (¶ 106), except the access information and credentials identified in paragraph 2.a(i); and

e. "assets," "physical equipment," "money and physical assets," "digital property, computer systems, and accounts," "a vehicle," or any other collective, indefinite, or open-ended description of property, except an item identified in paragraph 2.

**5. Identification of the equipment, and closure of the list.** Community Brigade does not ask Plaintiff to itemize the personal protective and fire response equipment in its pleading. Plaintiff will identify each such item — by description and, where available, quantity, serial number, and date of acquisition — in its initial disclosures or in response to Community Brigade's first set of written discovery, whichever is earlier, and Plaintiff will not assert these causes of action as to any item of such equipment that it does not so identify. If Plaintiff intends to assert any of these causes of action as to property outside paragraph 2 altogether, it will do so only by noticed motion for leave to amend, and not by opposition brief, discovery response, or argument.

**6. What remains for the Court.** Subject to paragraphs 1 through 5, the only property theory remaining for decision on the pending motion is Plaintiff's claim, under the Sixth, Eighth, and Ninth Causes of Action, for the allegedly diverted donations.

**7. Reservations.** This confirmation states the claims Plaintiff asserts; it is not an agreement about their merit. Community Brigade does not concede that any claim or allegation is adequately pleaded or meritorious, and reserves all rights and defenses as to every item identified in paragraph 2, including on any later motion, at summary judgment, and at trial. Community Brigade expressly preserves, and does not waive by this confirmation, its contention that Plaintiff has not pleaded a completed purchase or receipt of stolen property under Penal Code § 496(a) as to any item identified in paragraph 2, given Plaintiff's own allegations that the property is "owned by Plaintiff" (¶ 103), that "LAEPF, not Defendants, have maintained and insured its assets" (¶ 55), and that Defendants have "demanded that LAEPF turn over these monies and assets" (¶ 126). Plaintiff reserves its position on the pleading standard.

Two notes on why the language is drafted this way, so that nothing reads as a trap.

Paragraph 3 exists because ¶ 103 pleads Plaintiff's "physical equipment, **including**" the listed items, and ¶¶ 11(b) and 11(c) plead broader categories that every count incorporates. Without paragraph 3, a list of specific items sits inside categories that are not limited by it. Paragraph 3 does not ask Plaintiff to give up anything it is actually claiming — it confirms that the categories are populated by the items in paragraph 2.

Paragraph 4's incorporation language exists for the same reason. Paragraphs 101, 104, 118, and 123 each incorporate all preceding paragraphs, so a narrowing framed only as to ¶ 106 would leave the same theories pleaded elsewhere. This is the same formulation we would use for the goodwill withdrawal in any event.

If Plaintiff confirms the above, we will withdraw items 1 and 2 of the motion, advise the Court of the agreement in our reply, and the Court will be left with the donation question and nothing else. Our reply is due today, so I would appreciate hearing from you this morning if at all possible. If we cannot get there today, I will file as drafted and we can present any later agreement to the Court by stipulation.

Please call me if it is easier to discuss. My cell is 949-697-2971. Thank you.

Evan Grant, Esq.
WOLF WALLENSTEIN, PC
11400 West Olympic Blvd., Suite 700 | Los Angeles, CA 90064
t +1.310.622.1000 | d +1.424.325.6998 | f +1.310.457.9087
egrant@wolfwallenstein.com | www.wolfwallenstein.com

*The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are notified that any dissemination, distribution, or copying of this message or any attachment is strictly prohibited. If you have received this message in error, please notify the original sender. Nothing contained in this communication shall be used for the purpose of (1) avoiding penalties under the tax codes or (2) promoting, marketing or recommending to another party any tax-related matter[s].*

---

**From:** Jacob Pace <jpace@madisonlawapc.com>
**Date:** Thursday, August 6, 2026 at 9:48 AM
**To:** Evan Grant <egrant@wolfwallenstein.com>
**Cc:** Crystal Amaro <camaro@madisonlawapc.com>; Ellen Wolf <ewolf@wolfwallenstein.com>; Ali Parvaneh <aparvaneh@madisonlawapc.com>
**Subject:** RE: LAEPF v. Community Brigade - Request to Meet and Confer re Motion to Dismiss SAC Based on Mr. Parvaneh's Believe One or More Issues Can be Resolved

Good morning Evan,

Confirming the following:

