UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-2463-GW-DFMx | Date | August 18, 2026 |
| Title | *Los Angeles Emergency Preparedness Foundation v. Mikke Pierson, et al.* | | |

| | | |
|---|---|---|
| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
| Javier Gonzalez | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**PROCEEDINGS: IN CHAMBERS - TENTATIVE RULING ON DEFENDANT COMMUNITY BRIGADE'S MOTION TO DISMISS PORTIONS OF THE SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) [36]**

Attached is the Court's Tentative Ruling on Defendant's Motion [36] set for hearing on August 20, 2026 at 8:30 a.m.

___ : ___

Initials of Preparer JG

***Los Angeles Emergency Preparedness Foundation v. Mikke Pierson et al***; Case No. 2:26-cv-02463-GW-(DFMx); Tentative Ruling on Motion to Dismiss

Before the Court is Defendant Community Brigade's ("CB's") Motion to Dismiss Portions of the Second Amended Complaint (the "Motion"). *See* Motion, Docket No. 36. The Court has considered the Motion, Plaintiff Los Angeles Emergency Preparedness Foundation's ("LAEPF's") opposition ("Opp," Docket No. 37), and Defendant's reply ("Reply," Docket No. 38). For the reasons stated herein, the Court would **DENY** the Motion.

## I. Background[1]

This action arises out of what Plaintiff LAEPF characterizes as "charity fraud." *See* Second Amended Complaint ("SAC"), Docket No. 28, ¶ 4. LAEPF is a nonprofit founded in 2008 that "concentrates on preparedness and response for disasters such as wildfires, floods, and earthquakes." *Id.* ¶ 21. To that end, LAEPF established a volunteer program called the Community Brigade in May of 2021. *Id.* ¶ 31. LAEPF alleges that former participants in its Community Brigade program formed a separate California nonprofit under the same "Community Brigade" name and used it to divert LAEPF donations and other assets. *Id.* Defendant CB is the entity incorporated by the former participants, who are also defendants individually named in this action.

The background of LAEPF and the alleged scheme is detailed in the Court's prior ruling on CB's Motion to Dismiss LAEPF's First Amended Complaint ("FAC"). *See* MTD Order, Docket No. 24. As relevant to the instant Motion, some of LAEPF's claims rest in part on a "diverted-donations" theory. LAEPF alleges that CB and the individual defendants, holding themselves out as the true "Community Brigade," solicited and received donations to a bank account under that name at LAEPF's banking institution. *See* SAC ¶ 7. According to LAEPF, those donations came from individuals and entities attempting to support LAEPF's Community Brigade and would have gone to LAEPF, but for the alleged impersonation. *See id.* ¶ 54.

On March 6, 2026, LAEPF filed this action against Defendants CB, five individuals, and Does 1-50, inclusive, asserting nine causes of action: (1) trademark infringement under 15 U.S.C.

[1] For the purposes of this Motion, the Court accepts all well-pleaded factual allegations in the operative complaint as true. *See Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 195 (2024).

§ 1114; (2) false advertising under 15 U.S.C. § 1125(a); (3) common law trademark infringement; (4) civil computer crimes under Cal. Penal Code § 502; (5) conversion; (6) civil theft under Cal. Penal Code § 496; (7) breach of contract; (8) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*.; and (9) declaratory relief. *See generally* Docket No. 1. On May 14, 2026, LAEPF filed the FAC, asserting the same nine claims. *See* FAC, Docket No. 15. On July 8, 2026, after the Court ruled on CB's first motion to dismiss, LAEPF filed the operative SAC. *See* SAC. CB is named as a defendant on all claims except for Count 7 for breach of contract. *Id.* On July 22, 2026, CB filed the instant Motion, seeking dismissal of portions of four of LAEPF's causes of action.

## II. <u>Legal Standard</u>

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed under Rule 12(b)(6) for one of two reasons: (1) it lacks a cognizable legal theory; or (2) it alleges insufficient facts to support a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) ("Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The court must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded allegations of material facts as true, and draw all reasonable inferences from well-pled factual allegations. *Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002). The court is not required, however, to accept as true legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. <u>Discussion</u>

CB argues that the Court should dismiss four of LAEPF's claims only in part. Specifically, CB seeks dismissal of (1) Count 5 for conversion insofar as it is predicated on the conversion of unspecified assets; (2) Count 6, which alleges civil theft under Cal. Penal Code § 496, insofar as it is predicated on theft of unspecified assets or the diversion of third-party donations; (3) Count

8, alleging violations of the UCL, also insofar as it relies on diverted-donation theories; and (4) Count 9 for declaratory relief insofar as it seeks a declaration that LAEPF owns diverted donations.[2] *See generally* Motion.