- Plaintiff agrees to withdraw its claim for Civil Theft of goodwill (COA 6, *Cal. Pen. Code* § 496). That should resolve any argument that Plaintiff's claims under the UCL (COA 8) and for Declaratory Relief (COA 9) are derivatively based on this claim.
- Plaintiff intends to proceed with its claim for Civil Theft of donations, particularly in light of recently discovered facts which, if the Court requires, can be plead to support the theory.
- Plaintiff does not specifically allege Civil Theft of reputation, credibility, government associations, or services. These are plead as supporting facts. Thus, it does not appear that there's anything Plaintiff would need to 'withdraw'.
- As to the arguments raised relating to physical and digital assets, it's our position that Plaintiff's allegations are sufficient plead, especially when the SAC is read holistically. The term "assets" refers to the assets categorized throughout the SAC. Plaintiff is not required to itemize each piece of "personal protective" and "fire response equipment". Indeed, that would entail a list spanning across multiple pages and would mandate unreasonable specificity at the pleading stage. Plaintiff has categorized the personal and digital property it alleges were stolen. Plaintiff is not, at this time, pursuing a theory of Civil Theft for unknown,

abstract assets that are not reasonably discernable by the SAC. While there may be a nuanced disagreement on the pleading standard, I believe our position and your proposal re: items 1 and 2 of your motion yield the same result such that those items can be withdrawn from your motion.

I believe I've responded to all of your inquiries. Let me know if you'd like to discuss further today.

Thanks Evan.

Jacob A. Pace | *Attorney at Law*
MADISON LAW, APC
17702 Mitchell N, Irvine, CA 92614
jpace@madisonlawapc.com | madisonlawapc.com
Phone: 949.756.9050 | Fax: 949.756.9060

CONFIDENTIALITY NOTICE: This email and any attachments may contain privileged, confidential, or otherwise legally protected information intended solely for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, please notify the sender immediately by replying to this email and permanently delete the original message and any copies. Any unauthorized review, use, disclosure, or distribution is strictly prohibited and may be unlawful.
*California Debt Collector License Number.: 11617-99/Número de Licencia de Cobrador de Deudas de California: 11617-99*

---

**From:** Evan Grant <egrant@wolfwallenstein.com>
**Sent:** Wednesday, August 5, 2026 10:51 AM
**To:** Jacob Pace <jpace@madisonlawapc.com>
**Cc:** Crystal Amaro <camaro@madisonlawapc.com>; Ellen Wolf <ewolf@wolfwallenstein.com>; Ali Parvaneh <aparvaneh@madisonlawapc.com>
**Subject:** Re: LAEPF v. Community Brigade - Request to Meet and Confer re Motion to Dismiss SAC Based on Mr. Parvaneh's Believe One or More Issues Can be Resolved

Good morning Jacob,

Thanks for the call yesterday and for confirming that my below email accurately confirms the substance of our August 3 conference and agreement.

Here is our answer to the questions you raised and asked me to get back to you on:

**We do not agree that the Court has already decided the issue this motion presents, but we can narrow it substantially, and we think we can take it off the table.**

On what the Court decided: the ruling on the prior motion addressed a group-pleading challenge, because that was the only challenge Community Brigade made. The Court

said so expressly — "CB's *only* challenge to either theory rests on the same group-pleading argument addressed above, and the Court rejects it for the same reasons," and Count 5 "may therefore proceed to the extent it is based on alleged conversion of LAEPF's physical and digital property." (Doc. 24 at 11.) That resolves who is alleged to have done what. It does not resolve whether particular categories of property are identified with enough specificity to be converted or received, which is what we raise now and did not raise before.

**On what we are not challenging.** To be concrete, Community Brigade does not seek dismissal of the conversion claim as to the property your client actually identifies:

- the Ford F-550 Super Duty outfitted truck (¶ 103);
- the chainsaws and firefighting equipment (¶ 103);
- the at-least-twelve Starlink terminals (¶ 103); and
- the access information and credentials for LAEPF's computer systems, including the Spectora subscription and LAEPF's use of that software (¶ 102).

Those are identified items. Whether Community Brigade took them or is entitled to them is a merits question for discovery, not a pleading question, and we are not asking the Court to touch them.