As an initial matter, the Court addresses LAEPF's argument that CB failed to comply with Local Rule 7-3 when filing the Motion, and as such, the Court should decline to consider the Motion. *See* Opp. 5-6. Local Rule 7-3 requires that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3. This conference shall take place at least seven days prior to the filing of the motion. *Id.* If the parties are unable to reach a resolution, counsel for the moving party must include in the notice of motion the following statement: "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)." *Id.* The purpose of Local Rule 7-3 is to help parties "reach a resolution [and] eliminate[] the necessity for a hearing," which in turn promotes judicial economy and the administration of justice. *See James R. Glidewell Dental Ceramics, Inc. v. Philadelphia Indem. Ins. Co.*, No. 8:16-cv-01155-JLS-(Ex), 2016 WL 9223782, at *1 (C.D. Cal. Sept. 12, 2016).

CB did not comply with Local Rule 7-3. In CB's notice of motion, it stated: "This Motion is made following the conference of counsel required by Local Rule 7-3, which took place on July 22, 2026" – the same day CB filed the Motion. *See* Motion at 3. Additionally, the "conference" alluded to in the notice of motion was "an e-mail just a few hours before filing" the Motion. *See* Opp. at 6; Declaration of Ellen K. Wolf ("Wolf Decl."), Docket No. 36-1, Ex. A. This is not sufficient under Local Rule 7-3, regardless of whether the parties met and conferred regarding a prior motion to dismiss. CB further explains that on August 4, 2026, after LAEPF had filed its opposition, the parties met and conferred on the Motion. *See* Reply at 6. Although the parties came to an agreement at the meeting regarding some issues that narrow the scope of the instant Motion, this is far too late under Local Rule 7-3. *See id.*; C.D. Cal. L.R. 7-3. The Court, in its discretion, will nonetheless consider the Motion on the merits. Moving forward, however, the Court reminds CB's counsel that failure to comply with the local rules is a proper ground for an adverse treatment of the proffered motion. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

---

[2] CB's Motion additionally requests dismissal of Count 6 (civil theft) and Count 8 (UCL) insofar as they rely on the theory that CB misappropriated LAEPF's business goodwill. *See* Motion at 2. Upon meeting and conferring after LAEPF filed its opposition, LAEPF has agreed to withdraw its goodwill theory from those claims. *See* Reply at 6-7. The Motion is denied as MOOT as to arguments against LAEPF's withdrawn goodwill theory.

Because none of CB's arguments for dismissal dispose of any of LAEPF's claims in their entirety, the Court would DENY the Motion. CB seeks dismissal of four of LAEPF's claims only as to certain theories within those claims. "This Court does not typically 'dismiss' theories, or parts of claims in connection with a Rule 12(b)(6) motion." *Alcon Ent., LLC v. Tesla, Inc.*, No. 24-cv-09033-GW-(RAOx), 2025 U.S. Dist. LEXIS 66291, *30 (2025); *see also Franklin v. Midwest Recovery Sys., LLC*, 18-cv-02085-JLS-(DFMx), 2020 WL 3213676, at *1 (C.D. Cal. Mar. 9, 2020) (explaining that Rule 12(b)(6) "does not provide a mechanism for dismissing only a portion of a claim" and collecting cases). Notwithstanding this, the Court recognizes that in ruling on CB's motion to dismiss LAEPF's FAC, it weighed in on whether, as a matter of law, LAEPF could base Count 5 for conversion on the conversion of certain intangible property. *See* MTD Order at 11-13. The Court's order, however, did not dismiss Count 5 as a claim; it merely clarified the viable basis on which Count 5 could proceed. The claim remained pending because LAEPF sufficiently based the claim on the conversion of physical and digital property, in addition to the intangible property theories rejected by the Court. CB now seeks to extend that limited analysis to piecemeal adjudication of portions of four otherwise surviving claims, and the Court declines to do so. CB's arguments are better suited for a motion for partial summary judgment.