**On what we are challenging.** Two things, both about open-ended description rather than about the identified items:

1. In ¶ 103, the residual, non-specific category — "multiple items of personal protective and fire response equipment," and the open-ended "including," which leaves the balance of the "physical equipment" undefined.
2. More importantly, Count Six describes the same subject matter differently and far more loosely than ¶¶ 102–103 do. Paragraph 106 alleges "misappropriation of Plaintiff's digital accounts (including social media accounts), services and taking of data," and "efforts to seize control of Plaintiff's assets, including a vehicle and numerous items of personal protective and fire response equipment, and operating funds." Those are not the allegations the Court reviewed. "Assets," "numerous items," and "operating funds" identify nothing, "services" and "taking of data" are not the credentials pleaded in ¶ 102, and an "effort to seize control" of property LAEPF concedes it still owns, maintains, and insures is not a purchase or receipt of stolen property under Penal Code § 496(a).

**What we propose.** If LAEPF will confirm that its conversion and civil theft claims (and flow through UCL and declaratory relief claims) as to physical and digital property are limited to the specific items identified in ¶¶ 102 and 103 — the truck, the chainsaws and firefighting equipment, the Starlink terminals, and the identified access credentials and Spectora access — and that it is not asserting those claims as to unspecified "assets," "operating funds," "multiple" or "numerous items," or "services" and "data" beyond the identified credentials, then we will withdraw items 1 and 2 of our motion. That would

resolve this piece without the Court's involvement, which is what you and Mr. Parvaneh proposed.

If LAEPF is not willing to confirm that, then the dispute is a live one and the Court has not addressed it.

Finally, I have not yet heard your position on the remaining items I identified in my August 4 email — civil theft of reputation, credibility, "government associations," "services," and unspecified "assets," and the derivative UCL and declaratory relief claims based on each. Our reply is due Thursday, so if you can get me a position on any of them today or tomorrow morning I will reflect it accurately in the brief, as I did with the goodwill agreement.

Please call me if it is easier to discuss. My cell is 949-697-2971. Thank you.

Evan Grant, Esq.
WOLF WALLENSTEIN, PC
11400 West Olympic Blvd., Suite 700 | Los Angeles, CA 90064
t +1.310.622.1000 | d +1.424.325.6998 | f +1.310.457.9087
egrant@wolfwallenstein.com | www.wolfwallenstein.com
*The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are notified that any dissemination, distribution, or copying of this message or any attachment is strictly prohibited. If you have received this message in error, please notify the original sender. Nothing contained in this communication shall be used for the purpose of (1) avoiding penalties under the tax codes or (2) promoting, marketing or recommending to another party any tax-related matter[s].*

---

**From:** Evan Grant <egrant@wolfwallenstein.com>
**Date:** Tuesday, August 4, 2026 at 12:07 PM
**To:** Jacob Pace <jpace@madisonlawapc.com>
**Cc:** Crystal Amaro <camaro@madisonlawapc.com>; Ellen Wolf <ewolf@wolfwallenstein.com>; Ali Parvaneh <aparvaneh@madisonlawapc.com>
**Subject:** Re: LAEPF v. Community Brigade - Request to Meet and Confer re Motion to Dismiss SAC Based on Mr. Parvaneh's Believe One or More Issues Can be Resolved

Hi Jacob,

I called you a little while ago to discuss these matters as we agreed yesterday. You were not available, so I left you a voice message to call me back at your earliest convenience and I am now sending this message to try and advance the discussion we will have later.

First, please allow this to confirm the substance of our telephonic meet and confer conference from yesterday, August 3, 2026 at around 4:30 pm.

Based on our meet and confer, you advised me that Plaintiff will agree to withdraw its claim for civil theft of goodwill (6th COA), as well as the derivative UCL (8th COA) and

declaratory relief (9th COA) claims based on theft of goodwill. You agreed defendant could advise the court of the agreement in our reply brief.

You also advised that at this time Plaintiff will proceed with its civil theft of expected donations theory (the donation diversion claim) and the derivative claims, and if the Court grants the motion you will seek leave to amend to plead additional facts.

In addition, you asked me to identify with specificity the other issues we have regarding the specific items for which you are claiming civil theft and derivative claims, and I agreed to do so.

Please let me know immediately if you believe my recollection of our conversation is inaccurate or incomplete in any material respect.