Each of the claims challenged in this Motion rests on a plausible basis independent from the issues raised in the Motion. First, as noted above, the Court has already concluded that Count 5 for conversion adequately rests on allegations of converted property. To state a claim for conversion, a plaintiff must allege the following elements: (1) ownership or right to possession of the property; (2) wrongful disposition of the property right; and (3) damages. *Kremen v. Cohen*, 337 F.3d 1024, 1029 (9th Cir. 2003). The Court previously held that "the FAC sufficiently alleges conversion of LAEPF's physical and digital property. As to the physical property theory, the FAC alleges that Defendants took and used property belonging to LAEPF, including a Ford F-550 Super Duty outfitted truck, protective and fire-response equipment, and at least twelve Starlink terminals. *See* FAC ¶ 107. Additionally, LAEPF alleges that Defendants used LAEPF's digital property in the form of access information, credentials, digital files, templates, and login information. *Id.* ¶¶ 5, 106." LAEPF has not materially changed its pleading with respect to the conversion of physical and digital property. *See generally* SAC. Therefore, the Court would again conclude that these alleged facts are sufficient to state a claim for conversion. That LAEPF also alleges the conversion of unspecified assets in Count 5 does not defeat the claim because it is plausibly based on the

identified physical and digital property discussed above; moreover, the SAC alleges "enough fact to raise a reasonable expectation that discovery will reveal" more specific evidence of additional converted assets. *See Twombly*, 550 U.S. at 556 (2007).

Next, the Court would find that Count 6, which alleges theft of property under Cal. Penal Code § 496, survives irrespective of CB's arguments that LAEPF cannot rely on the theft of unspecified assets or the diversion of third-party donations to plead a claim under § 496. Subsection (a) of Cal. Penal Code § 496 defines the criminal offense of receiving stolen property, which includes the theft of property by false pretenses, and subsection (c) provides civil remedies for any person injured by a violation of subsection (a). Cal. Penal Code § 496; *Siry Inv., L.P. v. Farkhondehpour*, 13 Cal. 5th 333, 361-62 (2022). As outlined above, LAEPF alleges the theft of physical and digital property, including but not limited to a Ford F-550, at least twelve Starlink terminals, and numerous digital assets. In addition, LAEPF alleges that CB violated § 496(a) by targeting LAEPF's donors and fraudulently inducing those donors to provide CB donations that would have gone to LAEPF. Because Count 6 independently rests on the theft of physical and digital property, the Court need not address whether Cal. Penal Code § 496 permits LAEPF's diverted-donations theory or whether LAEPF pleaded its diverted-donation theory with particularity under Federal Rule of Civil Procedure 9(b). *See* Motion at 8-9. Further, as explained for Count 5, the allegations that CB stole or withheld unspecified assets belonging to LAEPF do not render the claim under Cal. Penal Code § 496 implausible.

The Court would also conclude that CB has not sufficiently argued for dismissal of Count 8, which alleges violations of the UCL. CB argues that the Court should dismiss LAEPF's UCL claim insofar as it borrows diverted-donation theories. To state a claim under the UCL, a plaintiff must "establish that the practice is either unlawful (*i.e.*, is forbidden by law), unfair (*i.e.*, harm to victim outweighs any benefit) or fraudulent (*i.e.*, is likely to deceive members of the public)." *Albillo v. Intermodal Container Servs., Inc.*, 114 Cal. App. 4th 190, 206 (2003) (citations omitted). The Court has already held that because "LAEPF's trademark-related claims are sufficient to survive CB's motion to dismiss, the Court would likewise find that LAEPF's derivative UCL claims are also sufficient." *See* MTD Order at 15. The Court declines to dismiss LAEPF's UCL claim only in part, where it adequately rests on other grounds. *See, e.g.*, *MachiningCloud, Inc. v. Kennametal Inc.*, No. 2:25-cv-02158-SB-(AJRx), 2025 WL 2020060, at *5 (C.D. Cal. June 30, 2025) (declining to dismiss UCL claim as to only the "unlawful" prong where plaintiff sufficiently

alleged UCL claim under the "fraudulent" prong).

Finally, CB argues that the Court should dismiss Count 9 for declaratory relief insofar as it seeks a declaration that LAEPF owns diverted donations. *See* Motion at 23. Because this argument would not dispose of the entire claim for declaratory relief, the Court need not entertain it. Count 9 presents a broader dispute that is not eliminated at the pleading stage merely because CB disputes one component of the requested declaration. The scope of any declaration can be narrowed at judgment.

## IV. Conclusion

Based on the foregoing discussion, the Court would **DENY** CB's Motion to Dismiss.