Second, in response to your inquiry, we are also challenging the following based on the same or similar rational as the goodwill theft arguments:

1. Civil theft of expected donations and the derivative claims (we addressed this during our call as indicated above) (See, e.g., SAC ¶¶ 11(b), 54, 72, 83, 93, 104 ["Plaintiff incorporates all preceding paragraphs."], 106 [Defendants' conduct, as described above, constitutes theft or larceny . . . This includes Defendants' conduct in diverting donations to Defendants' benefit in lieu of such donations being received by Plaintiff. . . "], 107, 108, 118, 120, 123);
2. Civil theft of "reputation" and the derivative claims (we did not discuss this specifically during our call); (See, e.g., SAC ¶¶ 104, 106, 107, 108, 118, 120, 123);
3. Civil theft of "credibility" and the derivative claims (we did not discuss this specifically during our call); (See, e.g., SAC ¶¶ 104, 106, 107, 108, 118, 120, 123);
4. Civil theft of "government associations" and the derivative claims (we did not discuss this specifically during our call) (See, e.g., SAC ¶¶ 104, 106, 107, 108, 118, 120, 123);
5. Civil theft of "services" and the derivative claims (we did not discuss this specifically during our call) (See, e.g., SAC ¶ 11(b)); 104, 106, 108, 118, 120, 123); and
6. Civil theft of "assets" generally (which are not specifically identified) and the derivative claims. (See, e.g., 104, 106, 107, 108, 118, 120, 123).

We would request Plaintiff agree to withdraw the claims for civil theft and the derivative claims for each of the above items as you have agreed regarding goodwill. Given that the Court already ruled that donation diversion does not state a claim for diversion, and given your SAC alleges civil theft and alleges that conversion "is essentially co-extensive with claims for Civil Theft," we request Plaintiff reconsider its position on proceeding on the civil theft claim based on anticipated/expected donations or donations made to Defendant Community Brigade.

Please give me a call to discuss at your earliest convenience. Please let me know if you have any questions. Thank you.

Evan Grant, Esq.
WOLF WALLENSTEIN, PC
11400 West Olympic Blvd., Suite 700 | Los Angeles, CA 90064
t +1.310.622.1000 | d +1.424.325.6998 | f +1.310.457.9087
egrant@wolfwallenstein.com | www.wolfwallenstein.com
*The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are notified that any dissemination, distribution, or copying of this message or any attachment is strictly prohibited. If you have received this message in error, please notify the original sender. Nothing contained in this communication shall be used for the purpose of (1) avoiding penalties under the tax codes or (2) promoting, marketing or recommending to another party any tax-related matter[s].*

**From:** Evan Grant <egrant@wolfwallenstein.com>
**Date:** Friday, July 31, 2026 at 3:24 PM
**To:** Jacob Pace <jpace@madisonlawapc.com>; Ali Parvaneh <aparvaneh@madisonlawapc.com>
**Cc:** Crystal Amaro <camaro@madisonlawapc.com>; Ellen Wolf <ewolf@wolfwallenstein.com>
**Subject:** Re: LAEPF v. Community Brigade - Request to Meet and Confer re Motion to Dismiss SAC Based on Mr. Parvaneh's Believe One or More Issues Can be Resolved
Hi Jacob, Monday at 12 noon or any time the rest of the day today or this evening works as well. Looking forward to hearing your ideas as to how we can resolve any of the issues in the motion without court intervention as Mr. Parvaneh believes. If you could jot some of the ideas down on a reply to this email it may help us reach agreement when we talk. My cell is best 949-697-2971. Thanks.

Evan Grant, Esq.
WOLF WALLENSTEIN, PC
11400 West Olympic Blvd., Suite 700 | Los Angeles, CA 90064
t +1.310.622.1000 | d +1.424.325.6998 | f +1.310.457.9087
egrant@wolfwallenstein.com | www.wolfwallenstein.com

*The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are notified that any dissemination, distribution, or copying of this message or any attachment is strictly prohibited. If you have received this message in error, please notify the original sender. Nothing contained in this communication shall be used for the purpose of (1) avoiding penalties under the tax codes or (2) promoting, marketing or recommending to another party any tax-related matter[s].*

**From:** Jacob Pace <jpace@madisonlawapc.com>
**Sent:** Friday, 31 July 2026 15:20:47
**To:** Evan Grant <egrant@wolfwallenstein.com>; Ali Parvaneh <aparvaneh@madisonlawapc.com>
**Cc:** Crystal Amaro <camaro@madisonlawapc.com>; Ellen Wolf <ewolf@wolfwallenstein.com>

**Subject:** RE: LAEPF v. Community Brigade - Request to Meet and Confer re Motion to Dismiss SAC Based on Mr. Parvaneh's Believe One or More Issues Can be Resolved

Hi Evan,

Happy to discuss. What does your schedule look like on Monday (Aug. 3)? Ali and I are largely available for a phone call or videoconference after 11:00am.

Thanks,

Jacob A. Pace | *Attorney at Law*
MADISON LAW, APC
17702 Mitchell N, Irvine, CA 92614
jpace@madisonlawapc.com | madisonlawapc.com
Phone: 949.756.9050 | Fax: 949.756.9060

CONFIDENTIALITY NOTICE: This email and any attachments may contain privileged, confidential, or otherwise legally protected information intended solely for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, please notify the sender immediately by replying to this email and permanently delete the original message and any copies. Any unauthorized review, use, disclosure, or distribution is strictly prohibited and may be unlawful.
*California Debt Collector License Number.: 11617-99/Número de Licencia de Cobrador de Deudas de California: 11617-99*

---

**From:** Evan Grant <egrant@wolfwallenstein.com>
**Sent:** Thursday, July 30, 2026 5:07 PM
**To:** Ali Parvaneh <aparvaneh@madisonlawapc.com>
**Cc:** Crystal Amaro <camaro@madisonlawapc.com>; Ellen Wolf <ewolf@wolfwallenstein.com>; Susanna F. Wiseman <swiseman@madisonlawapc.com>; Jacob Pace <jpace@madisonlawapc.com>
**Subject:** LAEPF v. Community Brigade - Request to Meet and Confer re Motion to Dismiss SAC Based on Mr. Parvaneh's Believe One or More Issues Can be Resolved

Dear Mr. Parvaneh,

I took a quick perusal of your opposition to the motion to dismiss the Second Amended Complaint and was surprised to see your complaints about the lack of a meet and confer and your declaration stating in relevant part, "I believe and based thereon allege that had my office and Defendant CB's counsel engaged in an earnest L.R. 7-3 conference, some of the issues raised in the Motion may have been resolved without this Court's intervention."

We obviously did not think that a further meet and confer would result in any agreements that could be resolved without court intervention since, among other things, you could not further amend the complaint without leave of court and given your prior refusal to remove the legally meritless conversion claims following our meet and confer

that led to your filing of the First Amended Complaint despite our extensive meet and confer and clear case law. In addition, although you were not at the hearing, the Court gave me permission to raise the argument about goodwill, reputation, and these other non-convertible amorphous “rights" on the other claims in a subsequent motion, as can be confirmed by Mr. Wiseman, who appeared at the hearing on behalf of your firm.

Putting that aside, however, in light of your’s stated belief that a meet and confer would likely resolve “some” of the “issues raised in the motion” we would like to invite such a meet and confer now. Please let us know what relief in the motion your client will stipulate to or how you otherwise propose to resolve any of the issues in the motion. I am happy to make myself available to discuss at your earliest availability. I would like to see if any agreements can be reached prior to the Court spending time working up the motion, so we have a few days since the reply is not yet due. I am sure we would both like to avoid the Court unnecessarily working up part or all of the motion.

Accordingly, please let me know your proposal(s) for resolving any of the issues raised in the motion and/or provide your availability to discuss such potential resolutions if nothing comes to mind at this point. Thank you.

Evan Grant, Esq.
WOLF WALLENSTEIN, PC
11400 West Olympic Blvd., Suite 700 | Los Angeles, CA 90064
t +1.310.622.1000 | d +1.424.325.6998 | f +1.310.457.9087
egrant@wolfwallenstein.com | www.wolfwallenstein.com
*The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are notified that any dissemination, distribution, or copying of this message or any attachment is strictly prohibited. If you have received this message in error, please notify the original sender. Nothing contained in this communication shall be used for the purpose of (1) avoiding penalties under the tax codes or (2) promoting, marketing or recommending to another party any tax-related matter[s].*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic notice in this action, including the following counsel for Plaintiff:

Ali Parvaneh (aparvaneh@madisonlawapc.com)
Jacob A. Pace (jpace@madisonlawapc.com)
MADISON LAW, APC
17702 Mitchell North
Irvine, California 92614

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 6, 2026, at Los Angeles, California.

Nicole Carlson

Nicole Carlson